IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GULSTAN E. SILVA, JR., as Personal Representative of the Estate of Sheldon Paul Haleck; JESSICA Y. HALECK, Individually and as Guardian Ad Litem of Jeremiah M.V. Haleck; WILLIAM E. HALECK; VERDELL B. HALECK, | ) ) ) ) ) ) ) ) | CIV. NO. 15-00436 HG-KJM |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU; LOUIS M. KEALOHA, Individually and in his official capacity; CHRISTOPHER CHUNG; SAMANTHA CRITCHLOW; STEPHEN KARDASH; CHAD SANO; REYNWOOD MAKISHI; FRANK POJSL; JOHN AND/OR JANE DOES 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

_____
_

**ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO, REYNWOOD MAKISHI AND FRANK POJSL (ECF No. 174)**

**and**

**GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 173)**

Plaintiffs seek to voluntarily dismiss their claims

against three of the Honolulu police officers named in their

1

First Amended Complaint.  Plaintiffs also seek to voluntarily dismiss their claims against Defendant Louis M. Kealoha in his official capacity as former police chief of the Honolulu Police Department.  Plaintiffs assert that they wish to proceed on their claims against Defendant Kealoha in his individual capacity.

In addition to their motion for voluntary dismissal, Plaintiffs seek leave to file a Second Amended Complaint. Plaintiffs' Second Amended Complaint omits the claims against the Defendants they wish to voluntarily dismiss and it adds allegations based on information they recently obtained in discovery.

Plaintiffs' Motion to Dismiss Defendants Louis M. Kealoha, in his official capacity, Chad Sano, Reynwood Makishi, and Frank Pojsl (ECF No. 174) is **GRANTED, IN PART, AND DENIED, IN PART**.

Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 173) is **GRANTED**.

## PROCEDURAL HISTORY

On October 20, 2015, Plaintiffs filed a Complaint.  (ECF No. 1).

On the same date, Plaintiff Jessica Y. Haleck filed an Ex

Parte Motion for Appointment of Guardian Ad Litem.  (ECF No. 3).

On November 23, 2015, the Magistrate Judge issued an Order Appointing Jessica Y. Haleck as Guardian Ad Litem for Jeremiah M.V. Haleck.  (ECF No. 11).

On March 29, 2016, Plaintiffs filed a FIRST AMENDED COMPLAINT.  (ECF No. 31).

On January 4, 2017, Plaintiffs, Defendant City and County of Honolulu, Defendant Louis M. Kealoha, and Defendants Christopher Chung, Samantha Critchlow, Stephen Kardash, Chad Sano, Reynwood Makishi, and Frank Pojsl filed Motions for Summary Judgment.  (ECF Nos. 127, 131, 134, 138).

On January 20, 2017, the Parties filed their Oppositions to the Motions for Summary Judgment.  (ECF Nos. 152, 154, 160).

On February 2, 2017, the Parties filed their Replies to the Oppositions to the Motions for Summary Judgment.  (ECF Nos. 167, 168, 169, 170).

On February 15, 2017, Plaintiffs filed PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.  (ECF No. 173).

Also on February 15, 2017, Plaintiffs filed PLAINTIFFS' MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO, REYNWOOD MAKISHI, AND FRANK POJSL.  (ECF

No. 174).

On the same date, Plaintiffs filed PLAINTIFFS' EX PARTE MOTION TO SHORTEN TIME FOR HEARING (1) MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO, REYNWOOD MAKISHI, AND FRANK POJSL AND (2) MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.  (ECF No. 175).

On February 16, 2017, the Court issued a Minute Order granting Plaintiffs' Motion to Shorten Time and issued a briefing schedule as to Plaintiffs' Motion to Dismiss and their Motion to File Second Amended Complaint.  (ECF No. 177).

On February 16, 2017, the Court issued the Parties' STIPULATION FOR PARTIAL DISMISSAL WITHOUT PREJUDICE OF ALL CLAIMS AGAINST DEFENDANT DONNA Y.L. LEONG AND ORDER.  (ECF No. 176).

On February 23, 2017, Defendant Louis M. Kealoha filed DEFENDANT LOUIS M. KEALOHA'S POSITION STATEMENT REGARDING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO, REYNWOOD MAKISHI, AND FRANK POJSL (ECF No. 178).

