IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GULSTAN E. SILVA, JR., as ) <br> Personal Representative of the ) <br> Estate of Sheldon Paul Haleck; ) <br> JESSICA Y. HALECK, Individually ) <br> and as Guardian Ad Litem of ) <br> Jeremiah M.V. Haleck; WILLIAM ) <br> E. HALECK; VERDELL B. HALECK, ) <br> ) <br>            Plaintiffs, ) <br> ) <br>       vs. ) <br> ) <br> CITY AND COUNTY OF HONOLULU; ) <br> LOUIS M. KEALOHA, Individually; ) <br> CHRISTOPHER CHUNG; SAMANTHA ) <br> CRITCHLOW; STEPHEN KARDASH, ) <br> ) <br>           Defendants. ) <br> ) | CIV. NO. 15-00436 HG-KJM |

**ORDER GRANTING DEFENDANT LOUIS M. KEALOHA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 193)**

**and**

**DENYING PLAINTIFFS' AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE LIABILITY OF DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, STEPHEN KARDASH, LOUIS M. KEALOHA, AND CITY AND COUNTY OF HONOLULU FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS (ECF No. 195)**

**and**

**GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF No. 199)**

**and**

**GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF No. 200)**

1

Plaintiffs filed a Second Amended Complaint against the City and County of Honolulu, former Honolulu police chief Louis Kealoha, and Honolulu police officers Christopher Chung, Samantha Critchlow, and Stephen Kardash relating to a March 16, 2015 incident involving Sheldon Paul Haleck.

Plaintiffs claim the Honolulu police officers seized Sheldon Paul Haleck and used excess force when they arrested him for disorderly conduct.  Plaintiffs assert that the Honolulu police officers used pepper spray and a Taser multiple times against Sheldon Paul Haleck.  He died following his arrest.

Plaintiffs allege constitutional violations and state law claims against the City and County of Honolulu, the former police chief, and the Honolulu police officers who seized and arrested Haleck.

There are four motions for summary judgment filed by the Parties.

**1.    Defendant Louis M. Kealoha's Motion for Summary Judgment (ECF No. 193)**

Defendant Louis M. Kealoha filed a Motion for Summary Judgment on all claims against him.

First, Defendant Kealoha seeks summary judgment as to Plaintiffs' third cause of action.  The cause of action includes a Section 1983 claim against Defendant Kealoha in his individual capacity for failure to supervise, failure to discipline, and

ratification of the police officers' actions as stated in the
Third Cause of Action.

Second, Defendant Kealoha moves for summary judgment as to
the Eighth Cause of Action for interference with civil rights.

Defendant Louis M. Kealoha's Motion for Summary Judgment
(ECF No. 193) is **GRANTED.**

## 2. Plaintiffs' Amended Motion for Summary Judgment (ECF No. 195)

Plaintiffs filed an Amended Motion for Partial Summary
Judgment as to the liability of Defendants City and County of
Honolulu, Louis M. Kealoha, Christopher Chung, Samantha
Critchlow, and Stephen Kardash for alleged constitutional
violations pursuant to Section 1983 as stated in the First,
Second, and Third Causes of Action.

Plaintiffs' Amended Motion for Partial Summary Judgment (ECF
No. 195) is **DENIED.**

## 3. Defendant City and County of Honolulu's Amended Motion for Summary Judgment (ECF No. 199)

Defendant City and County of Honolulu filed an Amended
Motion for Summary Judgment as to Plaintiffs' Third Cause of
Action for Section 1983 municipal liability.  Defendant City and
County also seeks summary judgment in its favor as to Plaintiffs'
Eighth Cause of Action for interference with civil rights.

Defendant City and County of Honolulu's Amended Motion for Summary Judgment (ECF No. 199) is **GRANTED.**

4. **Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash's Amended Motion for Summary Judgment (ECF No. 200)**

Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash filed an Amended Motion for Summary Judgment as to Plaintiffs' constitutional and state law claims against them stated in the First, Second, Fourth, Fifth, Sixth, and Seventh Causes of Action. The Defendant police officers assert that they did not violate Haleck's constitutional rights and are otherwise entitled to qualified immunity. The Defendant officers argue they are entitled to a conditional privilege as to the Plaintiffs' state law claims.

Defendant Honolulu Police Officers' Amended Motion for Summary Judgment (ECF No. 200) is **GRANTED, IN PART, AND DENIED, IN PART.**

As to the Causes of Action stated in the Second Amended Complaint:

The Court **GRANTS** Summary Judgment for the respective Defendants as to the Causes of Action 2 through 8.

**The only Cause of Action remaining is as follows:**

The First Cause of Action for Excessive Force in Violation of the Fourth Amendment to the United States Constitution Pursuant to 42 U.S.C. § 1983 stated by Plaintiff Gulstan E.

4

Silva, Jr., as Personal Representative of the Estate of
Sheldon Paul Haleck, against Defendants Christopher Chung,
Samantha Critchlow, and Stephen Kardash in their individual
capacities.

There are no remaining claims by Plaintiffs Jessica Y.
Haleck, for herself and as Guardian Ad Litem for Jeremiah M.V.
Haleck, William E. Haleck, and Verdell B. Haleck.

**The only remaining Plaintiff is Gulstan E. Silva, Jr., as
Personal Representative of the Estate of Sheldon Paul Haleck.**

There are no remaining claims against Defendant City and
County of Honolulu and Defendant Louis M. Kealoha.

**The only remaining Defendants are Christopher Chung,
Samantha Critchlow, and Stephen Kardash.**

## PROCEDURAL HISTORY

On October 20, 2015, Plaintiffs filed a Complaint.  (ECF No.
1).

On the same date, Plaintiff Jessica Y. Haleck filed an Ex
Parte Motion for Appointment of Guardian Ad Litem.  (ECF No. 3).

On November 23, 2015, the Magistrate Judge issued an Order
Appointing Jessica Y. Haleck as Guardian Ad Litem for Jeremiah
M.V. Haleck.  (ECF No. 11).

On March 29, 2016, Plaintiffs filed a FIRST AMENDED
COMPLAINT.  (ECF No. 31).

On January 4, 2017, Defendant Louis M. Kealoha, Defendant

City and County of Honolulu, and Defendants Christopher Chung,

Samantha, Critchlow, Stephen Kardash, Chad Sano, Reynwood

Makishi, and Frank Pojsl filed Motions for Summary Judgment and

Concise Statements of Facts.  (ECF Nos. 126, 127, 134, 136, 137,

138).

On the same date, Plaintiffs filed a Motion for Partial

Summary Judgment and a Concise Statement of Facts.  (ECF Nos.

131, 132).

On January 4, 2017, Plaintiffs filed a Motion to Seal

Documents (ECF No. 133) and Defendant Louis M. Kealoha filed a

Motion to Seal Documents (ECF No. 129).

On January 11, 2017, the Court issued an ORDER GRANTING

PLAINTIFFS LEAVE TO FILE EXHIBITS UNDER SEAL.  (ECF No. 145).

Also on January 11, 2017, the Court issued an ORDER GRANTING

DEFENDANT LOUIS M. KEALOHA'S EX-PARTE MOTION FOR LEAVE TO FILE

CERTAIN EXHIBITS UNDER SEAL.  (ECF No. 146).

On January 20, 2017, the Parties filed their Oppositions to

the Motions for Summary Judgment.  (ECF No. 152, 153, 154, 155,

157, 158, 159, 160).

On February 2, 2017, the Parties filed their Replies.  (ECF

Nos. 167, 168, 169, 170).

On February 6, 2017, the Court issued an ORDER GRANTING

PLAINTIFFS LEAVE TO FILE EXHIBITS UNDER SEAL.  (ECF No. 171).

On February 15, 2017, Plaintiffs filed PLAINTIFFS' MOTION

FOR LEAVE TO FILE SECOND AMENDED COMPLAINT. (ECF No. 173).

Also on February 15, 2017, Plaintiffs filed PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL
CAPACITY, CHAD SANO, REYNWOOD MAKISHI, AND FRANK POJSL. (ECF No.
174).

On the same date, Plaintiffs filed PLAINTIFFS' EX PARTE
MOTION TO SHORTEN TIME FOR HEARING (1) MOTION TO DISMISS
DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO,
REYNWOOD MAKISHI, AND FRANK POJSL AND (2) MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT. (ECF No. 175).

On February 16, 2017, the Court issued a Minute Order
granting Plaintiffs' Motion to Shorten Time and issued a briefing
schedule as to Plaintiffs' Motion to Dismiss and their Motion to
File Second Amended Complaint. (ECF No. 177).

On February 16, 2017, the Court issued the Parties'
STIPULATION FOR PARTIAL DISMISSAL WITHOUT PREJUDICE OF ALL CLAIMS
AGAINST DEFENDANT DONNA Y.L LEONG AND ORDER. (ECF No. 176).

On March 7, 2017, the Court held a hearing as to Plaintiff's
Motion to Dismiss, Plaintiff's Motion for Leave to File Second
Amended Complaint, and the scheduling of the Motions for Summary
Judgment. (ECF No. 186).

The Court granted, in part, and denied, in part, Plaintiffs'
Motion to Dismiss and granted Plaintiff's Motion for Leave to
File Second Amended Complaint. (Id.)

The Court ordered the Parties to re-file their Motions for Summary Judgment in accordance with its Orders on Plaintiffs' Motions to Dismiss and Leave to Amend.  (Id.)

On March 10, 2017, Plaintiffs filed their SECOND AMENDED COMPLAINT FOR DAMAGES.  (ECF No. 189).

On March 14, 2017, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION TO DISMISS DEFENDANTS LOUIS M. KEALOHA, IN HIS OFFICIAL CAPACITY, CHAD SANO, REYNWOOD MAKISHI AND FRANK POJSL AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.  (ECF No. 192).

