FILED

JUL 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**+CORRECTED**
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GULSTAN E. SILVA, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck; JESSICA Y. HALECK, Individually, and as Guardian Ad Litem of Jeremiah M. V. Haleck; WILLIAM E. HALECK; VERDELL B. HALECK, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CHRISTOPHER CHUNG; SAMANTHA CRITCHLOW; STEPHEN KARDASH, <br><br> Defendants-Appellants. | No. 17-16406 <br><br> D.C. No. 1:15-cv-00436-HG-KJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted June 11, 2018
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Honolulu police officers Christopher Chung, Samantha Critchlow, and Stephen Kardash (collectively "Appellants"), appeal the district court's order denying their motion for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action arising out of the death of Sheldon Paul Haleck ("Haleck"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We may review a denial of summary judgment based on qualified immunity where a defendant argues that the evidence, construed in the light most favorable to the nonmoving party, shows no violation of the Fourth Amendment or clearly established law. *See A.K.H. v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016). We review such denials of summary judgment de novo. *Blanford v. Sacramento Cty.*, 406 F.3d 1110, 1114 (9th Cir. 2005). We view the material facts in the light most favorable to the nonmoving party, *K.R.L. v. Estate of Moore*, 512 F.3d 1184, 1188-1189 (9th Cir. 2008) (citing *Jeffers v. Gomez*, 267 F.3d 895, 905 (9th Cir. 2001), and draw all reasonable factual inferences in their favor, *John v. City of El Monte*, 515 F.3d 936, 941 (9th Cir. 2008).

Appellees presented evidence that, on the evening of March 16, 2015, Officer Chung responded to a call from dispatch regarding a man walking down the middle of South King Street in Honolulu. When he arrived at the scene, Officer Chung observed Haleck walking in the middle of the street. Officer

Critchlow arrived about one minute later. Both Officers Chung and Critchlow instructed Haleck to move to the sidewalk. Haleck did not comply with their instructions and instead apologized and walked away from the officers. After Haleck failed to move to the sidewalk, Officers Chung and Critchlow pepper sprayed Haleck multiple times without warnings. Officer Critchlow pepper sprayed Haleck four to five times, and Officer Chung pepper sprayed Haleck two to three times.

    Haleck continued to move away from the officers, dodging from side to side in the middle of the street. Officer Kardash then arrived at the scene, boxed Haleck in, and ordered Haleck to move to the sidewalk. Haleck did not comply, and Officer Kardash pepper sprayed Haleck two to three times. Officer Chung then deployed his Taser in dart-mode. Officer Chung first shot the Taser at Haleck's chest. Haleck remained standing and turned away from Chung. Officer Chung then deployed his Taser in dart-mode a second time into Haleck's back. Without warning, Officer Chung pulled the Taser trigger again, releasing a third electric current. Following the third pull of the Taser trigger, Haleck fell face-forward to the ground in the direction of Officer Kardash. Haleck was then arrested for disorderly conduct. Additional officers arrived at the scene, cuffed Haleck's hands, shackled his legs, and carried Haleck to the side of the road where he lost

consciousness and stopped breathing. Haleck was resuscitated and taken to the hospital where he was pronounced dead the next morning.

To determine whether an officer is entitled to summary judgment based on qualified immunity, we consider, viewing the facts in the light most favorable to Appellees: (1) whether the officer used excessive force in violation of the Fourth Amendment; and (2) if so, whether the officer violated clearly established law. *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010). We address each question, in turn, for each method of force used against Haleck.

### 1. Taser

Deployment of a Taser in dart-mode constitutes an "intermediate, significant level of force" that must be justified by "'a strong government interest [that] compels the employment of such force.'" *Bryan*, 630 F.3d at 826 (quoting *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1057 (9th Cir. 2003), and *Deorle v. Rutherford*, 272 F.3d 1272, 1280 (9th Cir. 2001) (first alteration added and internal quotation marks omitted). This is because "[t]he physiological effects, the high levels of pain, and foreseeable risk of physical injury lead us to conclude that the [Taser] and similar devices are a greater

intrusion than other non-lethal methods of force we have confronted." *Bryan*, 630 F.3d at 826.

Whether the governmental interests permitted Officer Chung's use of Taser force is evaluated by examining three primary factors: (1) "the severity of the crime at issue," (2) "whether the suspect pose[d] an immediate threat to the safety of the officers or others," and (3) "whether [the suspect] [was] actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). The "'most important' factor under *Graham* is whether the suspect posed an 'immediate threat to the safety of officers or third parties.'" *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013) (quoting *Bryan*, 630 F.3d at 826).

