PAUL S. AOKI                1286
Acting Corporation Counsel

TRACI REI MORITA            7983
MITSUKO TAKAHASHI           9141
NICOLETTE WINTER            9588
Deputies Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, Hawai'i  96813
Telephone:  (808) 768-5493 / (808) 768-5111 / (808) 768-5234
Facsimile:  (808) 768-5105
Email: tmorita1@honolulu.gov / mitsuko.takahashi@honolulu.gov / nwinter@honolulu.gov

Attorneys for Defendants
CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GULSTAN E. SILVA, JR., as Personal Representative of the Estate of Sheldon Paul Haleck,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER CHUNG; SAMANTHA CRITCHLOW; AND STEPHEN KARDASH, in their individual capacities,<br><br>Defendants. | CIVIL NO. CV15-00436 HG/KJM<br><br>DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S **AMENDED SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**; CERTIFICATE OF SERVICE<br><br><br>Trial Date: May 21, 2019. |

DEFENDANTS CHRISTOPHER CHUNG,
SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S
AMENDED SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Come now Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash ("Defendants"), by and through their attorneys, Paul S. Aoki, Acting Corporation Counsel, hereby submit the following Supplemental Proposed Jury Instructions pursuant to Rule 51.1 of the Rules of the United States District Court for the District of Hawai'i.

Defendants reserve the right to withdraw any supplemental proposed instruction, to add new supplemental proposed instruction and/or to amend any supplemental proposed instruction.

DATED:  Honolulu, Hawai'i, May 13, 2019.

                        PAUL S. AOKI
                        Acting Corporation Counsel

                        By: /s/ Traci Rei Morita
                            TRACI REI MORITA
                            MITSUKO TAKAHASHI
                            NICOLETTE WINTER
                            Deputies Corporation Counsel

                            Attorneys for Defendants
                            CHRISTOPHER CHUNG, SAMANTHA
                            CRITCHLOW, AND STEPHEN KARDASH

- 1 -

# DEFENDANTS' PROPOSED INSTRUCTION NO. 1

SECTION 1983 CLAIM — INTRODUCTORY INSTRUCTION

The Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the constitution or laws of the United States shall be liable to the injured party.

9th Cir., Model Jury Instructions, No. 9.1

# DEFENDANTS' PROPOSED INSTRUCTION NO. 2

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against Defendants Chung, Critchlow and/or Kardash, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.	The Defendant acted under color of law; and

2.	The acts of the Defendant deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions.

In order to be individually liable pursuant to § 1983, an individual defendant must personally participate in the constitutional deprivation.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff his proved all the elements he is required to prove under the Instruction No. 3 (Excessive Force), your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff his failed to prove any one or more of these elements, your verdict should be for the defendants.

9th Cir., Model Jury Instructions, No. 9.2 (modified to add "in order to be individually liable pursuant to § 1983, an individual defendant must personally participate in the constitutional deprivation");*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)(In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation); *id.* (quoting *Parrat v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986))(the elements of a § 1983 claim are (1) the action occurred 'under color of state law' and (2) the action resulted in deprivation of a constitutional right or federal statutory right.")

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3

### PARTICULAR RIGHTS — FOURTH AMENDMENT — UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself, herself, or others.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer[s] used excessive force when they took decedent into custody.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including but not limited to:

1. Whether the decedent posed an immediate threat to the safety of the officers or to others;

2. The severity of the crime or other circumstances to which the officers were responding, [including the degree of necessity of the officers exercising their community caretaking functions;]

3. Whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

[6. The availability of alternative methods to take the decedent into custody or to subdue the decedent.]

[7. The potential danger posed by the decedent, because he was under the influence of drugs, to the officers in attempting to subdue him.]

[8. Whether the decedent was compliant with the orders of the officers.]

