IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GULSTAN E. SILVA, JR., as Personal Representative of the Estate of Sheldon Paul Haleck, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER CHUNG; SAMANTHA CRITCHLOW; AND STEPHEN KARDASH, <br><br> Defendants. | Civil No. 15-00436 HG-KJM |

**ORDER #2 ON DEFENDANTS' MOTIONS IN LIMINE**

<u>**DEFENDANTS' MOTION IN LIMINE NO. 1**</u>

**MOTION TO EXCLUDE EXPERT OPINIONS BY RICHARD LICHTEN (ECF No. 271) is <u>DENIED</u>**

Defendants' Motion in Limine No. 1 seeks to exclude Plaintiff's expert on police practices, Mr. Richard Lichten, on the basis that he is not qualified to provide expert opinions.

Federal Rule of Evidence 702 provides that "scientific, technical, or other specialized knowledge" by a qualified expert is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702.

The United States Supreme Court held in <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579, 589 (1993) that the District Court has

1

a gatekeeping responsibility to objectively screen expert testimony to ensure that it is not only relevant, but reliable. The District Court's obligation applies to technical and other specialized knowledge as well as testimony based on scientific knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141-42 (1999).

The Ninth Circuit Court of Appeals has explained that expert testimony is relevant if the evidence logically advances a material aspect of the party's case. Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463-64 (9th Cir. 2014). The Court must consider if an expert's testimony has a reliable basis in the knowledge and experience of the relevant discipline. Kumho, 526 U.S. at 149.

Expert opinion evidence that logically advances a material aspect of the party's case or is helpful to the jury is relevant. Cooper v. Brown, 510 F.3d 870, 942 (9th Cir. 2007). An expert's testimony need not go to an ultimate issue to be relevant pursuant to Federal Rule of Evidence 702. Smith v. Ford Motor Co., 215 F.3d 713, 721 (7th Cir. 2000).

Mr. Lichten bases his expert opinions upon his thirty years of experience and the written policies of the Honolulu Police Department. Mr. Lichten has been certified as an expert by numerous federal and state courts in the field of police practices. The Court finds that Mr. Lichten has the requisite

skill, education, training, and experience to testify as an expert about police practices.

Qualified experts, such as Mr. Lichten, may testify about police practices and whether the particular actions of a police officer in a given situation comports with law enforcement's standards. M.R. v. City of Azusa, 2014 WL 12839737, *8 (C.D. Cal. Oct. 1, 2014) (finding Mr. Lichten was permitted to provide expert testimony about police practices standards and whether a reasonable officer would have acted as the defendant officer in the situation at issue); Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005) (admitting expert testimony that relied on a department's written standards and training in discussing whether the officers' conduct comported with the law enforcement's standards).

Mr. Lichten may not testify, however, about facts that are not in evidence. Defendants argue that Mr. Lichten's report is based on facts that do no exist, specifically that Haleck was dragged by the Defendant Officers and that the Taser's probes actually penetrated Haleck's skin. Mr. Lichten is precluded from testifying about such information if there is no evidentiary basis presented at trial.

Mr. Lichten also may not testify as to the ultimate legal conclusion as to whether an individual Defendant Officer used excessive force in violation of the Fourth Amendment to the

United States Constitution.

Defendants' Motion in Limine No. 1 To Exclude Expert Opinions By Richard Lichten (ECF No. 271) is **DENIED**.

**DEFENDANTS' MOTION IN LIMINE NO. 2**

**MOTION TO ENFORCE THE WITNESS EXCLUSIONARY RULE (ECF No. 272) is GRANTED**

Federal Rule of Evidence 615, known as the witness exclusionary rule, provides:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (a) a party who is a natural person;
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
>
> (d) a person authorized by statute to be present.

Fed. R. Evid. 615.

Defendants request to invoke the witness exclusionary rule.

Defendants' Motion in Limine No. 2 To Invoke the Witness Exclusionary Rule (ECF No. 272) is **GRANTED**. Witnesses are excluded from sitting in the gallery of the courtroom until after they have completed their testimony. If there is a possibility of a witness being re-called for rebuttal or called by the

opposing side, the witness remains excluded. The attorneys for the Parties must obtain a waiver to the Witness Exclusionary Rule from the Court for any witness to be present in the Courtroom.

**DEFENDANTS' MOTION IN LIMINE NO. 3**

**MOTION TO ADMIT EVIDENCE OF PRIOR DRUG USE AND DRUG USE ON THE DAY OF THE INCIDENT (ECF No. 273)**

The ruling on Defendants' Motion in Limine No. 3 is set forth in the Court's Order #3 on Motions in Limine.