On the same date Defendant Louis M. Kealoha filed DEFENDANT LOUIS M. KEALOHA'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT. (ECF No. 179).

4

Also on February 23, 2017, Defendants City and County of
Honolulu, Christopher Chung, Samantha Critchlow, and Stephen
Kardash filed DEFENDANTS CITY AND COUNTY OF HONOLULU,
CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW AND STEPHEN KARDASH'S
STATEMENT OF NO OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD
SANO, REYNWOOD MAKISHI AND FRANK POJSL.  (ECF No. 180).

On the same date, Defendants Chad Sano, Reynwood Makishi,
and Frank Pojsl filed DEFENDANTS CHAD SANO, REYNWOOD MAKISHI
AND FRANK POJSL'S POSITION STATMENT TO PLAINTIFFS' MOTION TO
DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY,
CHAD SANO, REYNWOOD MAKISHI AND FRANK POJSL.  (ECF No. 181).

Also on February 23, 2017, Defendants City and County of
Honolulu, Christopher Chung, Samantha Critchlow, Stephen
Kardash, Chad Sano, Reynwood Makishi, and Frank Pojsl filed
DEFENDANTS CITY AND COUNTY OF HONOLULU, CHRISTOPHER CHUNG,
SAMANTHA CRITCHLOW, STEPHEN KARDASH, CHAD SANO, REYNWOOD
MAKISHI AND FRANK POJSL'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.
(ECF No. 182).

On February 28, 2017, Plaintiffs filed PLAINTIFFS' REPLY
MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT (ECF No. 183) and PLAINTIFFS' REPLY

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO, REYNWOOD MAKISHI, AND FRANK POJSL.  (ECF No. 184).

On March 7, 2017, the Court held a hearing on Plaintiffs' Motion to Dismiss Defendants Louis M. Kealoha, in his official capacity, Chad Sano, Reynwood Makishi, and Frank Pojsl (ECF No. 174), and Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 173).

The Court granted, in part, and denied, in part, Plaintiffs' Motion to Dismiss (ECF No. 174).  The Court granted Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 173).

This written order sets forth the Court's basis for the oral orders rendered at the hearing on March 7, 2017.

## BACKGROUND

Plaintiffs are relatives of Sheldon Paul Haleck ("Haleck").  (First Amended Complaint at ¶¶ 8-12, ECF No. 31). Plaintiffs' action contains federal and state law claims against the City and County of Honolulu, the former Honolulu police chief Louis M. Kealoha, and various Honolulu police officers arising out of a March 16, 2015 incident involving Haleck.  (Id. at pp. 3-22).

6

Plaintiffs allege that on March 16, 2015, at or about 8:16 p.m., Haleck was walking near the intersection of South King Street and Richards Street in Honolulu, Hawaii. (Id. at ¶ 23). Plaintiffs claim Honolulu Police Officers Christopher Chung ("Officer Chung") and Samantha Critchlow ("Officer Critchlow") arrived at the scene for unknown reasons and confronted Haleck. (Id. at ¶ 24). Plaintiffs assert that Officer Chung deployed his Taser striking Haleck multiple times. (Id. at ¶¶ 25-28).

Plaintiffs' First Amended Complaint alleges that additional Honolulu Police Officers Stephen Kardash ("Officer Kardash"), Chad Sano ("Officer Sano"), Reynwood Makishi ("Officer Makishi") and Frank Pojsl ("Officer Pojsl") arrived on the scene and physically assaulted Haleck and dragged him along the road to the sidewalk. (Id. at ¶¶ 30, 33).

Plaintiffs claim that Haleck was arrested for disorderly conduct at or about 8:30 p.m., but sometime after 8:50 p.m., he went into distress and was transported to Queen's Medical Center. (Id. at ¶¶ 40-41). Plaintiffs allege that the following morning at 7:33 a.m., on March 17, 2015, Haleck died as a result of his altercation with police officers. (Id. at ¶ 42).

Plaintiffs filed a First Amended Complaint that has

7

counts numbered up to ten, but actually only states eight causes of action.  (Id. at pp. 12-22).  Two numbers are skipped.