On March 21, 2017, Defendant Kealoha filed his Motion for Summary Judgment (ECF No. 193), Defendant City and County of Honolulu filed its Amended Motion for Summary Judgment (ECF No. 199), and the Defendant Honolulu Police Officers filed their Amended Motion for Summary Judgment (ECF No. 200).

On the same date, Plaintiffs filed their Amended Motion for Summary Judgment.  (ECF No. 195).

On April 17, 2017, the Parties filed their Oppositions. (ECF No. 208, 209, 210, 211).

On April 24, 2017, the Parties filed their Replies.  (ECF Nos. 212, 214, 215, 216).

On June 14, 2017, the Court held a hearing on the Parties' four Motions for Summary Judgment.  (ECF No. 223).  The Court ruled from the bench.  The Court granted the Motions for Summary

8

Judgment filed by Defendants Louis M. Kealoha and the City and County of Honolulu.  The Court granted, in part, and denied, in part, the Defendant Officers' Motion for Summary Judgment.  The Court denied Plaintiffs' Motion for Summary Judgment.  The reasons for the decision are set forth in this Written Order.

## BACKGROUND

**The Parties**

There are five Plaintiffs named in the Second Amended Complaint.  All of the Plaintiffs claim they are relatives of Sheldon Paul Haleck, who is deceased.  (Second Amended Complaint at ¶¶ 7-12, ECF No. 189).  Gulstan E. Silva, Jr. is the personal representative of the Estate of Sheldon Paul Haleck.

Plaintiffs have filed federal and state law claims against the City and County of Honolulu and various individuals arising out of a March 16, 2015 incident involving Honolulu Police Officers and Sheldon Haleck.  (Id. at pp. 3-22).

Plaintiffs' relationships to Sheldon Haleck are alleged in the Second Amended Complaint as follows:

(1) **Plaintiff Gulstan E. Silva, Jr.** as the natural uncle of Sheldon Haleck and as the Personal Representative of the Estate of Sheldon Paul Haleck (id. at ¶ 8);

(2) **Plaintiff Jessica Y. Haleck** as the wife of Sheldon Haleck and as Guardian Ad Litem of Jeremiah M.V. Haleck (id. at ¶ 9);

(3) **Plaintiff Jeremiah M.V. Haleck** as the minor son of Plaintiff Jessica Y. Haleck and Sheldon Haleck (id. at ¶ 10);

9

(4)  **Plaintiff William E. Haleck** as the father of Sheldon
     Haleck (id. at ¶ 11); and,

(5)  **Plaintiff Verdell B. Haleck** as the mother of Sheldon
     Haleck (id. at ¶ 12).


The Second Amended Complaint names the following Defendants:

(1)  **Defendant City and County of Honolulu** (id. at ¶ 13);

(2)  **Defendant Louis M. Kealoha,** individually, former Chief
     of the Honolulu Police Department; (id. at ¶ 14);

(3)  **Defendant Christopher Chung,** individually and in his
     official capacity as an officer with the Honolulu
     Police Department, (id. at ¶ 15);

(4)  **Defendant Samantha Critchlow,** individually and in her
     official capacity as an officer with the Honolulu
     Police Department, (id. at ¶ 16); and,

(5)  **Defendant Stephen Kardash,** individually and in his
     official capacity as an officer with the Honolulu
     Police Department, (id. at ¶ 17).


**The Parties Agree to the Following Facts:**


At 8:15 p.m., on March 16, 2015, Honolulu Police Officer
Christopher Chung ("Officer Chung") responded to a call from
dispatch about a male walking in the middle of South King Street,
a busy six-lane road in Downtown Honolulu.  (Deposition of
Officer Christopher Chung ("Chung Depo.") at p. 27-29, attached
as Ex. C to Pla.'s Concise Statement of Facts ("CSF"), ECF No.
196-4).  Officer Chung arrived at the scene and observed Sheldon
Paul Haleck ("Haleck") in the street.  (Id. at p. 29).  Officer
Samantha Critchlow ("Officer Critchlow") arrived approximately

one minute later.  (Deposition of Officer Samantha Critchlow

("Critchlow Depo.") at p. 39, attached as Ex. D to Pla.'s CSF,

ECF No. 196-5).

Both Officers instructed Haleck to get out of the middle of

the road and to move to the sidewalk.  (Id. at p. 42; Chung Depo.

at p. 30, ECF No. 196-4).  Haleck did not comply with the

Officers' instructions and moved away from them while remaining

in the middle of the street.  (Critchlow Depo. at p. 42, ECF No.

196-5; Chung Depo. at p. 34, ECF No. 196-4).

The Officers warned Haleck that they would use pepper spray

if he did not comply, but Haleck did not move to the sidewalk.

(Chung Depo. at p. 34, ECF No. 196-4).  The Officers sprayed

Haleck with pepper spray multiple times.  (Id. at pp. 37-38;

Critchlow Depo. at p. 48, ECF No. 196-5).  Haleck continued to

run away from the Officers, moving side to side, and he did not

move to the sidewalk.  (Chung Depo. at p. 38, ECF No. 196-4).

Officer Chung warned Haleck that he would use the Taser if

Haleck did not get on the sidewalk.  (Chung Depo. at p. 49, 196-

4).  Officer Chung deployed the Taser in dart mode and pulled the

trigger to send a current through the probes but Haleck did not

fall to the ground.  (Id.)

Officer Stephen Kardash ("Officer Kardash") arrived at the

scene and also ordered Haleck to move to the sidewalk.

(Deposition of Officer Stephen Kardash ("Kardash Depo.") at p.

11

23, attached as Ex. E to Pla.'s CSF, ECF No. 196-6).  Haleck did not comply and Officer Kardash sprayed Haleck with pepper spray. (Id. at p. 36).

Officer Chung deployed his Taser in dart mode a second time and pulled the trigger to send a current through the probes. (Critchlow Depo. at p. 53, ECF No. 196-5).  Officer Chung testified in his deposition that while the probes were still deployed from the second deployment, he pulled the trigger to send a current through the probes a third time.  (Chung Depo. at p. 51, attached as Ex. A to Def.'s Opp., ECF No. 210-3).  The Parties agree that following the third use of the Taser, Haleck fell to the ground.  The Parties dispute the cause of the fall.

The Officers attempted to handcuff Haleck after he had fallen on the ground.  (Critchlow Depo. at p. 57, ECF No. 196-5). Haleck did not comply with Officers' requests to cooperate and he was "flailing," "squirming," and "kicking."  (Id.)  Six Officers were needed to hold Haleck down in order to place him in handcuffs and leg shackles.  (Chung Depo. at p. 57, ECF No. 196-4; Kardash Depo. at pp. 47-49, ECF No. 196-6).

Following the fall and cuffing, Haleck was arrested for disorderly conduct.  (Critchlow Depo. at p. 67, ECF No. 196-5). Minutes later, Haleck lost consciousness and stopped breathing. (Critchlow Depo. at p. 60, ECF No. 196-5; Kardash Depo. at p. 49, ECF No. 196-6).  An ambulance arrived at the scene and took

Haleck to Queen's Medical Center.  (Autopsy Report of Sheldon P. Haleck at p. 3, attached as Ex. A to Def. Honolulu's CSF, ECF No. 136-13).  The next morning, approximately 11 hours later, Haleck was pronounced dead at 7:33 a.m.  (Id.)

**Plaintiffs' Position:**

Plaintiffs assert that the third use of the Taser caused Haleck to fall.  Plaintiffs point to evidence from the Autopsy that there were red marks on Haleck's body that they assert indicate the Taser had some effect on Haleck.  (Autopsy Report of Sheldon P. Haleck at p. 6, attached as Ex. A to Def. Honolulu's CSF, ECF No. 136-13; Report of Richard Lichten, at p. 11, attached as Ex. B to Pla.'s CSF, ECF No. 147-1).

Plaintiffs claim the Officers' multiple uses of pepper spray and the Taser were not reasonable under the circumstances.

**Defendants' Position:**

Defendants state that following the third use of the Taser, Haleck's shorts fell down and he tripped and fell to the ground. (Critchlow Depo. at p. 54, ECF No. 196-5; Kardash Depo. at p. 45, ECF No. 196-6).  Defendants assert that the Chief Medical Examiner determined that the Taser had no effect on Haleck because the barbs never implanted in his skin.  (Deposition of Chief Medical Examiner Dr. Christopher Happy at pp. 22-24, ("Dr.

Happy Depo.") attached as Ex. H to Def.'s Opp., ECF No. 210-9).

Defendants assert that the Officers' actions were reasonable under the circumstances. Defendants claim there was an immediate threat of injury to the Officers and others. The Defendants base their claim on the facts that the incident occurred in the middle of a busy street in Downtown Honolulu, at night, and that Haleck refused to comply with the Officers' warnings and commands.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not

produce any evidence at all on matters for which it does not have the burden of proof.  <u>Celotex</u>, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  <u>Id.</u>

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Brinson v. Linda Rose Joint Venture</u>, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  <u>State Farm Fire & Casualty Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 324.  The opposing party cannot, however, stand on

its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); <u>T.W. Elec. Serv.</u>, 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir. 1994).  When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.  <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993); <u>see</u> <u>also</u> <u>National Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).