Here, there was no serious crime at issue. Appellants were responding to a dispatch call about a man walking in the middle of the road. Nor was Haleck an immediate threat to himself or others. Haleck made neither physical nor verbal threats. There also was no threat to traffic during the encounter. Appellees offered evidence that traffic was stopped. Finally, Haleck was never told he was under arrest, and he never actively attempted to evade arrest by flight.

Officer Chung's use of his Taser violated clearly established law. In *Bryan v. MacPherson*, we held that one deployment of the Taser X26 in dart-mode

5

against a belligerent individual who was unarmed, non-threatening, and apprehended for a minor traffic violation, was excessive. 630 F.3d 805. Here, Haleck was met with even greater Taser force, and was not belligerent. In *Brooks v. City of Seattle*, one of the two underlying cases in *Mattos v. Agarano*, 661 F.3d 433 (9th Cir. 2011) (en banc), this court, sitting en banc, held that multiple Taser deployments on an individual who no longer poses even a potential threat to the officers' or others' safety, much less an "immediate threat," was unconstitutional. *Mattos*, 661 F.3d at 444 (citing *Deorle*, 272 F.3d at 1280). Here, Haleck was unarmed and never posed even a potential threat to Officer Chung or Officer Critchlow, because Haleck, unlike Brooks, never had access to even a potential weapon, such as a car.

### 2. Pepper Spray

Officers Chung, Critchlow, and Kardash used pepper spray numerous times on Haleck. Appellants concede that a warning did not precede each deployment of pepper spray. Officer Kardash testified he pepper sprayed Haleck two to three times, Officer Critchlow testified he pepper sprayed Haleck four to five times, and Officer Chung testified he pepper sprayed Haleck two to three times.

Pepper spray is regarded as an "intermediate force" that presents a significant intrusion upon an individual's liberty interests. *Nelson v. City of Davis*, 685 F.3d 867, 878 (9th Cir. 2012). Pepper spray "is *designed* to cause intense pain," and inflicts "a burning sensation that causes mucus to come out of the nose, an involuntary closing of the eyes, a gagging reflex, and temporary paralysis of the larynx," as well as "disorientation, anxiety, and panic." *Young v. Cty. Of L.A.*, 655 F.3d 1156, 1162 (9th Cir. 2011) (quoting *Headwaters Forest Def. v. Cty. of Humboldt*, 240 F.3d 1185, 1199-1200 (9th Cir. 2000), *vacated and remanded on other grounds*, 534 U.S. 801 (2001)). Under our case law, a reasonable officer would be on notice in 2015 "that police officers employ excessive force in violation of the Fourth Amendment when they use pepper spray upon an individual who is engaged in the commission of a non-violent misdemeanor and who is disobeying a police officer's order but otherwise poses no threat to the officer or others." *Young*, 655 F.3d at 1168. *See also Nelson*, 685 F.3d at 885 (stating that the use of pepper spray was "an unreasonable application of force against individuals who were suspected of only minor criminal activity, offered only passive resistance, and posed little to no threat of harms to others").

Viewing the facts in the light most favorable to Appellees, considering the number of times Haleck was pepper-sprayed, the three *Graham* factors, the

availability of alternative means for executing arrest, and Haleck's vulnerable mental state, there is a factual issue for the jury whether Appellants' use of force violated both the Fourth Amendment and clearly established law. *See Smith v. City of Hemet*, 394 F.3d 698, 704 n.7.

### 3. Community Caretaking Doctrine

Officers' "community caretaking" actions must meet the overarching standard of "reasonableness." *See Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005) (citing *Cooper v. California,* 386 U.S. 58, 59 (1967)) (holding that in considering whether a seizure is appropriate under the community caretaking doctrine, "we must examine whether this seizure is reasonable based on all of the facts presented"); *see also Ames v. King Cty., Wash.*, 846 F.3d 340, 348 (9th Cir. 2017) ("we must determine … whether the actions she took in subduing Ames were objectively reasonable") (citing *Scott v. Harris*, 550 U.S. 372 (2007)). Although Appellants were serving in a caretaking function, there was no emergency to increase the "severity" of the circumstances.

We affirm the district court's denial of qualified immunity and remand for further proceedings consistent with this disposition.

**AFFIRMED.**