[9. The number of lives at risk (motorists, pedestrians, police officers) and the relative responsibility/culpability among the parties for the incident (i.e. which party created the dangerous situation)]

9th Cir., Model Jury Instructions, No. 9.22 (modified to add "they took into custody" as factual basis; added "including the degree of necessity of the officers exercising their community caretaking function" in subsection (2), added as factors "the potential danger posed by the decedent, because he was under the influence of drugs, to the officers in attempting to subdue him," "whether the decedent was compliant with the orders of the officers" and "the number of lives at risk (motorists, pedestrians, police officers) and the relative responsibility/culpability among the parties for the incident (i.e. which party created the dangerous situation)", and put the factor of whether the suspect posed an immediate threat first).

For factors additional to Model Instructions: *see Mattos v. Agarano*, 661 F.3d 433, 450-451 (9th Cir. 2011); *Balderas v. City of Porterville*, 801 F.Supp.2d 965, 979 ("It may also be appropriate to consider the parties 'relative culpability, i.e. which party created the dangerous situation and which party is more innocent, may also be considered.');

The "relative culpability" of the parties— *i.e.*, which party created the dangerous situation and which party is more innocent— may also be considered in determining the reasonableness of the force used. *Espinosa v. City & Cnty. of S.F.*, 598 F.3d 528, 537 (9th Cir.2010) (citing *Scott*, 550 U.S. at 384).

*Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010)"); *Ames v. King County*, 846 F.3d 340, 348-49 (9th Cir. 2017)(district court misapplied "severity of crime at issue" when focusing narrowly on misdemeanor obstruction rather than the nature of the ongoing emergency exacerbated by Ame's

resistance. Officer was acting in her community caretaking capacity)

"When an officer's particular use of force is based on a mistake of fact, we ask whether a reasonable officer would have or should have accurately perceived that fact." *Torres v. City of Madera*, 648 F.3d 1119, 1124 (9th Cir.2011) (citing *Jensen v. City of Oxnard*, 145 F.3d 1078, 1086 (9th Cir.1998)) (emphasis in original). "[W]hether the mistake was an honest one is not the concern, only whether it was a reasonable one." *Id.* at 1127 (emphasis in original).

"The 'most important' factor under *Graham* is whether the suspect posed an 'immediate threat to the safety of the officers or others.'" *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3A

### PARTICULAR RIGHTS — FOURTH AMENDMENT - UNREASONABLE SEIZURE OF A PERSON — GENERALLY

As previously explained, the Plaintiff has the burden to prove that the acts of the defendants deprived the Plaintiff of particular rights under the United States Constitution. In this case, the Plaintiff alleges the defendants deprived decedent of his rights under the Fourth Amendment to the Constitution when defendants used excessive force to arrest him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the defendants deprived the decedent of this Fourth Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendants Chung, Critchlow, and/or Kardash seized the decedent's person;

2. In seizing the decedent's person, Chung, Critchlow, and Kardash acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when [he] [she] restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about [his] [her] business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

1. the number of officers present;
2. whether weapons were displayed;
3. whether the encounter occurred in a public or nonpublic setting;
4. whether the officer's manner would imply that compliance would be compelled; and
5. whether the officers advised the plaintiff that he was free to leave.

[A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to engage in the act[s] that caused a seizure of the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.]

9th Cir., Model Jury Instructions, No. 9.18 (inserted "when defendants used excessive force to arrest him" as factual material)

If the court is able to determine as a matter of law that the plaintiff was seized, the Committee recommends the court instruct the jury accordingly and omit the portions of this instruction that define a seizure. Section 1983 "contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1071-72 (9th Cir.2012) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). It is well settled that "negligent acts do not incur constitutional liability." *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir.2002). Specific intent to violate a person's rights "is not a prerequisite to liability under § 1983." *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir.1992). With espect to the Fourth Amendment, the Supreme Court has defined a seizure of a person as "a governmental termination of freedom of movement *through means intentionally applied.*" *Brower v. Cnty. ofInyo*, 489 U.S. 593, 596-97 (1989) (emphasis in original); *see also Brendlin v. California*, 551 U.S. 249, 254 (2007). Thus, this instruction includes an optional definition of the term "intentionally" for use when it would be helpful to the jury.