**DEFENDANTS' MOTION IN LIMINE NO. 4**

**MOTION TO ADMIT EVIDENCE OF HALECK'S ACCIDENTS AND INJURIES SUSTAINED ONE DAY PRIOR TO THE INCIDENT (ECF No. 274)**

The ruling on Defendants' Motion in Limine No. 4 is set forth in the Court's Order #3 on Motions in Limine.

**DEFENDANTS' MOTION IN LIMINE NO. 5**

**MOTION TO EXCLUDE REFERENCES TO OTHER INCIDENTS OF POLICE MISCONDUCT OR BRUTALITY (ECF No. 275) is GRANTED**

Defendants seek to preclude Plaintiff from introducing other unrelated incidents of police misconduct or alleged brutality as such evidence is irrelevant and prejudicial.

Plaintiff has not put forward any evidence that he seeks to introduce of other incidents or police misconduct or brutality. Plaintiff, however, opposes the Motion on the basis that he may

want to rebut the Defendants' contention that Tasers cannot cause serious injury or death.  He also claims that other incidents may be relevant for damages.

Other acts evidence is not admissible pursuant to Fed. R. Evid. 404(b) except for limited purposes such as knowledge and intent.  Plaintiff has not put forward any other incidents that he wishes to introduce as relevant or admissible pursuant to Fed. R. Evid. 401, 402, or 404(b).  In addition, such evidence is likely inadmissible as unduly prejudicial pursuant to Fed. R. Evid. 403.  Courts have regularly held that evidence of other unrelated incidents of police misconduct is inadmissible.  Duran v. City of Maywood, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (evidence of another unrelated shooting involving the officer defendant was not admissible as unduly prejudicial); Castro v. Cnty. of Los Angeles, 2015 WL 4694070, *11-*12 (C.D. Cal. Aug. 3, 2015) (evidence of police killings of civilians in other cases and the protests related thereto was inadmissible); Puckett v. Zamora, 2015 WL 3869662, *2 (E.D. Cal. June 23, 2015) (evidence of other unrelated incidents were inadmissible).

Defendants' Motion In Limine No. 5 To Exclude References To Other Incidents Of Police Misconduct Or Brutality (ECF No. 275) is **GRANTED**.

Plaintiff may not present other such incidents without providing notice and an opportunity for Defendants' to object

outside of the hearing of the jury.

**DEFENDANTS' MOTION IN LIMINE NO. 6**

**MOTION TO PRECLUDE PREJUDICIAL PICTURES (ECF No. 276) is GRANTED, IN PART**

Defendants seek to exclude unnecessarily gruesome and inflammatory pictures of the Decedent, including pictures of his brain, private parts, and other prejudicial matters.

Plaintiff specifically seeks to introduce the autopsy photos set forth in Exhibits 27 and 28 as he claims the exhibits contain the only images depicting the extent of the Decedent's injuries.

Relevant evidence is admissible unless its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Evidence is unfairly prejudicial when its probative value is outweighed because of its ability to appeal to the jury's sympathies, arouse jurors' sense of horror, provoke a jury's instinct to punish, and trigger other intense human reactions. WEINSTEIN'S FEDERAL EVIDENCE § 403.04[1][c]; Sanchez v. Jiles, 2012 WL 13005996, *5 (C.D. Cal. June 14, 2012) (explaining that autopsy photos have a strong possibility to inflame the juror's sympathies and excluding cumulative and inflammatory photos as prejudicial).

Defendants' Motion in Limine No. 6 (ECF No. 276) is **GRANTED, IN PART,** as to images that are unnecessary, cumulative, and inflammatory.

The Parties have agreed to review the numerous pictures they have included in the exhibits and provide the Court the actual pictures they wish to enter into evidence.

If the Parties cannot agree as to the photographs to present to the jury, the Court will rule on the specific photographs to be admitted into evidence.

**DEFENDANTS' MOTION IN LIMINE NO. 7**

**MOTION TO EXCLUDE ANY REQUEST FOR PUNITIVE DAMAGES, AND ANY ARGUMENT OR EVIDENCE OF INDEMNIFICATION (ECF No. 277) is GRANTED, IN PART, AND DENIED, IN PART**

Defendants seek to preclude evidence of indemnification of the Defendant Officers by the City and County of Honolulu. Defendants also seek to preclude evidence and argument relating to punitive damages against the Defendant Officers.

**A.   Indemnification**

Defendants' Motion in Limine No. 7 first requests to preclude any evidence or argument of indemnification of the individual Officers by the City and County of Honolulu for any damages award.