## STANDARD OF REVIEW

### Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, to dismiss an action without prejudice.  The rule provides in pertinent part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

> Fed. R. Civ. P. 41(a)(2).

The decision to grant voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) rests within the sound discretion of the District Court.  Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989).

The Ninth Circuit Court of Appeals has instructed that a "district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

**Motion to Amend Complaint**

**Fed. R. Civ. P. 16(b)(4)**

A plaintiff that seeks leave to amend his or her complaint after the deadline for filing such a motion has passed must first establish that there is good cause to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4).  In re Western States Wholesale, 715 F.3d 716, 737 (9th Cir. 2013); Siliga v. Deutsche Bank Nat. Trust Co., 637 Fed. Appx. 438, 440 (9th Cir. 2016).

Rule 16(b)(4) provides that a scheduling order may be amended only "for good cause."  Fed. R. Civ. P. 16(b)(4). Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment, the Rule 16(b)(4) good cause standard primarily considers the diligence of the party seeking the amendment.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

**Fed. R. Civ. P. 15(a)**

If a plaintiff establishes good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4), the plaintiff must also meet the standard to allow him to amend the complaint set forth in Fed. R. Civ. P. 15(a).

A party may amend its pleading before trial with the

9

opposing party's consent or the court's leave pursuant to Fed.
R. Civ. P. 15(a).   The rule states that the court should
freely give the plaintiff leave to amend the complaint when
justice so requires.   Fed. R. Civ. P. 15(a)(2).   Courts
consider bad faith, dilatory motive on the movant's part,
undue delay, prejudice to the opposing party, and futility in
reviewing a plaintiff's request to amend the complaint under
Rule 15(a).   <u>In re Morris</u>, 363 F.3d 891, 894 (9th Cir. 2004).

<u>ANALYSIS</u>

I.   **Plaintiffs' Motion to Dismiss Defendants Louis M.
     Kealoha, in His Official Capacity, Chad Sano, Reynwood
     Makishi, and Frank Pojsl**

    A.   **Voluntary Dismissal of Defendant Officers Sano,
     Makishi, and Pojsl**

Plaintiffs seek voluntary dismissal of all of their
claims against Defendant Officers Chad Sano, Reynwood Makishi,
Frank Pojsl pursuant to Fed. R. Civ. P. 41(a)(2).

None of the Parties object to the dismissal of
Plaintiffs' claims against Defendant Officers Sano, Makishi,
and Pojsl.   (Officers Statement of No Opposition, ECF No. 181;
City and County's Statement of No Opposition, ECF No. 180;
Defendant Kealoha's Statement Regarding Plaintiffs' Motion to
Dismiss at p. 5, ECF No. 178).

There is no evidence that any of the Parties will suffer

10

plain legal prejudice if Officers Sano, Makishi, and Pojsl are dismissed.  Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).

Plaintiffs' Motion to Dismiss (ECF No. 174) is **GRANTED** as to all claims against Defendant Officers Chad Sano, Reynwood Makishi, and Frank Pojsl.

### B.   Voluntary Dismissal of Plaintiffs' Claims Against Defendant Louis M. Kealoha in His Official Capacity

Plaintiffs seek voluntary dismissal of only their claims against Defendant Louis M. Kealoha in his official capacity as former chief of the Honolulu Police Department pursuant to Fed. R. Civ. P. 41(a)(2).  Plaintiffs do not seek to dismiss their claims against Defendant Kealoha in his individual capacity.

Defendant Kealoha opposes Plaintiffs' Motion and argues that dismissal should only be granted if all claims against Defendant Kealoha in both his official and individual capacities are dismissed.  (Def. Kealoha's Regarding Plaintiffs' Motion to Dismiss at pp. 5-7, ECF No. 178).

A plaintiff wishing to eliminate some but not all of the claims against a defendant must amend the complaint pursuant to Fed. R. Civ. P. 15(a).  A plaintiff may not dismiss partial

claims against a defendant pursuant to Fed. R. Civ. P. 41(a).
<u>Ethridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1392 (9th
Cir. 1988); <u>Moore's Fed. Practice</u> § 41.21[2] (3d ed.).