## **ANALYSIS**

There are eight causes of action in the Second Amended Complaint:

<u>FIRST CAUSE OF ACTION</u>:        **Excessive Force** in violation of the Fourth Amendment to the United States Constitution and Article I of the Hawaii Constitution pursuant to 42 U.S.C. § 1983

<u>Stated by</u>:
Plaintiffs Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck, and Jessica Y. Haleck, individually and as Guardian Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck (hereinafter "the individual Plaintiffs")

<u>Stated against</u>:
Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash

16

SECOND CAUSE OF ACTION:    Violations of the **Due Process** Clause of
                          the Fourteenth Amendment to the United
                          States Constitution Pursuant to 42
                          U.S.C. § 1983

                          Stated by:
                          Plaintiff Gulstan E. Silva, Jr., as
                          Personal Representative of the Estate of
                          Sheldon Paul Haleck, and the individual
                          Plaintiffs

                          Stated against:
                          Defendants Christopher Chung, Samantha
                          Critchlow, and Stephen Kardash


THIRD CAUSE OF ACTION:    **Municipality and Supervisor Liability**
                          for United States Constitutional
                          Violations pursuant to 42 U.S.C. § 1983

                          Stated by:
                          Plaintiff Gulstan E. Silva, Jr., as
                          Personal Representative of the Estate of
                          Sheldon Paul Haleck, and the individual
                          Plaintiffs

                          Stated against:
                          Defendants City and County of Honolulu
                          and Louis M. Kealoha


FOURTH CAUSE OF ACTION:   **Assault and Battery**

                          Stated by:
                          Plaintiff Gulstan E. Silva, Jr., as
                          Personal Representative of the Estate of
                          Sheldon Paul Haleck, and the individual
                          Plaintiffs

                          Stated against:
                          Defendants Christopher Chung, Samantha
                          Critchlow, and Stephen Kardash


FIFTH CAUSE OF ACTION:    **Intentional Infliction of Emotional
                          Distress**

                          Stated by:

Plaintiff Gulstan E. Silva, Jr., as
Personal Representative of the Estate of
Sheldon Paul Haleck, and the individual
Plaintiffs

Stated against:
Defendants Christopher Chung, Samantha
Critchlow, and Stephen Kardash

SIXTH CAUSE OF ACTION:    **Negligence**

Stated by:
Plaintiff Gulstan E. Silva, Jr., as
Personal Representative of the Estate of
Sheldon Paul Haleck, and the individual
Plaintiffs

Stated against:
Defendants Christopher Chung, Samantha
Critchlow, and Stephen Kardash

SEVENTH CAUSE OF ACTION: **Negligent Infliction of Emotional
Distress**

Stated by:
Plaintiff Gulstan E. Silva, Jr., as
Personal Representative of the Estate of
Sheldon Paul Haleck, and the individual
Plaintiffs

Stated against:
Defendants Christopher Chung, Samantha
Critchlow, and Stephen Kardash

EIGHTH CAUSE OF ACTION:   **Interference With Civil Rights**

Stated by:
Plaintiff Gulstan E. Silva, Jr., as
Personal Representative of the Estate of
Sheldon Paul Haleck, and the individual
Plaintiffs

Stated against:

Defendants City and County of Honolulu

18

and Louis M. Kealoha

Plaintiffs move for partial summary judgment in their favor as to Causes of Action 1-3.

Defendants move for summary judgment in their favor as to all Causes of Action 1-8.


**FIRST CAUSE OF ACTION**:　**Excessive Force in Violation of the Fourth Amendment to the United States Constitution and Article I of the Constitution of the State of Hawaii Pursuant to 42 U.S.C. § 1983 Stated by All Plaintiffs Against the Defendant Officers Chung, Critchlow, and Kardash**

A plaintiff may challenge actions by government officials that violate the United States Constitution, pursuant to 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States ... to deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  Section 1983 does not create any substantive rights.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004).

To prevail on a Section 1983 claim, a plaintiff must establish that a right secured by the Constitution or law of the

United States was violated and that the violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## A.   Standing

The First Cause of Action is stated by Plaintiffs Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck, and Jessica Y. Haleck, individually and as Guardian Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck against the Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash in both their individual capacities and their official capacities as Honolulu Police Officers.

In Section 1983 actions, the survivors of an individual who allegedly died as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).

Hawaii law permits the decedent's "legal representative" to pursue his tort claims.  Haw. Rev. Stat. § 663-7.  The term, "legal representative," has not been defined by statute or the Hawaii Supreme Court.

The interpretation of the term "legal representative" in

Haw. Rev. Stat. § 663-7 was considered by the federal district court in Agae v. United States, 125 F.Supp.2d 1243, 1248 (D. Haw. 2000). In Agae, the district court found that a legal representative generally refers to one who stands in place of, and represents the interests of another such as an administrator of an estate or a court appointed guardian of a minor. Id. The district court found that the term is not so broad so as to allow an individual heir to a decedent to file a claim on his or her behalf. Id. at 1248. The district court found that the term "legal representative," as used in Haw. Rev. Stat. § 663-7, is limited to one who stands in the place of the deceased and represents his interest, either by the decedent's act or by the operation of law, citing Mutual Life Ins. v. Armstrong, 117 U.S. 591, 597 (1886). Agae, 125 F.Supp.2d at 1248.

In this case, the Second Amended Complaint states that Sheldon Haleck's estate is represented by Plaintiff Gulstan E. Silva, Jr. (Second Amended Complaint at ¶ 8, ECF No. 189). Plaintiff Silva, as personal representative of the decedent's estate, has standing to assert a Fourth Amendment Excessive Force Claim pursuant to Section 1983 on the decedent's behalf.

The remaining Plaintiffs Jessica Y. Haleck, individually and as Guardian Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck, allege they are related to the decedent Sheldon Haleck. Their status as relatives does not confer upon

21

them standing to pursue decedent Sheldon Haleck's Fourth
Amendment claim pursuant to Haw. Rev. Stat. § 663-7.  <u>Agae</u>, 125
F.Supp.2d at 1248; <u>Ryder v. Booth</u>, Civ. No. 16-00065HG-KSC, 2016
WL 2745809, *5 (D. Haw. May 11, 2016) (finding that only one
plaintiff had standing to pursue the decedent's Section 1983
claim on behalf of the decedent's estate).

Plaintiffs Jessica Y. Haleck, individually and as Guardian
Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell
B. Haleck do not have individual standing to bring a Fourth
Amendment Excessive Force Claim.  There are no facts that
Plaintiffs Jessica Y. Haleck, Jeremiah M.V. Haleck, William E.
Haleck, or Verdell B. Haleck were involved in the March 16, 2015
incident that would allow them to pursue their own Section 1983
excessive force claims.

Defendant Officers Chung, Critchlow, and Kardash's Amended
Motion for Summary Judgment is **GRANTED, IN PART**, as to Plaintiffs
Jessica Y. Haleck, individually and as Guardian Ad Litem for
Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck's
Claim in the First Cause of Action in the Second Amended
Complaint.

Plaintiffs Jessica Y. Haleck, individually and as Guardian
Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell
B. Haleck's Amended Motion for Partial Summary Judgment as to the
First Cause of Action is **DENIED**.

Plaintiffs Jessica Y. Haleck, individually and as Guardian Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck may not bring an excessive force claim on behalf of Sheldon Paul Haleck.

Plaintiff Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck, is the only Plaintiff with standing to bring an Excessive Force Claim pursuant to Section 1983.

**B.    Section 1983 Does Not Permit State Constitutional Claims**

In the First Cause of Action, Plaintiff Silva alleges the Defendant Officers Chung, Critchlow, and Kardash violated Sheldon Haleck's rights under the Fourth Amendment to the United States Constitution and Article I of the Hawaii Constitution pursuant to 42 U.S.C. § 1983. (Second Amended Complaint at pp. 11-12, ECF No. 189). Plaintiff Silva is unable to assert a Section 1983 claim pursuant to a violation of the Hawaii State Constitution.

Section 1983 is a remedy for violations of federal rights. Violations of state law, including a state constitution, are not cognizable pursuant to Section 1983. <u>Maizner v. Hawaii Dept. of Educ.</u>, 405 F.Supp.2d 1225, 1240 (D. Haw. 2005) (citing <u>Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370 (9th Cir. 1996)). Plaintiff Silva may not bring an excessive force claim in violation of the Hawaii Constitution pursuant to Section 1983.

23

Defendant Officers Chung, Critchlow, and Kardash's Amended Motion for Summary Judgment is **GRANTED, IN PART**, as to Plaintiff Silva's Claim in the First Cause of Action as an alleged violation of Article I of the Hawaii State Constitution pursuant to 42 U.S.C. § 1983.

Plaintiff Silva's Amended Motion for Partial Summary Judgment as to the First Cause of Action as an alleged violation of Article I of the Hawaii State Constitution pursuant to 42 U.S.C. § 1983 is **DENIED**.

## C.   Individual and Official Capacities

Plaintiff Silva asserts the First Cause of Action against Defendant Honolulu Officers Chung, Critchlow, and Kardash in both their official and individual capacities.

A suit against a police officer in his or her official capacity is the equivalent of naming the government entity itself as the defendant.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1985); <u>Community House, Inc. v. City of Boise</u>, 623 F.3d 945, 966-67 (9th Cir. 2010).

The Defendant City and County of Honolulu is already a named defendant.  Plaintiff has brought the Third Cause of Action against the Defendant City and County of Honolulu pursuant to Section 1983.

Duplicative Section 1983 claims may not be brought against

24

both the municipality itself and against the individual
government officials in their official capacities.  Vance v.
Cnty. of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996); see
Lawman v. City and Cnty. of San Francisco, 159 F.Supp.3d 1130,
1143 n.7 (N.D. Cal. 2016).

Plaintiff's Section 1983 Claim in the First Cause of Action
against Defendant Honolulu Officers Chung, Critchlow, and Kardash
in their official capacities is duplicative of Plaintiff's Third
Cause of Action against the Defendant City and County of
Honolulu.  McFarland v. City of Clovis, 163 F.Supp.3d 798, 808
(E.D. Cal. 2016); Carnell v. Grimm, 872 F.Supp. 746, 752 (D. Haw.
1994).

Defendant Officers Chung, Critchlow, and Kardash's Amended
Motion for Summary Judgment is **GRANTED, IN PART**, as to Plaintiff
Silva's Section 1983 Claim in the First Cause of Action against
the Defendant Officers in their official capacities.

Plaintiff Silva's Amended Motion for Partial Summary
Judgment as to the Section 1983 Claim in the First Cause of
Action against Defendant Officers Chung, Critchlow, and Kardash,
in their official capacities, is **DENIED**.