# DEFENDANTS' PROPOSED INSTRUCTION NO. 4

## DAMAGES-PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's excessive force claim, you must also determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of the injuries;

2. The disability, disfigurement, and loss of enjoyment of life experienced;

3. The mental, physical, and emotional pain and suffering experienced;

4. The reasonable value of necessary medical care, treatment, and services received to the present time;

5. The reasonable value of wages, earnings, earning capacity, business opportunities, and employment opportunities lost to the present time;

6. The reasonable value of wages, earnings, earning capacity, business opportunities, and employment opportunities which with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

9th Cir. Model Jury Instructions, 5.1, 5.2 (modified to include applicable bracketed material in instruction 5.2)

# DEFENDANTS' PROPOSED INSTRUCTION NO. 5

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the individual defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

9th Cir. Model Jury Instructions, 5.5

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The plaintiff claims that officers Chung, Critchlow, and/or Kardash used excessive force on decedent, and that decedent died as a result of their use of excessive force. The plaintiff has the burden of proving these claims.

Defendants deny these claims and contend that their use of force was reasonable and that their use of force, even if unreasonable, did not cause decedent's death.

9th Cir., Model Jury Instructions, No. 1.2 (modified to insert plaintiff's claims).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7

An officer is not required to use the least intrusive means of responding to an exigent situation, they need only act within the range of conduct we identify as reasonable. The existence of an injury does not mean that a plaintiff's constitutional rights have been violated or that police officers used excessive force.

*Hughes v. Kisela*, 841 F.3d 1081, 1087 (9th Cir. 2016)(quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1995))(Although officers must consider the availability of other, less intrusive means, officers "need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable."); *Marquez v. City of Pheonix*, 693 F.3d 1167, 1174 (9th Cir. 2012)(Police officers "are not required to use the least intrusive degree of force possible," but only must act within a reasonable range of conduct); *Graham v Connor*, 490 U.S. 386, 397 (1989)("The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."); *Morgan v. City of Haw.*, No. 14-00551 SOM-BMK, 2016 U.S. Dist. LEXIS 41063, at 23 (D. Haw. March. 29, 2016)("The existence of an injury does not mean that a plaintiff's constitutional rights have been violated or that police officers used excessive force in arresting the plaintiff.").

- 11 -

## DEFENDANTS' PROPOSED INSTRUCTION NO. 8

The reasonableness of the conduct of police officers must be judged from the perspective of a reasonable officer at the scene, rather than the 20/20 vision of hind sight.

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force in a particular situation.

The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motive.

*Graham v Connor*, 490 U.S. 386, 396-397, 104 L.Ed.2d 443,455-456, 109 S.Ct. 1865 (1989); *Hansen v. Black*, 885 F.2d 642 (9th Cir. 1989).

# DEFENDANTS' PROPOSED INSTRUCTION NO. 9

ROLE OF POLICIES AND TRAINING MATERIALS

Police Department policies and training materials may be considered in the determination of whether a use of force is proper, however, such policies and/or training materials do not provide the constitutional standard. As stated, the constitutional standard is whether a use of force is objectively reasonable under all (the totality of) the circumstances.

*Drummond v. City of Anaheim*, 343 F.3d 1052, (9th Cir. 2003);
*United States v. Guzman Padilla*, 573 F.3d 865, 888 (9th Cir. 2009)(the choice among reasonable alternatives rests with the government officials. "It is therefore inappropriate to commit to the courts- much less to the authors of a training manual — the decision as to which among reasonable alternative law enforcement techniques should be employed.")

# DEFENDANTS' PROPOSED INSTRUCTION NO. 10

## CAUSATION

In order to establish that the acts of Defendants Chung, Critchlow, and/or Kardash deprived plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of evidence that the death of decedent would not have occurred but for the defendant's actions, and that the defendant's actions were the proximate cause of decedent's death. An act is a proximate cause of the plaintiff's injuries if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