Plaintiff does not oppose this portion of the Motion and

agrees that evidence and argument about indemnification is impermissible.

**B. Punitive Damages**

Defendants' Motion also seeks to preclude Plaintiff from seeking punitive damages from the individual Defendant Officers based upon the rulings in the Court's June 28, 2017 Order on the Motions for Summary Judgment.

The Parties did not raise the issue of punitive damages against the Officers for an excessive force claim pursuant to 42 U.S.C. § 1983 in the Motions for Summary Judgment. The Court's Order on Summary Judgment only ruled on the issue of the Defendant Officers' conditional privilege pursuant to Hawaii state law. The Court found that there was no evidence of "actual malice" for purposes of conditional privilege. (Order at pp. 54-55, ECF No. 224).

The standard for punitive damages pursuant to Section 1983 is not limited to actual malice. Punitive damages in Section 1983 cases "mirrors the standard for punitive damages under common law tort cases." Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005). A "jury may award punitive damages under Section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." Id.

9

The Court reserves ruling on whether an instruction on punitive damages is necessary until after the evidence is presented at trial. The Parties may not reference punitive damages to the jury until a determination is made as to whether there is sufficient evidence to warrant putting the issue of punitive damages before the jury.

Defendants' Motion in Limine No. 7 To Exclude Any Request For Punitive Damages, And Any Argument Or Evidence Of Indemnification (ECF No. 277) is **GRANTED, IN PART.**

The Motion is granted as to evidence of indemnification. A ruling on the issue of punitive damages would be premature.

**DEFENDANTS' MOTION IN LIMINE NO. 8**

**MOTION TO PRECLUDE EVIDENCE OF OR REFERENCE TO UNPLEAD OR DISMISSED CLAIMS (ECF No. 278) is <u>GRANTED, IN PART, AND DENIED, IN PART</u>**

    **A.    Dismissed Claims Against The City and Other Defendants**

Defendants' Motion in Limine No. 8 seeks to preclude evidence relating to the claims that were dismissed as to the City and County of Honolulu and former Police Chief Louis Kealoha.

Plaintiff does not oppose Defendants' Motion No. 8 on these grounds.

### B. Evidence of Training Materials

Defendants' Motion also seeks to preclude evidence relating to the Honolulu Police Department's training. Such evidence is relevant and admissible as discussed in the ruling on Defendants' Motion in Limine No. 14 below.

### C. Evidence Of Deliberate Indifference

Defendants assert that Plaintiff should be precluded from presenting any evidence or argument of unplead claims, specifically claims for deliberate indifference to the Decedent's medical needs.

No claim for deliberate indifference against the three named Defendant Officers has been asserted. Plaintiff is precluded from making any arguments concerning deliberate indifference. Deliberate indifference claims are distinct and have completely different legal standards from excessive force claims. See e.g., Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016).

Here, Plaintiff's claim is limited to purported violations of the Fourth Amendment to the United States Constitution and the force used by the three Defendant Officers in relation to the incident of March 16, 2015. Any purported acts or omissions relating to a claim for deliberate indifference were never plead and are not an issue before the jury.

11

Defendants' Motion in Limine No. 8 To Preclude Evidence Or Reference To Unplead Or Dismissed Claims (ECF No. 278) is **GRANTED, IN PART, AND DENIED, IN PART.**

**DEFENDANTS' MOTION IN LIMINE NO. 9**

**MOTION TO PRECLUDE EVIDENCE OF SHELDON HALECK'S FEELINGS (ECF No. 279) is GRANTED, IN PART**

Defendants seek to exclude evidence as to the Decedent's feelings.

Plaintiff opposes the Motion and argues that such evidence is relevant to damages, including the Decedent's pain and suffering.

Pursuant to Federal Rule of Evidence 701, a lay witness may provide testimony in the form of an opinion if it is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

A lay witness may not speculate and may not state what he or she believes the Decedent may have been thinking or feeling with respect to the March 16, 2015 incident.

Defendants' Motion in Limine No. 9 To Preclude Evidence Of Sheldon Haleck's Feelings (ECF No. 279) is **GRANTED, IN PART.**

The lay witnesses may testify as to their own perceptions and own observations including whether they observed the Decedent appear to experience pain. <u>Moreno v. Los Angeles Cnty. Sheriff's Dept.</u>, 2015 WL 4652637, *8 (C.D. Cal. Aug. 3, 2015) (citing <u>Jones v. Warmee</u>, 225 F.2d 258, 260 (9th Cir. 1955)(lay witnesses are competent to testify to observed pain and suffering caused by injuries)).