Rule 41(a)(2) states that "an **action** may be dismissed at
the plaintiff's request only by court order, on terms that the
court considers proper." Fed. R. Civ. P. 41(a)(2) (emphasis
added). Courts have held that the language in Rule 41(a)
requires the dismissal of an entire "action" against a single
defendant. The use of the term "action" in the rule precludes
the dismissal of only one of several claims against a
defendant. <u>U.S. v. Outboard Marine Corp.</u>, 104 F.R.D. 405, 414
(N.D. Ill. 1984); <u>Smith, Kline and French Labs. v. A.H. Robins
Co.</u>, 61 F.R.D. 24, 28-29 (E.D. Penn. 1973).

Plaintiffs' Motion to Dismiss (ECF No. 174) is **DENIED** as
to their request to dismiss only their claims against
Defendant Kealoha in his official capacity.

Even though Plaintiffs may not unilaterally dismiss a
single claim from a multi-claim complaint against a defendant
pursuant to Fed. R. Civ. P. 41(a), Plaintiffs may seek leave
to amend their Complaint pursuant to Federal Rules of Civil
Procedure 15 and 16.

## II.  Plaintiffs' Motion for Leave to File Second Amended Complaint

Federal Rule of Civil Procedure 15(a) is the appropriate mechanism to eliminate one of several claims against a particular defendant.  <u>Ethridge</u>, 861 F.2d at 1392.

Here, the deadline for filing Motions to Amend the Pleadings pursuant to Fed. R. Civ. P. 15(a) has passed.  The Scheduling Order set the deadline for filing of a motion to amend pleadings on or before July 15, 2016.  (Rule 16 Scheduling Order at p. 2, ECF No. 29; Amended Scheduling Order at p. 4, ECF No. 74).  Plaintiffs filed their Motion for Leave to File the Second Amended Complaint on February 15, 2017, seven months after the Rule 16 deadline.  (Pla.'s Motion, ECF No. 173).

Plaintiffs must first demonstrate good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b) before the Court may evaluate if amendment is appropriate pursuant to Fed. R. Civ. P. 15(a).  <u>In re Western States Wholesale</u>, 715 F.3d 716, 737 (9th Cir. 2013).

**A.  Rule 16(b)**

The Rule 16(b) good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order. <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir.

13

2002).  The pretrial schedule may be modified if the deadline could not have been reasonably met despite the diligence of the party seeking the extension.  Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)) (internal quotation marks and citations omitted).

The Court finds the Plaintiffs have established good cause pursuant to Fed. R. Civ. P. 16(b)(4).  Plaintiffs assert that they are seeking to amend their complaint based on facts uncovered during discovery.  Plaintiffs' Attorney states that they have diligently engaged in the discovery process and received discovery from the Defendants as recently as January 31, 2017.  (Delcaration of Eric A. Seitz at ¶¶ 5, 7, ECF No. 173-1).

Courts have routinely found that newly discovered facts in discovery provides good cause to amend.  Neighborhood Assistance Corp. of Am. v. First One Lending Corp., 2013 WL 44567, *1 (C.D. Cal. Jan. 3, 2013) (citing Nucal Foods, Inc. v. Quality Egg LLC, 2012 WL 260078, *4, *5 (E.D. Cal. Jan. 27, 2012).

Although Plaintiffs could have been more diligent in seeking amendment, Plaintiffs have demonstrated the requisite good cause as required to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4).

**B.   Rule 15(a)**

Plaintiffs must demonstrate that leave to amend their complaint is warranted pursuant to Federal Rule of Civil Procedure 15(a).  Rule 15(a) policy favors amendment and is applied liberally in the Ninth Circuit.  <u>Johnson</u>, 975 F.2d at 607.  The Rule provides that permission to amend "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  <u>Id.</u>

Plaintiffs state that they seek to make the following amendments to their First Amended Complaint:

1.   Include allegations concerning the use of Oleoresin capsicum spray by Defendants Chung, Critchlow, and Kardash;

2.   Identify the number of times Defendant Chung deployed his Taser;

3.   Include the failure of Defendant City and County of Honolulu to conduct any formal reviews, investigations, disciplinary proceedings and/or restraining related to the use of OC spray and/or physical force by Honolulu Police Department officers; and,

4.   To remove Officer Makishi, Officer Sano, and Officer Pojsl as Defendants.

(Delcaration of Eric A. Seitz at ¶ 11, ECF No. 173-1).