The remaining claim in the First Cause of Action is as
follows:

Plaintiff Silva's Claim for Excessive Force in
violation of the Fourth Amendment to the United States
Constitution pursuant to 42 U.S.C. § 1983 as stated
against Defendant Officers Chung, Critchlow, and

25

Kardash in their individual capacities.

**D.    Excessive Force**

A person deprives another of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiffs complain.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff Silva asserts that Defendant Honolulu Officers Chung, Critchlow, and Kardash used excessive force in the course of their arrest of Haleck.  It is undisputed that Officers Chung, Critchlow, and Kardash acted under color of state law when they acted to seize and arrest Haleck.

The use of force in the course of an arrest is analyzed pursuant to the Fourth Amendment of the United States and its reasonableness standard.  Graham v. Connor, 490 U.S. 386, 397 (1989).  The reasonableness inquiry is an objective one: the question is if the officer's actions are objectively reasonable in light of the facts and circumstances confronting them.  See id.  The essence of the reasonableness inquiry is a balancing of the force which was applied against the need for that force.  Liston v. Cnty. of Riverside, 120 F.3d 965, 976 (9th Cir. 1997).

Determining whether the force used to effect a particular

seizure is reasonable pursuant to the Fourth Amendment requires a careful balancing of the "nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake.  Graham, 490 U.S. at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 7-8 (1985)).

### 1.    Nature and Quality of the Intrusion

The gravity of the particular intrusion that a given use of force imposes upon an individual's liberty interest is measured by "the type and amount of force inflicted."  Jackson v. City of Bremerton, 268 F.3d 646, 651-52 (9th Cir. 2001) (citing Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994)).

In this case, it is undisputed that on March 16, 2015, Honolulu Police Officers Chung, Critchlow, and Kardash seized and arrested Sheldon Haleck.  During the course of the seizure and arrest, Officers Chung, Critchlow, and Kardash repeatedly used pepper spray on Haleck.  (Chung Depo. at pp. 37-38, ECF No. 196-4; Critchlow Depo. at p. 48, ECF No. 196-5; Kardash Depo. at p. 36, ECF No. 196-6).

The use of pepper spray is a form of force capable of inflicting significant pain and causing serious injury.  Young v. Cnty. of Los Angeles, 655 F.3d 1156, 1161 (9th Cir. 2011). Pepper spray is regarded as an "intermediate force" that, while less than deadly force, presents a significant intrusion upon an

27

individual's liberty interests.  <u>Nelson v. City of Davis</u>, 685 F.3d 867, 878 (9th Cir. 2012).

There is no dispute that a Taser was deployed by Officer Chung at Haleck.  (Chung Depo. at pp. 49-51, ECF No. 196-4; Critchlow Depo. at p. 51, ECF No. 196-5; Kardash Depo. at p. 44, ECF No. 196-6).

The use of a Taser constitutes an intermediate use of force. <u>Bryan v. MacPherson</u>, 630 F.3d 805, 824 (9th Cir. 2010).  The Ninth Circuit Court of Appeals has considered the effects of Tasers at length and held that they constitute an "intermediate significant level of force that must be justified by the governmental interest involved."  <u>Id.</u>

In <u>MacPherson</u>, the plaintiff was shot with a Taser that caused him to fall face-first to the ground.  <u>Id.</u>  The plaintiff suffered facial contusions and four fractured teeth as a result of the Taser use.  <u>Id.</u>  The Ninth Circuit Court of Appeals held that the "physiological effects, the high levels of pain, and foreseeable risk of physical injury lead us to conclude that the X26 [Taser] and similar devices are a greater intrusion than other non-lethal methods of force we have confronted."  <u>Id.</u>  The appellate court explained that the Taser delivered in dart-mode sends an electrical impulse that instantly overrides the victim's central nervous system, paralyzing the muscles throughout the body, rendering the target limp and helpless.  <u>Id.</u>

The appeals court stated that the pain caused by a Taser is "intense, is felt throughout the body, and ... [may cause] immobilization, disorientation, loss of balance, and weakness." Id. (quoting Matta-Ballesteros v. Henman, 896 F.2d 255, 256 n.2 (7th Cir. 1990)); see also Mattos v. Agarano, 661 F.3d 433, 443 (9th Cir. 2011) (en banc) (reviewing excessive force claims for use of a Taser).

The Parties dispute the effect of the Taser and if the Taser shocked Haleck. The Chief Medical Examiner, Dr. Happy, stated in his autopsy report that there was "no evidence of Taser barb penetration of the skin." (Autopsy Report of Sheldon P. Haleck at p. 1, attached as Ex. A to Def. Honolulu's CSF, ECF No. 136-13). The autopsy report also stated that the "Taser deployment [was] ineffective according to police reports." (Id.) Dr. Happy provided a Declaration stating that "there was no indication or evidence that Haleck suffered from Taser related injuries." (Declaration of Dr. Happy, attached to Def. Honolulu's CSF, ECF No. 136-4).

Plaintiff provided an expert report from Richard Lichten, a law enforcement specialist. (Lichten Report attached as Ex. B to Pla.'s CSF, ECF No. 147-1). Lichten stated in his Report that he reviewed the autopsy photographs and saw evidence of small red wounds called "erythema," which are consistent with the wounds caused by Taser probes. (Id. at pp. 10-11).

The Parties dispute the reason Haleck fell to the ground, allowing Officers to seize him. Plaintiff asserts that Haleck fell because of the Taser triggered by Officer Chung. The Defendant Officers claim that Haleck tripped. (Critchlow Depo. at p. 54, ECF No. 196-5; Kardash Depo. at p. 45, ECF No. 196-6).

The genuine disputes of fact regarding the use and effectiveness of the Taser prevent the Court from entering summary judgment for either party. The facts as to the use of force must be balanced by the government interest. With disputed facts as to the use of force in this case, summary judgment is inappropriate. Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (explaining that summary judgment is impermissible in excessive force cases where there are material disputes of fact).

## 2. Governmental Interest

Courts examine three main factors when evaluating the governmental interest in the use of force:

(1) whether the suspect poses an immediate threat to the safety of the officers or others;

(2) the severity of the crime at issue; and,

(3) whether the suspect actively resists detention or attempts to escape.

Liston, 120 F.3d at 968; McPherson, 630 F.3d at 825. The list of factors to be examined by the court is non-exhaustive. In addition to the three main factors, courts examine the

totality of the circumstances and whatever specific factors may be appropriate in a particular case.  Franklin v. Foxworth, 31 F.3d 873, 876 (9th Cir. 1994).

## (a)  Immediate Threat to the Safety of the Officers and Others

The most important factor concerning the governmental interest is whether the suspect posed an "immediate threat to the safety of the officers or others."  Smith v. City of Hemet, 394 F.3d 689, 702 (9th Cir. 2005).  A statement by an officer that he subjectively feared for his safety or the safety of others is insufficient, there must be objective factors to justify such a concern.  Mattos, 661 F.3d at 441-42 (citing Deorle v. Rutherford, 272 F.3d 1272, 1281 (9th Cir. 2001)).

Haleck's presence in a busy street, at night, is central to the question of danger to the officers and others.  The disputes of fact as to the severity of the threat prevent summary judgment for any of the Parties on this claim.

The Ninth Circuit Court of Appeals has explained that summary judgment should be granted sparingly in excessive force cases because the reasonableness inquiry for such a claim "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom."  Santos, 287 F.3d at 853 (citing Liston, 120 F.3d at 976 n.10).

Summary judgment is not appropriate considering the genuine

disputes of fact as to the immediate threat to the safety to the
Defendant Officers and others.  There are disputes of fact as to
other matters as well.

### (b)  Severity of the Crime At Issue

The Ninth Circuit Court of Appeals held in <u>Velazquez v. City
of Long Beach</u>, 793 F.3d 1010, 1026 (9th Cir. 2015), that an
excessive force analysis takes into account the facts known to
the police at the time of the arrest with respect to the alleged
offense that triggered the arrest.  The severity of the crime
factor is diminished as a justification for the use of force
where officers are presented with circumstances indicating that
no crime, or a minor crime was committed.  <u>Id.</u> at 1025; <u>Nelson</u>,
685 F.3d at 880.

Haleck was arrested for a charge of disorderly conduct.
(Critchlow Depo. at pp. 67-68, ECF No. 196-5).  The Parties
dispute if there was a basis to arrest Haleck for a more severe
crime.  An issue of fact remains concerning the level of force
used by the Defendant Officers.  The question is: was the level
of force objectively reasonable in light of the totality of the
circumstances?

### (c)  Resistance or Attempt to Escape

There are also disputes of fact as to the level of
resistance made by Haleck.

The Defendant Officers testified that after Haleck fell to the ground, he resisted his arrest by reportedly "flailing," "squirming," and "kicking."  (Critchlow Depo. at p. 57, ECF No. 196-5).

The Ninth Circuit Court of Appeals has explained that, in cases where officers are involved in deadly incidents, and the officers and the decedent are the only witnesses, courts must carefully examine all the evidence in the record.  Cruz v. City of Anaheim, 765 F.3d 1076, 1079 (9th Cir. 2014).  It is necessary to determine if the officers' stories are internally consistent and consistent with other known facts.  Id.

The Parties agree that there was some level of resistance by Haleck.  There is no dispute that Haleck repeatedly refused to comply with the Officers' instructions to move to the sidewalk. Haleck ran away from the Officers and evaded seizure.

Genuine disputes of material fact remain which prevent an objective assessment of the use of force in the totality of the circumstances.  The Parties do not agree on the facts as to how Haleck was ultimately restrained.  The Parties dispute the cause of Haleck's fall.  There is disagreement between the Parties' experts as to the use and effectiveness of the Taser.  The genuine disputes of material facts prevent the Court from granting summary judgment.

**E.    Qualified Immunity**

Defendant Officers Chung, Critchlow, and Kardash argue that they are immune from liability as to the excessive force claim.