*See* 9th Cir. Model Jury Instructions, No. 9.8 (modified)
*Martinez v. California,* 444 U.S. 277, 285 (1980)(holding that just like a tort plaintiff, a § 1983 plaintiff must establish both causation in fact and proximate causation)*; Brower v. Cty. of Inyo*, 489 U.S. 593, 599 (1989)("[I]f Brower had had the opportunity to stop voluntarily at the roadblock, but had negligently or intentionally driven into it, then, because of lack of proximate causality, respondents, though responsible for depriving him of his freedom of movement, would not be liable for his death."); *Lamont v. New Jersey*, 637 F.3d 177, 185-86 (3d Cir. 2011)("[W]e conclude that the trooper's decision to enter the woods did not proximately cause Quick's death."); *Cameron v. Pontiac*, 813 F.2d 782, (6th Cir. 1987)(state was found not liable for death of fleeing defendant when defendant ran onto highway and was killed by a truck because alleged unreasonable seizure was not the proximate cause of defendant's death); *Garcia v. Santa Clara Cty.*, Nos. C-02-04360 RMW, 76, 2004 U.S. Dist. LEXIS 20391, at 23-26 (N.D. Cal. Sept. 29, 2004)(citations omitted); *Bodine v. Warwick*, 72 F.3d 393, 400 (3d Cir. 1995)(even when police action preceding allegedly excessive use of force was

unlawful, under basic principles of tort law, the troopers would only liable for the harm proximately or legally caused by their conduct, not for all of the harm proximately or legally caused by their tortious conduct.) George v. City of Long Beach, 973 F.2d 706 (9th Cir. 1992), cert. denied, 507 U.S. 915, 122 L. Ed. 2d 664, 113 S. Ct. 1269 (1993). *Bailey v. Oakdale Police Dep't*, No. 1:05-CV-00113 OWW SMS, 2008 U.S. Dist. LEXIS 7648, at 20-27 (E.D. Cal. Jan. 30, 2008) (with respect to a 1983 excessive force claim, holding that there is a triable issue of fact whether defendants' actions were a substantial factor in causing the amputation of Plaintiff's leg); *Mendez v. City of L.A.*, 897 F.3d 1067, 1076 (9th Cir. 2018)(with respect to Fourth amendment 1983 claims brought against officers, holding that "the touchstone of proximate cause in a § 1983 action is foreseeability."); *Delee v. Hannigan*, 729 F. App'x 25, 30 (2d Cir. 2018)(in Eighth Amendment excessive force case, holding that the district court did not err by including a proximate cause instruction, and rejecting argument that proximate cause is not an element of an excessive force claim); *Clarett v. Roberts*, 657 F.3d 664, 672-73 (7th Cir. 2011)(district court instructed that to recover against defendant, plaintiff had the burden of proving that defendant used excessive force, that plaintiff suffered injury or harm, and that defendants use of excessive force was the proximate cause of her injury or harm, appellate court rejected argument that excessive force instruction improperly required her to prove that injury or harm occurred as a result of the excessive force).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GULSTAN E. SILVA, JR., as Personal Representative of the Estate of Sheldon Paul Haleck,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER CHUNG; SAMANTHA CRITCHLOW; AND STEPHEN KARDASH, in their individual capacities,<br><br>    Defendants. | CIVIL NO. CV15-00436 HG/KJM<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I hereby certify that, on May 13, 2019 and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses as shown below.

**Served Electronically through CM/ECF**:

    ERIC A. SEITZ, ESQ.               eseitzatty@yahoo.com
    DELLA A. BELATTI, ESQ.          daubelatti@yahoo.com
    SARAH R. DEVINE, ESQ.           srdevine@gmail.com
    GINA SZETO-WONG, ESQ.        szetogina@gmail.com
    820 Mililani Street, Suite 714
    Honolulu, Hawaiʻi 96813

    Attorneys for Plaintiff
    GULSTAN E. SILVA, JR., as Personal Representative of
    the Estate of Sheldon Paul Haleck

DATED:  Honolulu, Hawaiʻi, May 13, 2019.

           PAUL S. AOKI
           Acting Corporation Counsel

By:  /s/ Traci Rei Morita
      TRACI REI MORITA
      MITSUKO TAKAHASHI
      NICOLETTE WINTER
      Deputies Corporation Counsel

      Attorneys for Defendants
      CHRISTOPHER CHUNG, SAMANTHA
      CRITCHLOW, AND STEPHEN KARDASH