**DEFENDANTS' MOTION IN LIMINE NO. 10**

**MOTION TO EXCLUDE ALL TESTIMONY AND EVIDENCE OF PERSONAL LOSS EXPERIENCED BY INDIVIDUALS OTHER THAN SHELDON HALECK (ECF No. 280) is GRANTED**

In the Court's June 28, 2017 Order, it ruled that the only remaining Plaintiff is Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck.

Plaintiff concedes that he is not seeking any damages on behalf of any other party. Damages are limited to the Estate of the Decedent. The family members of the Decedent may testify as to the loss experienced by the Decedent and his Estate, including compensatory damages and hedonic damages that are relevant for the jury.

Defendants' Motion in Limine No. 10 To Exclude All Testimony And Evidence Of Personal Loss Experienced By Individuals Other Than Sheldon Haleck (ECF No. 280) is **GRANTED.**

**DEFENDANTS' MOTION IN LIMINE NO. 11**

**MOTION TO EXCLUDE ALL LAY TESTIMONY REGARDING THE EXISTENCE OF TASER WOUNDS, MARKS, AND PROBES AND/OR ANY WITNESS WITHOUT PERSONAL KNOWLEDGE THAT SHELDON HALECK WAS TASERED, AND/OR REASONABLENESS OF THE USE OF FORCE (ECF No. 281) is GRANTED**

Defendants seek to preclude any lay witness from providing opinion testimony about the use of Tasers, the Officers' use of force, and whether a Taser caused marks and wounds on the Decedent's body. Specifically, Defendants seek to preclude such testimony from the Decedent's father who was an agent with the Drug Enforcement Administration. The Decedent's father was never noticed as an expert witness and did not provide an expert report.

The matters involving police practices and the use of Tasers are matters which require specialized or technical knowledge that require expert testimony. Fed. R. Evid. 702.

Such testimony requires disclosure pursuant to Fed. R. Civ. P. 26.

The Decedent's father was not disclosed as an expert and may not testify as an expert regarding Tasers, use of force, or police practices.

Testimony as to a Taser wound or mark on the Decedent's body requires either expert testimony or lay opinion testimony based on personal observation. A lay witness may testify as to a Taser mark based on his or her own personal observation such as that a

Taser probe caused the mark.  Fed. R. Evid. 701.  There is no evidence that the Decedent's father was present at the scene of the incident or personally observed a Taser probe cause any specific marks on the Decedent's body.  There must be an offer of proof to establish a basis for the Decedent's father to testify about the existence of marks or wounds that were caused by a Taser before he is allowed to testify to such information.

Defendants' Motion in Limine No. 11 To Exclude All Lay Testimony Regarding The Existence Of Taser Wounds, Marks, And Probes And/Or Any Witness Without Personal Knowledge That Sheldon Haleck Was Tasered, And/Or Reasonableness Of The Use Of Force (ECF No. 281) is **GRANTED.**

**DEFENDANTS' MOTION IN LIMINE NO. 12**

**MOTION TO EXCLUDE INFLAMMATORY DESCRIPTIONS OF DECEDENT'S DEATH (ECF No. 282) is GRANTED**

Defendants seek to preclude Plaintiff from arguing or eliciting testimony that the Decedent was "murdered" or was the victim of a criminal act.

Defendants also seek to preclude Plaintiff from eliciting testimony from any non-expert witnesses as to the term "homicide."

Plaintiff agrees to instruct his witness not to use inflammatory terms or phrases.

The meaning of "homicide" for purposes of this case is

limited to the autopsy report and the death certificate.  The term "homicide" cannot be put before the jury until the term has been explained by the medical experts Dr. Christopher Happy and/or Dr. Stacey Hail.  Only the two qualified medical experts may explain the meaning of "homicide" within the context of the autopsy report and the death certificate.

Defendants' Motion in Limine No. 12 To Exclude Inflammatory Descriptions Of Decedent's Death (ECF No. 282) is **GRANTED.**

### DEFENDANTS' MOTION IN LIMINE NO. 13

**MOTION TO EXCLUDE QUEENS MEDICAL CENTER DOCTORS AND NURSES FROM OPINING ON CAUSE OF DEATH OR THE EXISTENCE OF TASER PROBE WOUNDS OR MARKS (ECF No. 283) is GRANTED, IN PART, AND DENIED, IN PART**

Defendants seek to preclude testimony from the Queen's Medical Center doctors and nurses who treated the Decedent.  Defendants claim that any testimony from Queen's Medical Center Staff would have been required to be disclosed pursuant to Fed. R. Civ. P. 26 and subject to Daubert.