Here, the Court finds that amendment is warranted. Plaintiffs state that they were only able to identify their

need to amend after receiving further discovery in January
2017 and after deposing the six individual Officers between
October 25, 2016 and November 6, 2016.  (Reply at p. 8, ECF
No. 183).  Plaintiffs state that the Officers' depositions
allowed them "to identify the number of times OC spray was
used, the number of times Defendant Chung deployed his Taser,
and Defendant City and County of Honolulu's failure to
formally investigate, review, or retrain Defendant officers
related to the use of OC spray and/or physical force by
Honolulu Police Department officers."  (Id.)

Defendants claim that amending the complaint causes them
prejudice and undue burden.  Defendants have not made such a
showing.  The Second Amended Complaint does not state any new
causes of action.  Plaintiffs' proposed Second Amended
Complaint states facts with more precision but it does not add
any additional parties and does not appear to state any events
of which the Defendants were unaware.

The fact that the Parties are required to file amendments
to their briefing on the Motions for Summary Judgment is
insufficient to demonstrate prejudice.  The fact that
additional discovery may also be required is also insufficient
to demonstrate prejudice.  Nucal Foods, Inc., 2012 WL 260078,
*6 (citing Gonzalez v. Comcast Corp., 2011 WL 1833118, *7

16

(E.D. Cal. May 13, 2011)).  The discovery deadline has not yet passed and Defendants have not demonstrated that further discovery would result in unfair prejudice.  <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1999); <u>United States v. Webb</u>, 655 F.2d 977, 980 (9th Cir. 1981).

Defendants also assert Plaintiffs' Motion seeking leave to amend is futile.  Defendants' arguments are not supported by the record.  The proposed amended facts pertaining to the Officers' use of the OC spray and the number of times the Taser was deployed is relevant to the merits of Plaintiffs' case.  <u>Metzler Contracting Co. LLC v. Stephens</u>, 2009 WL 1046666, *4 (D. Haw. April 17, 2009) (explaining that amendment is only futile when no set of facts under the amendment would constitute a valid and sufficient claim); <u>Mattos v. Agarano</u>, 661 F.3d 433, 449 (9th Cir. 2011) (evaluating excessive force claim involving the use of a Taser in dart mode).

Plaintiffs' Motion for Leave to File their Second Amended Complaint (ECF No. 173) is **GRANTED**.

<u>**CONCLUSION**</u>

PLAINTIFFS' MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO, REYNWOOD MAKISHI, AND FRANK POJSL (ECF No. 174) is **GRANTED, IN PART, AND DENIED, IN PART**.

Plaintiffs' Motion to Dismiss (ECF No. 174) as to Defendants Chad Sano, Reynwood Makishi, and Frank Pojsl is **GRANTED**.

Plaintiffs' Motion to Dismiss (ECF No. 174) as to Defendant Louis M. Kealoha is **DENIED**.

PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 173) is **GRANTED**.

Plaintiffs' Second Amended Complaint shall be filed on or before 4:00 p.m., on Monday, March 13, 2017.

//

//

//

//

Plaintiffs' Second Amended Complaint shall include accurate numbering of their causes of action.

IT IS SO ORDERED.

DATED: March 14, 2017, Honolulu, Hawaii.

_Helen Gillmor_
Helen Gillmor
United States District Judge

Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Pauk Haleck; Jessica Y. Haleck, Individually and as Guardian Ad Litem of Jeremiah M.V. Haleck; William E. Haleck; Verdell B. Haleck v. City and County of Honolulu; Louis M. Kealoha, Individually and in his Official Capacity; Christopher Chung; Samantha Critchlow; Stephen Kardash; Chad Sano; Reynwood Makishi; Frank Pojsl; John and/or Jane Does 1-10, Civ. No. 15-00436 HG-KJM; **ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO, REYNWOOD MAKISHI AND FRANK POJSL (ECF No. 174) and GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 173)**