The doctrine of qualified immunity shields public officials from personal liability when performing discretionary functions, unless their conduct violates a statutory or constitutional right that was clearly established at the time of the challenged conduct.  Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011).  A constitutional right is clearly established when every reasonable official would have understood that what he is doing violates that right.  Id. at 741; see Bremerton, 268 F.3d at 651.

The determination whether a right was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).  The inquiry is case specific but it is not so narrowly defined to preclude any potential claims without identical fact patterns.  Kelly v. Borg, 60 F.3d 664, 667 (9th Cir. 1995).

The United States Supreme Court has explained that officials can be on notice that their conduct violates established law even in novel factual situations.  Hope v. Pelzer, 536 U.S. 730, 741 (2002).  A plaintiff need not establish that the officers' exact behavior had been previously declared unconstitutional, only that the unlawfulness of their actions was apparent in light of

preexisting law.  Jensen v. City of Oxnard, 145 F.3d 1078, 1085 (9th Cir. 1998).

Qualified immunity is an affirmative defense and the burden of proof initially lies with the official asserting the defense. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1987).  A plaintiff seeking summary judgment on an excessive force claim, however, must prove both that there was a constitutional violation and that the right was clearly defined.  See Morales v. City of Delano, 852 F.Supp.2d 1253, 1267 (E.D. Cal 2012) (citing Mueller v. Auker, 576 F.3d 979, 989 (9th Cir. 2009)).

Here, the question of whether the Defendant Officers' conduct violated a clearly established constitutional right turns on issues of fact that are in dispute.

Plaintiff relies on Mattos v. Agarano, 661 F.3d 433 (9th Cir. 2011) for the position that it has been clearly established in the Ninth Circuit Court of Appeals that the use of a Taser may constitute excessive force in certain circumstances.  The two fact patterns in Mattos are not similar to the fact in this case and do not assist the Plaintiff.

The use of pepper spray may also constitute excessive force, depending on the facts of the case.  Headwaters Forest Def. v. Cnty. of Humboldt, 276 F.3d 1125, 1131 (9th Cir. 2002); LaLonde v. Cnty. of Riverside, 204 F.3d 947, 960-61 (9th Cir. 2000).

The extent to which the law is "clearly established" in the

Fourth Amendment reasonableness context is fact-specific.
Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1093 n.6 (9th Cir.
2013).  The material disputes of fact here do not permit a
finding of summary judgment as to the issue of qualified
immunity.

There are questions of fact as to the use and effectiveness
of the Taser triggered by Officer Chung.  There are questions as
to the extent that Haleck posed a threat to the Officers and
others.  There is also a question about the immediacy and level
of threat the traffic on South King Street posed during the
incident.  See Cruz, 765 F.3d at 1079.

The Ninth Circuit Court of Appeals has found police officers
are not entitled summary judgment on the basis of qualified
immunity when there are disputes of fact that could lead a jury
to find in favor of the plaintiff.  Ortega v. San Diego Police
Dept., 669 Fed. Appx. 922, 923 (9th Cir. 2016).

Plaintiff Silva's Amended Motion for Partial Summary
Judgment as to the First Cause of Action in the Second Amended
Complaint is **DENIED.**

Defendant Officers Chung, Critchlow, and Kardash's Amended
Motion for Summary Judgment as to the First Cause of Action in
the Second Amended Complaint stated by Plaintiff Gulstan E.
Silva, Jr., as Personal Representative of the Estate of Sheldon
Paul Haleck, is **DENIED.**

The Excessive Force Claim stated by Plaintiffs Jessica Y. Haleck, individually and as Guardian Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck is **DENIED**, as a matter of law.

The First Cause of Action for Excessive Force in Violation of the Fourth Amendment to the United States Constitution Pursuant to 42 U.S.C. § 1983 stated by Plaintiff Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck, against Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash in their individual capacities remains for trial.

**<u>SECOND CAUSE OF ACTION</u>**: **Violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution Pursuant to 42 U.S.C. § 1983 Stated by All Plaintiffs Against the Defendant Officers Chung, Critchlow, and Kardash**

Plaintiff Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Haleck, and Jessica Y. Haleck, individually and as Guardian Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck, allege that Defendant Officers Chung, Critchlow, and Kardash violated their individual rights under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.  (Second Amended

Complaint at pp. 12-13, ECF No. 189).

### A. Standing

The Ninth Circuit Court of Appeals has recognized that family members have a Fourteenth Amendment liberty interest in familial companionship and society. <u>Wilkinson v. Torres</u>, 610 F.3d 546, 554 (9th Cir. 2010); <u>Tokuda v. Calio</u>, Civ. No. 13-0202DKW-BMK, 2014 WL 5580959, *9 (D. Haw. Oct. 31, 2014).

Plaintiff Gulstan E. Silva, Jr., as the Personal Representative of the Estate of Sheldon Haleck, may not bring a Fourteenth Amendment claim where the estate's claims are more specifically covered by the Fourth Amendment. <u>Burns v. City of Concord</u>, 2014 WL 5794629, *8 (N.D. Cal. Nov. 6, 2014).

Plaintiff Gulstan E. Silva, Jr.'s Amended Motion for Partial Summary Judgment as to the Second Cause of Action is **DENIED.**

Plaintiffs Jessica Y. Haleck, individually and as Guardian Ad Litem of Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck have standing to pursue their Fourteenth Amendment claims for their personal liberty interests as alleged family members of the decedent.

### B. Due Process

Parents and children of a person killed by law enforcement officers may assert a substantive due process claim based on the

deprivation of their liberty interest arising out of their relationship with the deceased.  Moreland, 159 F.3d at 371.  A substantive due process violation requires that law enforcement officers' conduct "shock the conscience" when responding to an emergency or an escalating situation.  Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008).

Plaintiffs must prove that the purpose of the Defendant Officers' conduct in using the pepper spray and the Taser was "to cause harm unrelated to the legitimate object of arrest."  Id. at 1140 (citing Cnty of Sacramento v. Lewis, 523 U.S. 833, 836 (1998)).

The United States Supreme Court has held that a purely reactive decision to give chase or use force to seize a suspect does not shock the conscience.  Lewis, 523 U.S. at 855.  Situations that shock the conscience are "rare situations where the nature of an officer's deliberate physical contact is such that a reasonable factfinder would conclude that the officer intended to harm, terrorize, or kill."  Porter, 546 F.3d at 1141 (citing Davis v. Township of Hillside, 190 F.3d 167, 174 (3d Cir. 1999)).

In Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 368 (9th Cir. 1998), two officers responded to a dispatch call of a fight outside a bar.  The officers arrived at the scene to see a male firing a semiautomatic handgun at a group of individuals

39

across the parking lot who were returning fire.  Id.  There were
between 50 and 100 people trapped in the crossfire.  Id.  The
officers fired at the male when he failed to comply with their
orders to stop.  Id.  After the shooting ceased, the officers
discovered they had shot an alleged innocent standby who later
died.  Id.

The mother and children of the victim sued the officers
under the Fourteenth Amendment.  Id. at 371-72.  The Ninth
Circuit Court of Appeals found that the mother and children were
unable to prevail on the Fourteenth Amendment claim because there
was no evidence that the police officers intended to punish the
victim in a way that was unrelated to a legitimate law
enforcement objective.  Id. at 373.  The appellate court
explained that even if the officers acted recklessly or with
gross negligence in shooting into the parking lot, the officers
did not act in a way that shocks the conscience.  Id.

In this case, there is no dispute that actions of the police
officers occurred during an escalating situation within minutes
of arriving at a scene in the middle of a busy road in Downtown
Honolulu.

There is no evidence that Defendant Officers Chung,
Critchlow, or Kardash had any intent to inflict pain, terrorize,
harm, or kill the decedent Haleck in a way that was unrelated to
any legitimate law enforcement objective.  The deposition

testimony of the Officers indicates that they were each intending to perform their legitimate law enforcement duties.

The Parties agree that Haleck repeatedly failed to comply with the Officers' orders to move to the sidewalk. Haleck ran from the Officers and evaded the Officers' attempts to seize him. There is no evidence that the Officers' use of the pepper spray and the Taser was used for a purpose other than to try to seize Haleck pursuant to their law enforcement duties.

Regardless of whether the Officers' amount of force was reasonable, the actions of the Officers, construed in the light most favorable to the Plaintiffs, does not demonstrate a purpose to cause harm that would "shock the conscience." Moreland, 159 F.3d at 373; see Wilkinson, 610 F.3d at 554 (finding an officer's actions did not shock the conscience when he shot and killed the driver of crashed minivan after a high speed chase as there was no evidence that the officer used force that was unrelated to a legitimate law enforcement objective).

There is no evidence to support a due process violation pursuant to the Fourteenth Amendment to the United States Constitution against the Defendant Officers.

Plaintiffs Jessica Y. Haleck, individually and as Guardian Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck's Amended Motion for Partial Summary Judgment as to the Second Cause of Action in the Second Amended Complaint is **DENIED**.

Defendant Officers Chung, Critchlow, and Kardash's Amended Motion for Summary Judgment as to the Second Cause of Action in the Second Amended Complaint is **GRANTED.**


**THIRD CAUSE OF ACTION**:   **Municipal and/or Supervisor Liability Pursuant to 42 U.S.C. § 1983 Stated by All Plaintiffs Against Defendants City and County of Honolulu and Louis M. Kealoha**

Plaintiffs allege Defendant City and County of Honolulu and Defendant Louis M. Kealoha, former police chief of the Honolulu Police Department, are liable for constitutional violations of Sheldon Haleck's rights under theories of supervisor and municipal liability pursuant to 42 U.S.C. § 1983. (Second Amended Complaint at pp. 13-14, ECF No. 189).