A treating physician is not considered an expert witness if he or she testifies about personal observations.  Davoll v. Webb, 194 F.3d 116, 1138 (10th Cir. 1999).  A physician or nurse may testify regarding factual matters appropriate for a lay witness such as the presence of swelling or bruising following an accident.  Bryan v. Whitfield, 2015 WL 11109792, *2 (N.D. Fla. July 15, 2015); see Reardon v. Progressive Northwestern Ins. Co.,

2011 WL 13234275, *2 (W.D. Wash. Mar. 31, 2011).

Here, the treating doctors and nurses from Queen's Medical Center may testify as to their personal observations. The staff members may not provide expert testimony as they were not disclosed as experts and did not provide expert reports. The staff may testify about treatment of the Decedent following the incident on March 16, 2015, including the existence of Taser probe wounds if such information is based on their personal observations.

Defendants' Motion in Limine No. 13 To Exclude Queens Medical Center Doctors And Nurses From Opining On Cause Of Death Or The Existence Of Taser Probe Wounds Or Marks (ECF No. 283 is **GRANTED, IN PART, AND DENIED, IN PART.**

### DEFENDANTS' MOTION IN LIMINE NO. 14

**MOTION TO EXCLUDE ANY EVIDENCE OR TESTIMONY REGARDING HPD POLICY OR TRAINING (ECF No. 284) is DENIED**

Defendants' Motion in Limine No. 14 seeks to preclude any evidence as to the Defendant Officers' training.

Plaintiff opposes the Motion. Plaintiff asserts that although there is not a negligent training cause of action remaining against the City, evidence as to the Defendant Officers' training is relevant.

The evidence of the Honolulu Police Department's policies and training of the Defendant Officers before the incident is

17

relevant and admissible.  Specifically, the evidence is relevant to the Defendant Officers' understanding of the protocols for use of force and the core issues at trial.

Plaintiff agrees that there will be no evidence of any changes to the Honolulu Police Department's policies or training after the incident and no evidence of any subsequent remedial measures.

Defendants' Motion in Limine No. 14 To Exclude Any Evidence Or Testimony Regarding HPD Policy Or Training (ECF No. 284) is **DENIED.**

## CONCLUSION

Defendants' Motion in Limine No. **1** To Exclude Expert Opinions By Richard Lichten (ECF No. 271) is **DENIED.**

Defendants' Motion in Limine No. **2** To Invoke the Witness Exclusionary Rule (ECF No. 272) is **GRANTED.**

Defendants' Motion In Limine No. **5** To Exclude References To Other Incidents Of Police Misconduct Or Brutality (ECF No. 275) is **GRANTED.**

Defendants' Motion in Limine No. **6** (ECF No. 276) is **GRANTED, IN PART,** as to the images that are unnecessary, cumulative, and inflammatory.

Defendants' Motion in Limine No. **7** To Exclude Any Request For Punitive Damages, And Any Argument Or Evidence Of

Indemnification (ECF No. 277) is **GRANTED, IN PART** .

Defendants' Motion in Limine No. **8** To Preclude Evidence Or Reference To Unplead Or Dismissed Claims (ECF No. 278) is **GRANTED, IN PART, AND DENIED, IN PART.**

Defendants' Motion in Limine No. **9** To Preclude Evidence Of Sheldon Haleck's Feelings (ECF No. 279) is **GRANTED, IN PART.**

Defendants' Motion in Limine No. **10** To Exclude All Testimony And Evidence Of Personal Loss Experienced By Individuals Other Than Sheldon Haleck (ECF No. 280) is **GRANTED.**

Defendants' Motion in Limine No. **11** To Exclude All Lay Testimony Regarding The Existence Of Taser Wounds, Marks, And Probes And/Or Any Witness Without Personal Knowledge That Sheldon Haleck Was Tasered, And/Or Reasonableness Of The Use Of Force (ECF No. 281) is **GRANTED.**

Defendants' Motion in Limine No. **12** To Exclude Inflammatory Descriptions Of Decedent's Death (ECF No. 282) is **GRANTED.**

Defendants' Motion in Limine No. **13** To Exclude Queens Medical Center Doctors And Nurses From Opining On Cause Of Death Or The Existence Of Taser Probe Wounds Or Marks (ECF No. 283 is **GRANTED, IN PART, AND DENIED, IN PART.**

Defendants' Motion in Limine No. **14** To Exclude Any Evidence Or Testimony Regarding HPD Policy Or Training (ECF No. 284) is **DENIED.**

IT IS SO ORDERED.

Dated: May 21, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

---