**A.   Defendant City and County of Honolulu**

Respondeat superior or vicarious liability is not available under Section 1983. Tokuhama v. City and City of Honolulu, 751 F.Supp. 1385, 1394 (D. Haw. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

The United States Supreme Court has held, however, that a municipality is subject to damages liability under Section 1983 where action pursuant to official municipal policy causes a

constitutional tort. Monell v. Dept. of Soc. Servs., 436 U.S.
658, 694 (1978). Such claims are often referred to as Monell
claims. The municipality itself must cause the constitutional
deprivation in order to be liable for such a claim. Id.; Canton,
489 U.S. at 385 (requiring a direct causal link between a
municipal policy or custom and the alleged constitutional
deprivation).

A municipality may be liable in a Section 1983 action under
two theories. Under the first theory, a municipality is liable
for injuries caused by a municipality's unconstitutional policy
or custom. Monell, 436 U.S. at 694; Webb v. Sloan, 330 F.3d
1158, 1164 (9th Cir. 2003). The official policy or custom
requirement limits municipal liability to actions in which the
municipality is actually responsible for the unconstitutional
act. Young v. Hawaii, 911 F.Supp.2d 972, 985 (D. Haw. 2012);
Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986).

The second action for which a municipality may be held
liable under Section 1983 is for failure to train, supervise, or
discipline its employees. Canton, 489 U.S. at 387. Municipal
liability may be imposed when "the need for more or different
training is so obvious, and the inadequacy so likely to result in
the violation of constitutional rights, that the policymakers of
the city can reasonably be said to have been deliberately
indifferent to the need." Id. at 390.

43

Here, Plaintiffs do not argue that the Honolulu Police Department had an unconstitutional policy or custom. Plaintiffs cite to the written policies for use of force and the use of the Taser. (Honolulu Police Department Policy 1.04 for Use of Force, attached as Ex. I to Pla.'s CSF, ECF No. 147-5; Honolulu Police Department Policy 1.15 for Use of Electric Gun, attached as Ex. J to Pla.'s CSF, ECF No. 147-6). Plaintiffs claim that the Honolulu Police Department's written policies correctly classify the use of pepper spray and the use of a Taser as intermediate types of force.

Plaintiffs argue, however, that Defendant Officers Chung, Critchlow, and Kardash were inadequately trained and supervised with respect to the use of pepper spray and the use of a Taser. Plaintiffs also argue that the Defendant Officers were not properly disciplined because they were never interviewed by anyone from Internal Affairs or the Police Commission and were not disciplined in connection with the March 16, 2015 incident.

### 1. Failure to Train

Liability may only be imposed for failure to train when that failure reflects a deliberate or conscious choice by a municipality. Canton, 489 U.S. at 389. Deliberate indifference in the municipal context is an objective standard. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016).

44

Deliberate indifference may be shown through a pattern of tortious conduct by inadequately trained employees or where a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement with specific tools to handle recurring situations.  Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 407-09 (1997).

Construing the record in the light most favorable to the Plaintiffs, they have not demonstrated that the Defendant City and County of Honolulu had actual or constructive notice that its officer training was deficient.

The Defendant City and County of Honolulu submitted an expert report from John G. Peters, Jr., Ph.D., stating that it is his opinion that the City and County of Honolulu "met and/or exceeded national standards, recommendations, and/or guidelines for the development of policies and procedures for their officers" including training and lesson plans on the use of force and the use of a Taser "that meet or exceed lesson plan standards for career and technical training and testing of law enforcement officers."  (Declaration of John G. Peters, Jr., Ph.D., attached to Honolulu's CSF, ECF No. 136-6; Expert Report of John G. Peters, Jr., Ph.D., attached as Ex. E to Honolulu's CSF, ECF No. 136-17).

The Defendant City and County of Honolulu submitted the Declaration of Brandon Ogata, a Lieutenant at the Honolulu Police

45

Department Training Division.  (Declaration of Brandon Ogata, attached to Honolulu's CSF, ECF No. 149-1).  Lieutenant Ogata stated that Officers Chung, Critchlow, and Kardash each received training at the Honolulu Police Department's Recruit Training Course and continue to attend Annual Recall Training.  (Id. at ¶¶ 9, 12).  Lieutenant Ogata stated that Officer Chung was properly trained, certified, and authorized to carry and use the Taser on March 16, 2015.  (Id. at ¶¶ 11, 22).

A pattern of constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.  Connick v. Thompson, 563 U.S. 51, 62 (2011).  There is no such evidence presented by the Plaintiffs.  Plaintiffs have alleged there was one incident where an officer was disciplined in 2013 involving the use of a Taser.  (Pla.'s Reply at p. 7, ECF No. 216; News Report from KHON2 dated March 11, 2014, attached as Ex. L to Pla.'s Opp., ECF No. 155-3).

Plaintiffs' allegation of one discrete incident is insufficient to put the City and County on notice that its course in training is insufficient in a particular respect.  Flores v. Cnty. of Los Angeles, 758 F.3d 1154, 1159-61 (9th Cir. 2014).  Plaintiffs have not demonstrated that this is one of the narrow range of cases where it was "patently obvious" that the Defendant's training program was insufficient.  Kirkpatrick v.

Cnty. of Washoe, 843 F.3d 784, 794 (9th Cir. 2016) (en banc).
Plaintiffs claim to be awaiting additional discovery as to the
City and County's records of incidents involving Tasers, but they
have not supplemented their briefing and have not filed any
Motion with the Court as to any outstanding discovery requests.
The Defendant City and County of Honolulu denies that any
discovery remains outstanding.

Even if Plaintiffs demonstrated that the Defendant City and
County had notice as to its failure to train, there is no
evidence that the Defendant City and County was deliberately
indifferent.  Plaintiffs have not provided any evidence that the
Defendant City and County of Honolulu was aware of incidents
where constitutional rights were violated and that it made a
conscious choice to ignore the incidents.  Blankenhorn v. City of
Orange, 485 F.3d 463, 484-85 (9th Cir. 2007).

## 2.    Failure to Discipline

There is similarly no basis for a Monell claim based on the
failure to discipline.

In this case, the Honolulu Police Department engaged in an
administrative review of the incident involving Haleck on March
16, 2015.  (Report of Administrative Review of Critical Incident
Involving Officer Christopher G. Chung at p. 1, attached as Ex. F
to Pla.'s CSF, ECF No. 147-2).

47

On August 20, 2015, the Honolulu Police Department's Administrative Review Board convened, reviewed the report issued by the Professional Standards Office, and recommended a finding that no further action be taken against Officer Chung. (Declaration of Dave M. Kajihiro, former Deputy Chief of Police and Chair of the Administrative Review Board, ("Kajihiro Decl.") at ¶ 5, ECF No. 136-9).

The Chair of the Administrative Review Board prepared a memorandum as to its findings to former Police Chief Louis M. Kealoha. (Memorandum as to Officer Chung dated August 20, 2015, attached as Ex. G to Pla.'s CSF, ECF No. 147-2).

On September 1, 2015, Officer Chung received a notice from the Honolulu Police Department's Human Resources Division that the Professional Standards Office and the Administrative Review Board found that his actions surrounding the incident on March 16, 2015 were within acceptable parameters. (Notice of Disposition of Administrative Review dated September 1, 2015, attached as Ex. H to Pla.'s CSF, ECF No. 147-4).

Plaintiffs may not prevail on their claim solely on the basis that they believe the Defendant Officers should have been disciplined. Decisions in this District have emphasized that something more than the failure to reprimand is required to prevail on a <u>Monell</u> claim. <u>Kanae v. Hodson</u>, 294 F.Supp.2d 1179, 1190-91 (D. Haw. 2003); <u>Long v. City and Cnty. of Honolulu</u>, 378

48

F.Supp.2d 1241, 1248-49 (D. Haw. 2005).

Plaintiffs have not provided evidence that the administrative review process is futile or that it is nearly impossible for an officer to be disciplined. Kanae, 294 F.Supp.2d at 1190. Plaintiffs' expert opinion that is in disagreement with the conclusion of the Honolulu Police Department's Administrative Review Board is insufficient to create a triable issue of fact for the jury. Long, 378 F.Supp.2d at 1248-49.

Plaintiffs have not established a Section 1983 Monell claim against the Defendant City and County of Honolulu.

Plaintiffs' Amended Motion for Partial Summary Judgment as to the Third Cause of Action in the Second Amended Complaint, as stated against the Defendant City and County of Honolulu, is **DENIED**.

Defendant City and County of Honolulu's Amended Motion for Summary Judgment as to the Third Cause of Action in the Second Amended Complaint is **GRANTED**.

### B. Defendant Kealoha

Plaintiffs seek to bring a Section 1983 supervisor liability claim against Defendant Louis M. Kealoha as former Chief of Police of the Honolulu Police Department.

49

### 1. Failure to Supervise

 A supervisor is liable under Section 1983 for a subordinate's constitutional violations if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  Maxwell v. Cnty. of San Diego, 708 F.3d 1075, 1086 (9th Cir. 2013) (citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)) (internal quotation marks omitted).

Defendant Kealoha was not present at the March 16, 2015 incident.  There is no evidence that he participated in or directed the alleged violations.  Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiffs have also not provided any evidence that Defendant Kealoha was personally involved in the hiring or training of Defendant Officers Chung, Critchlow, and Kardash. Plaintiffs have not provided any evidence that Defendant Kealoha's own actions or failure to act caused the alleged constitutional violations in this case.  Dang v. City of Garden Grove, 2011 WL 3419609, *10 (C.D. Cal. Aug. 2, 2011) (granting summary judgment in favor of the Chief of Police where there was no evidence of the Chief's role in either providing inadequate training of use of a Taser).

## 2. Ratification of Officers' Actions

Beginning on March 18, 2015, the Honolulu Police Department conducted an internal investigation of the March 16, 2015 incident involving Sheldon Haleck. (Report of Administrative Review of Critical Incident Involving Officer Christopher G. Chung at p. 1, attached as Ex. F to Pla.'s CSF, ECF No. 147-2).

On August 20, 2015, the Chair of the Honolulu Police Department's Administrative Review Board prepared a memorandum as to its findings regarding the incident to Defendant Kealoha. (Memorandum as to Officer Chung dated August 20, 2015, attached as Ex. G. to Pla.'s CSF, ECF No. 147-3). Defendant Kealoha concurred with the Board's findings that Officer Chung's use of the Taser was within acceptable parameters. (Notice of Disposition of Administrative Review dated September 1, 2015, attached as Ex. H to Pla.'s CSF, ECF No. 147-4).

Plaintiffs claim that Defendant Kealoha is liable as a supervisor under Section 1983 because he concurred with the Honolulu Police Department's Administrative Review Board's finding.

Even construing the record in Plaintiffs' favor and assuming that the use of force was not permissible, Plaintiffs have failed to provide evidence to support a claim against Defendant Kealoha.

In order to prevail on a <u>Monell</u> claim based on ratification, Plaintiffs must show the supervisor made a conscious, affirmative

choice to ratify a constitutional violation that is tantamount to confirmation of an official policy.  Tokuda, 2014 WL 5580959, at *14; see Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999); Trevino v. Gates, 99 F.3d 911, 920 (9th Cir. 1996).

Defendant Kealoha is only sued in his individual capacity, and not in his official capacity as former Chief of Police of the Honolulu Police Department.  An individual's private actions cannot constitute an official policy or constitute official actions for purposes of municipal liability pursuant to a Monell claim under Section 1983.  Jones v. Town of Quartzsite, 2014 WL 4771851, *12 (D. Ariz. Sept. 24, 2014) (citing Rivera v. Cnty. of Los Angeles, 745 F.3d 384, 389 (9th Cir. 2014)).

To the extent Plaintiffs may bring a Section 1983 claim against Defendant Kealoha in his individual capacity, there is no evidence that Defendant Kealoha deliberately chose to endorse the actions of Officer Chung.  Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992).  A mere failure to overrule the unconstitutional, discretionary acts of a subordinate, without expressing clear endorsement or approval of unlawful conduct, is insufficient for the imposition of supervisor liability under Section 1983.  Id.

Defendant Kealoha cannot be found to have ratified the allegedly unconstitutional conduct by merely signing off on the Administrative Board's finding.  Courts have found that there

must be "something more than the mere evidence that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures." <u>Tokuda</u>, 2014 WL 5580959, *14 (citing <u>Garcia v. City of Imperial</u>, 2010 WL 3911457, at *2-*3 (S.D. Cal. 2010); <u>Kanae</u>, 294 F.Supp.2d at 1190-91; and <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646-48 (9th Cir. 1991) (internal quotation marks omitted)).  In addition, there is no evidence that Defendant Kealoha's ratification was the cause of any alleged constitutional violation.  <u>Long</u>, 378 F.Supp.2d at 1248-49; <u>Booke v. Cnty. of Fresno</u>, 98 F.Supp.3d 1103, 1130 (E.D. Cal. 2015).

Plaintiffs have not established a Section 1983 <u>Monell</u> claim against Defendant Kealoha.

Plaintiffs' Amended Motion for Partial Summary Judgment as to the Third Cause of Action in the Second Amended Complaint, as stated against Defendant Kealoha, is **DENIED.**

Defendant Kealoha's Motion for Summary Judgment as to the Third Cause of Action in the Second Amended Complaint is **GRANTED.**


**FOURTH CAUSE OF ACTION**:   **Assault and Battery stated by all Plaintiffs against Defendant Officers Chung, Critchlow, and Kardash**

**FIFTH CAUSE OF ACTION**:   **Intentional Infliction of Emotional Distress stated by all Plaintiffs against Defendant Officers Chung, Critchlow, and Kardash**

**SIXTH CAUSE OF ACTION**:    **Negligence stated by all Plaintiffs against Defendant Officers Chung, Critchlow, and Kardash**

**SEVENTH CAUSE OF ACTION**:  **Negligent Infliction of Emotional Distress stated by all Plaintiffs against Defendant Officers Chung, Critchlow, and Kardash**

Plaintiffs Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck, and Jessica Y. Haleck, individually and as Guardian Ad Litem for Jeremiah M.V. Haleck, William E. Haleck, and Verdell B. Haleck have alleged state tort law claims in Causes of Action 4-7 against Defendant Officers Chung, Critchlow, and Kardash.

Plaintiffs do not allege Causes of Action 4-7 against the Defendant City and County of Honolulu and Defendant Kealoha.

Under Hawaii law, non-judicial government officials acting in the performance of their public duties enjoy a "qualified or conditional privilege." Towse v. State, 647 P.2d 696, 702 (Haw. 1982). The privilege protects the official from liability for tortious acts unless the injured party demonstrates by "clear and convincing proof" that the official was motivated by "malice and not by an otherwise proper purpose." Id. For torts other than defamation, actual malice must be proven to overcome the privilege. Wereb v. Cnty. of Maui, 727 F.Supp.2d 898, 924 (D. Haw. 2010).

"Actual malice" for purposes of the conditional privilege is

54

construed in its ordinary and usual sense to mean "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights, and ill will; wickedness of heart." Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007).

Plaintiffs are unable to prevail on their negligence causes of action in Causes of Action 6 and 7. Plaintiffs must prove that the Defendant Officers acted with "actual malice" in order to overcome conditional privilege. The element of actual malice required to overcome a conditional privilege is "incompatible with a claim based on negligence." Dawkins v. City and Cnty. of Honolulu, 2011 WL 1598788, *15 (D. Haw. Apr. 27, 2011); Bartolome v. Kashimoto, 2009 WL 1956278, at *2 (D. Haw. 2009); see Tagawa v. Maui Pub. Co., 448 P.2d 337, 341 (Haw. 1968).

With respect to the remaining tort claims of assault and battery and intentional infliction of emotional distress, Plaintiffs have not pointed to any evidence that Officers Chung, Critchlow, or Kardash were motivated by malice. Carroll v. Cnty. of Maui, Civ. No. 13-00066DKW-KSC, 2015 WL 1470732, *7 (D. Haw. Mar. 31, 2015). Officers Chung, Critchlow, and Kardash are entitled to conditional privilege as to Plaintiffs' state law tort claims. Tokuda, 2014 WL 5580959, *10 (granting summary judgment for a defendant police officer when there was no evidence in the record that the officer was motivated by malice).

55

Defendant Officers Chung, Critchlow, and Kardash's Motion for Summary Judgment as to Causes of Action 4-7 in the Second Amended Complaint is **GRANTED.**


**EIGHTH CAUSE OF ACTION**:  **Interference with Civil Rights Stated by All Plaintiffs Against Defendants City and County of Honolulu and Louis M. Kealoha**

Plaintiffs' Eighth Cause of Action in their Second Amended Complaint is a claim for "interference with civil rights." (Second Amended Complaint at p. 17, ECF No. 189). Plaintiffs assert the Eighth Cause of Action against the Defendant City and County of Honolulu and Defendant Kealoha.

The Eighth Cause of Action concerns the timing of the release of government records to Plaintiffs regarding the March 16, 2015 incident.

The Parties do not dispute the facts related to Plaintiffs' Eighth Cause of Action:

On May 13, 2015, Plaintiffs' Attorney sent a written request to the Defendant City and County of Honolulu for government records regarding the March 16, 2015 incident involving Haleck. (Letter from Attorney Seitz to Chief of Police dated May 13, 2015, attached as Ex. H to Honolulu's CSF, ECF No. 136-20).

Two weeks later, on May 27, 2015, the Defendant City and

County of Honolulu informed Attorney Seitz that it was unable to disclose the records requested at that time because they were protected pursuant to Hawaii Revised Statutes Section 92F-13(3) and Section 92F-14.  (Letter from Defendant City and County of Honolulu to Attorney Seitz dated May 27, 2015, attached as Ex. I to Honolulu's CSF, ECF No. 136-21).

The Defendant City and County identified in their letter that disclosure of the records at that time was not appropriate because the requested documents were part of an ongoing investigation and were protected from release pending the outcome of the investigation.  (Id.)

A month later, on June 30, 2015, the Honolulu Police Department's Media Liaison Office released two copies of videos that showed the deployment of the Taser at decedent Haleck from the night of March 16, 2015 to news media outlets.  (Declaration of Sarah Yoro at ¶ 3, attached to Honolulu's CSF, ECF No. 136-12; CD containing videos attached as Ex. K to Honolulu's CSF, ECF No. 136-23).  There is no evidence that the identity of Haleck as the individual in the video was released to the media.

The next day, on July 1, 2015, media outlet KHON2 news reported partial results from the autopsy report of the decedent Haleck.  (KHON2 news article dated July 1, 2015, attached as Ex. N to Pla.'s Opp., ECF No. 155-5).

Two weeks later, on July 13, 2015, the Defendant City and

County of Honolulu authorized the release of the entire autopsy report and a copy of the report was mailed to Plaintiffs' Attorney.  (Declaration of Chief Medical Examiner Dr. Christopher Happy at ¶¶ 22-23, attached to Honolulu's CSF, ECF No. 136-4).  A copy of the autopsy report was also provided to a reporter for the Civil Beat and to Queen's Medical Center.  (Id. at ¶¶ 27, 29).

Plaintiffs' Eighth Cause of Action is premised on the idea that Plaintiffs did not receive the records they requested in a timely manner.  Plaintiffs requested the records on May 13, 2015, and they received the information two months later on July 13, 2015, after the conclusion of the Defendant City and County of Honolulu's investigation.

There is no legal or factual basis for Plaintiffs' cause of action.  Both the Defendant City and County of Honolulu and Defendant Kealoha are entitled to summary judgment in their favor as to Plaintiffs' Eighth Cause of Action.

## A.    Claim as to Defendant City and County of Honolulu

Plaintiffs have not articulated the legal basis for their Eighth Cause of Action based on the timing of the disclosures of the Taser videos and the autopsy report of Haleck.

The Defendant City and County of Honolulu did not violate Plaintiffs' rights.  It properly initially withheld the

information pursuant to two provisions in the Hawaii Uniform Information Practices Act, Hawaii Revised Statutes 92F-13 and 92F-14.

## 1.    Hawaii Uniform Information Practices Act

The Hawaii Uniform Practices Act, codified at 92F-1 governs the release of government records to the public.  The Defendant City and County of Honolulu cited to the Act when it initially declined to provide Plaintiffs with information as to the March 16, 2015 incident.  Hawaii Revised Statutes 92F-13(3), provides:

> This part shall not require disclosure of government records that, by their nature, must be confidential in order for the government to avoid the frustration of a legitimate government function.

> Hawaii Revised Statutes 92F-14 provides:

> (a) Disclosure of a government record shall not constitute a clearly unwarranted invasion of personal privacy if the public interest in disclosure outweighs the privacy interest of the individual.

> (b) The following are examples of information in which the individual has a significant privacy interest:

>> (1) Information relating to medical, psychiatric, or psychological history, diagnosis, condition, treatment, or evaluation, other than directory information while an individual is present at such facility;

>> (2) Information identifiable as part of an investigation into a possible violation of criminal law, except to the extent that disclosure is necessary to prosecute the violation or to continue

59

the investigation.

Haw. Rev. Stat. 92F-14(a)-(b)(1)-(2).

Plaintiffs have not provided any basis to find that the Defendant City and County of Honolulu violated either Haw. Rev. Stat. 92F-13 or 92F-14. Neither of the statutes requires the dissemination of private material to the next of kin before its general release.

Plaintiffs are unable to prevail on a claim pursuant to the Hawaii Uniform Information Practices Act. Morgan v. Cnty. of Hawaii, Civ. No. 14-00551SOM-BMK, 2016 WL 1254222, *24 (D. Haw. Mar. 29, 2016) (granting summary judgment in favor of the county when there was no evidence that the defendant intentionally leaked protected privacy information to the local news media).

## 2. Conspiracy in Violation of 42 U.S.C. § 1985(3)

Plaintiffs appear to allege that the Defendant City and County of Honolulu engaged in a private conspiracy to withhold the information from them. Plaintiffs allege that it "impeded, hindered, and obstructed the due course of justice and denied Plaintiffs' due process and equal protection of the laws" by "preventing Plaintiffs from receiving all requested information, covering up, and whitewashing the events of March 16, 2015, with selective public release of information and video recordings." (Second Amended Complaint at ¶ 99, ECF No. 189).

Private conspiracies to deny any person or class of person the equal protection of the laws are covered by 42 U.S.C. § 1985(3).  Bretz v. Kelman, 773 F.2d 1026, 1028-29 (9th Cir. 1985).

To prevail on a cause of action pursuant to Section 1985(3), a plaintiff must demonstrate:

(1)  a conspiracy;

(2)  to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;

(3)  an act by one of the conspirators in furtherance of the conspiracy; and,

(4)  a personal injury, property damage, or deprivation of any right or privilege of a citizen of the United States.

Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 101-03 (1971)).

Plaintiffs here must show an invidiously discriminatory, racial, or class-based animus.  Bretz, 773 F.2d at 1029-30. There is no such evidence in this case.  There is no evidence as to any of the Plaintiffs' race or class.  There is no evidence that any of the individuals responsible for disclosing the Taser videos or the autopsy report were motivated by discriminatory animus.  Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001); Bepple v. Shelton, 2016 WL 633892, *8 (D. Or. Feb. 17, 2016) (granting summary judgment for the defendant when there was no evidence of invidious class-based animus).

61

The public interest in the disclosure of the information relating to the police encounter with Haleck outweighed the privacy interest of the Plaintiffs.  The public concern as to the actions of police officers is given great weight when balanced against competing privacy interests.  See Peer News LLC v. City and Cnty. of Honolulu, 376 P.3d 1, 21 (Haw. 2016).  The public had a right to the information contained in the autopsy report and the videos from the Taser deployment.

Defendant City and County of Honolulu's Amended Motion for Summary Judgment as to the Eighth Cause of Action in the Second Amended Complaint is **GRANTED.**

## B.   Claim as to Defendant Kealoha

Plaintiffs have presented no evidence that Defendant Kealoha participated in any way with the dissemination of any information either to them or the press involving the March 16, 2015 incident.

There is no evidence that Defendant Kealoha participated in, prepared, reviewed, or approved the press release dated March 17, 2015.  (Declaration of Metropolitan Police Captain Rade K. Vanic at ¶¶ 4, 5, attached to Honolulu's CSF, ECF No. 136-11).

There is no evidence that Defendant Kealoha was involved in preparing, reviewing, or approving the May 27, 2015 letter to Attorney Seitz that initially declined to release information

regarding the March 16, 2015 incident. (Declaration of Major Cylde K. Ho at ¶ 6, attached to Honolulu's CSF, ECF No. 136-10).

There is no evidence that Defendant Kealoha was involved with, participated in, prepared, or released the videos to the media on June 30, 2016. (Yoro Decl. at ¶ 4, ECF No. 136-12).

There is no evidence that Defendant Kealoha was involved in the release of the autopsy report. (Dr. Happy Decl. at ¶¶ 18-29, ECF No. 136-4).

To the extent Plaintiffs attempt to bring a conspiracy claim against Defendant Kealoha either pursuant to 42 U.S.C. §§ 1985(2) or 1985(3), Plaintiffs have not presented evidence of any discriminatory animus toward them on behalf of Defendant Kealoha. Bretz, 773 F.2d at 1029-30; Orin, 272 F.3d at 1217.

Defendant Kealoha's Motion for Summary Judgment as to the Eighth Cause of Action in the Second Amended Complaint is **GRANTED**.

## CONCLUSION

Defendant Louis M. Kealoha's Motion for Summary Judgment (ECF No. 193) is **GRANTED**.

Plaintiffs' Amended Motion for Partial Summary Judgment (ECF No. 195) is **DENIED**.

Defendant City and County of Honolulu's Amended Motion for Summary Judgment (ECF No. 199) is **GRANTED**.

Defendant Officers Christopher Chung, Samantha Critchlow, and Stephen Kardash's Amended Motion for Summary Judgment (ECF No. 200) is **GRANTED, IN PART, AND DENIED, IN PART.**


**SUMMARY JUDGMENT IS GRANTED IN FAVOR OF THE RESPECTIVE DEFENDANTS AS TO CAUSES OF ACTION 2-8:**

SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE FOURTEENTH AMENDMENT:

> **Summary Judgment is entered in favor of Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash**


THIRD CAUSE OF ACTION FOR MUNICIPALITY AND SUPERVISOR LIABILITY:

> **Summary Judgment is entered in favor of Defendants City and County of Honolulu and Louis M. Kealoha**


FOURTH CAUSE OF ACTION FOR ASSAULT AND BATTERY:

> **Summary Judgment is entered in favor of Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash**

FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

> **Summary Judgment is entered in favor of Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash**


SIXTH CAUSE OF ACTION FOR NEGLIGENCE:

> **Summary Judgment is entered in favor of Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash**

SEVENTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL
DISTRESS:

> **Summary Judgment is entered in favor of
> Defendants Christopher Chung, Samantha
> Critchlow, and Stephen Kardash**

EIGHTH CAUSE OF ACTION FOR INTERFERENCE WITH CIVIL RIGHTS:

> **Summary Judgment is entered in favor of
> Defendants City and County of Honolulu
> and Louis M. Kealoha**

**THE ONLY REMAINING CAUSE OF ACTION:**

FIRST CAUSE OF ACTION FOR EXCESSIVE FORCE IN VIOLATION OF THE
FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42
U.S.C. § 1983:

> The First Cause of Action as stated by
> Plaintiff Gulstan E. Silva, Jr., as
> Personal Representative of the Estate of
> Sheldon Paul Haleck, against Defendants
> Christopher Chung, Samantha Critchlow,
> and Stephen Kardash in their individual
> capacities is the only remaining cause
> of action for trial.

**REMAINING PARTIES:**

PLAINTIFFS:

> The only remaining Plaintiff is Gulstan
> E. Silva, Jr., as Personal
> Representative of the Estate of Sheldon
> Paul Haleck.
>
> There are no remaining claims by
> Plaintiffs Jessica Y. Haleck,
> individually and as Guardian Ad Litem
> for Jeremiah M.V. Haleck, William E.
> Haleck, and Verdell B. Haleck.

DEFENDANTS:

> The <u>only remaining Defendants</u> are
> Christopher Chung, Samantha Critchlow,
> and Stephen Kardash in their individual
> capacities.
>
> There are no remaining claims against
> Defendant City and County of Honolulu
> and Defendant Louis M. Kealoha.

IT IS SO ORDERED.

DATED: June 27, 2017, Honolulu, Hawaii.

Helen Gillmor
United States District Judge


<u>Gulstan E. Silva, Jr., as Personal Representative of the Estate
of Sheldon Paul Haleck; Jessica Y. Haleck, Individually and as
Guardian Ad Litem of Jeremiah M.V. Haleck; William E. Haleck;
Verdell B. Haleck v. City and County of Honolulu; Louis M.
Kealoha, Individually; Christopher Chung; Samantha Critchlow;
Stephen Kardash</u>, Civ. No. 15-00436 HG-KJM; **ORDER GRANTING
DEFENDANT LOUIS M. KEALOHA'S MOTION FOR SUMMARY JUDGMENT (ECF No.
193) and DENYING PLAINTIFFS' AMENDED MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO THE LIABILITY OF DEFENDANTS CHRISTOPHER CHUNG,
SAMANTHA CRITCHLOW, STEPHEN KARDASH, LOUIS M. KEALOHA, AND CITY
AND COUNTY OF HONOLULU FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS
(ECF No. 195) and GRANTING DEFENDANT CITY AND COUNTY OF
HONOLULU'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF No. 199) and
GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS CHRISTOPHER
CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S AMENDED MOTION
FOR SUMMARY JUDGMENT (ECF No. 200)**