IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

GULSTAN E. SILVA, JR., as          )   Civil No. 15-00436 HG-KJM
Personal Representative of the     )
Estate of Sheldon Paul Haleck,     )
                                   )
              Plaintiff,           )
                                   )
         vs.                       )
                                   )
CHRISTOPHER CHUNG; SAMANTHA        )
CRITCHLOW; AND STEPHEN KARDASH,    )
                                   )
                                   )
              Defendants.          )
_____)

                  **ORDER #3 ON MOTIONS IN LIMINE**


**PLAINTIFF'S MOTION IN LIMINE NO. 5**

**MOTION TO BAR ALL EVIDENCE OF SHELDON HALECK'S PRIOR CRIMES, MISCONDUCT, WRONGS OR ACTS, AND ANY ACTS OF JESSICA HALECK NOT RELEVANT TO THE EVENTS OF MARCH 16, 2015 (ECF No. 286) is GRANTED, IN PART, AND DENIED, IN PART**


**DEFENDANTS' MOTION IN LIMINE NO. 3**

**MOTION TO ADMIT EVIDENCE OF PRIOR DRUG USE AND DRUG USE ON THE DAY OF THE INCIDENT (ECF No. 273) is GRANTED**


**DEFENDANTS' MOTION IN LIMINE No. 4**

**MOTION TO ADMIT EVIDENCE OF HALECK'S ACCIDENTS AND INJURIES SUSTAINED ONE DAY PRIOR TO THE INCIDENT (ECF No. 274) is GRANTED, IN PART, AND DENIED, IN PART**

                                 1

The Parties seek rulings on the admission of evidence relating to:

(1) allegations the Decedent was involved in multiple motor vehicle accidents on March 15, 2015;

(2) injuries the Decedent received as a result of the multiple motor vehicle accidents on March 15, 2015;

(3) the arrest of the Decedent on March 15, 2015, for a charge of refusal to obey an officer's order to stop his vehicle in relation to the motor vehicle accidents;

(4) on March 15, 2015, the Decedent struggled with police officers when arrested;

(5) the charge of Resisting Arrest on March 15, 2015;

(6) the Decedent being under the influence of drugs during the incidents on March 15, 2015;

(7) the Decedent being under the influence of drugs on March 16, 2015, during the subject incident;

(8) the Decedent's history of substance abuse;

(9) the Decedent's history of mental illness;

(10) the Decedent's behavior in August 2014 which triggered a call to law enforcement and subsequent hospitalization for psychiatric care;

**DAMAGES EVIDENCE**

(11) the Decedent's history of substance abuse and mental illness;

(12) the Decedent's marriage.

I. **ADMISSION OF RELEVANT EVIDENCE**

Evidence is relevant if it has any tendency to make a fact more or less probative than it would be without the evidence and the fact is of consequence in determining the issues at trial.

2

Fed. R. Evid. 401.  Only relevant evidence is admissible.  Fed. R. Evid. 402.

Relevant evidence is inadmissible when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Plaintiff has brought an excessive force claim pursuant to 42 U.S.C. § 1983.  Plaintiff seeks to prove that the Defendant Officers used excessive force when they arrested the Decedent on March 16, 2015.  Plaintiff claims that the Decedent died as a result of the force used by the Defendant Officers.

> **1. Allegations The Decedent Was Involved In Multiple Motor Vehicle Accidents On March 15, 2015**

Evidence that on March 15, 2015, the day before the arrest, the Decedent was in multiple car accidents is relevant to the physical condition of the Decedent on the following day March 16, 2015.

The series of car accidents is also probative of the mental state of the Decedent as related to the Defendants' theory of the case.  Defendants claim that the Decedent was in a state of excited delirium that was triggered by the previous events including those on March 15, 2015.  Evidence that the Decedent was in numerous car accidents is relevant to the Decedent's

3

physical condition on March 16, 2015.  Evidence showing a continuing pattern of recklessness over the 24-hour period is relevant to the Decedent's state of mind on March 16, 2015.  It corroborates the Defendants' testimony and the Defendants' expert's Excited Delirium Syndrome theory.  Defendants claim that the Decedent's altered mental state on March 15, 2015 continued through the incident on March 16, 2015.  Defendants claim that on the day prior to the subject incident, the Decedent continued driving his vehicle after being involved in numerous collisions.  They assert that the Decedent was in such a state of excited delirium and that he did not acknowledge the damage caused to his vehicle or others.

Evidence that the Decedent's excited delirium began on the night of March 15, 2015 and continued throughout the subject incident on March 16, 2015 is relevant to the Defendants' theory of the case.  The evidence supports the Defendant Officers' claim that on March 16, 2015, the Decedent refused to obey commands and acted irrationally.  The evidence is probative as to the Decedent's continued failure to acknowledge both that he was placing himself in dangerous situations and that he was placing others in danger due to his behavior.

The Defendants must make an offer of proof as to how the evidence will be put before the jury to allow the Court to weigh the probative value of the evidence against the danger of unfair

prejudice.

### 2. Injuries The Decedent Received As A Result Of The Multiple Motor Vehicle Accidents On March 15, 2015

Evidence the Decedent was injured and received medical treatment on March 15, 2015 is probative as to the source of the Decedent's injuries on March 16. The Defendant Officers seek to introduce evidence that before the Defendant Officers interacted with the Decedent on March 16, 2015, the Decedent already had contusions, abrasions, and other injuries that he received as a result of the multiple car accidents on March 15, 2015.

There are disputed questions as to origin and cause of the Decedent's injuries. There are disputes about specific marks on the Decedent's body and the cause of those marks, specifically whether the marks were caused by a Taser dart or were injuries incurred on March 15, 2015. The fact that the Decedent required medical treatment the night before his encounter with the Defendant Officers is highly probative as to the source of the Decedent's various injuries.

Evidence of his prior injuries is also relevant to the Defendants' theory of excited delirium. The Decedent's medical records are relevant and admissible for the defense of Excited Delirium Syndrome. Lass v. Cnty. of Orange, 2010 WL 11561183, at *5 (C.D. Cal. Sept. 17, 2010) (admitting the decedent's medical records for purposes of the defense theory of Excited Delirium

5

Syndrome).

The March 15, 2015 medical records must be limited to relevant information and should omit any unfairly prejudicial information.  The Court will review the Defendants' redacted version of the March 15, 2015 medical records to weigh the probative value against any remaining prejudicial information.

> **3. The Arrest Of The Decedent On March 15, 2015, For A Charge Of Refusal To Obey An Officer's Order To Stop His Vehicle In Relation To The Motor Vehicle Accidents**

In excessive force cases, the relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham v. Connor, 490 U.S. 386, 397 (1989) (citations omitted).  Evidence regarding a decedent's prior criminal history may be relevant and admissible in an excessive force case if the officers were aware of such information at the time of the incident.  Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995).

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is inadmissible to prove character or criminal propensity but is admissible for other purposes such as proof of intent, plan, or knowledge.  Fed. R. Evid. 404(b). The probative value of other acts evidence must be balanced with its prejudicial effect pursuant to Fed. R. Evid. 403.

Here, there is no evidence that the Defendant Officers were aware of the Decedent's prior criminal history or the fact that he was arrested on March 15, 2015, the day before the subject incident.

Defendants contend, however, that on the night prior to the subject incident the Decedent was arrested for refusing to obey an order to stop his vehicle.

The fact that the Decedent was arrested for failing to obey an officer's order is not admissible to demonstrate the Decedent's character. Castro v. Cnty. of Los Angeles, 2015 WL 4694070, at *3 (C.D. Cal. Aug. 3, 2015) (citing Old Chief v. United States, 519 U.S. 172, 181 (1997) (explaining that character evidence creates the risk that a jury will convict a criminal defendant because he is a bad person who deserves punishment)).

### 4. On March 15, 2015, The Decedent Struggled With Police Officers When Arrested

Defendants claim that a security guard and police officers encountered the Decedent on March 15, 2015, following his car accidents. Defendants claim that the Decedent refused to comply with the officers' commands. Defendants state that when placed under arrest, the Decedent physically struggled with the officers.

Defendants claim the evidence is probative of their theory

7

of the cause of death concerning Excited Delirium Syndrome. Defendants assert that physical struggle with officers and the Decedent's heightened state and erratic behavior show symptoms relied upon by Dr. Stacey Hail in concluding that the Decedent's death was caused by methamphetamine-induced Excited Delirium Syndrome.

Defendants must make an offer of proof of the evidence they would seek to admit if they wish to admit the physical struggle on March 15, 2015 to allow the Court to weigh the probative value against any prejudice. The Defendants must seek permission from the Court before any such evidence may be presented to the jury.

**5. The Charge Of Resisting Arrest On March 15, 2015**

Evidence that the Decedent was charged with resisting arrest on March 15, 2015 is relevant to the Defendants' theory that he died as a result of methamphetamine induced Excited Delirium Syndrome. Defendants' theory is that the Decedent was in such a state of delirium that he did not obey officers' commands and engaged in a struggle with officers when they detained him. The evidence is relevant to the Decedent's physical condition on March 16, 2015. Evidence that the Decedent was charged with resisting arrest the previous night may be relevant to the Decedent's intent, state of mind, and mental condition on March 16, 2015. See Boyd v. City & Cnty. Of San Francisco, 576 F.3d

8

938, 944-47 (9th Cir. 2009).

If Defendants wish to put into evidence the charge of resisting arrest on March 15, 2015, they must put forward an offer of proof and the basis for the admission of such evidence to allow the Court to weigh its probative value against any unfair prejudice.

### 6. The Decedent Being Under The Influence Of Drugs On March 15, 2015

Defendants seek to introduce evidence that the Decedent was under the influence of methamphetamine on March 15, 2015.

Defendants' theory of the case is that the Decedent used methamphetamine over the 24-hour period between March 15, 2015 and March 16, 2015. Defendants claim that the Decedent was in a state of excited delirium that was induced by methamphetamine use during that time period. Defendants assert that the Decedent's abuse of drugs continued through to the night of the subject incident and was the main contributing factor to his cause of death based on Excited Delirium Syndrome.

Evidence as to the Defendant's drug use on March 15, 2015 is relevant and admissible as to the Decedent's mental condition and the Defendants' theory of the cause of death on March 16, 2015. Garlick v. Cnty. of Kern, 2016 WL 1461841, at *2 (E.D. Cal. Apr. 14, 2016) (finding expert testimony about the cause and effect of the drug and alcohol use in regards to the decedent's demeanor

9

and cause of death was admissible in an excessive force case).

### 7. The Decedent Being Under The Influence Of Drugs On March 16, 2015, During The Subject Incident

Defendants seek to introduce evidence of the Decedent being under the influence of methamphetamine on March 16, 2015, during the subject incident.

Evidence of a decedent's intoxication is generally not admissible in determining the use of force by an officer unless the officer suspected intoxication. See Hayes v. Cnty. of San Diego, 736 F.3d 1223, 1232 (9th Cir. 2013). Evidence of intoxication is admissible if it corroborates the defendant officer's version of events before the use of force. In Boyd v. City & Cnty. Of San Francisco, 576 F.3d 938, 949 (9th Cir. 2009), the Ninth Circuit Court of Appeals held that evidence that the decedent was under the influence of drugs was admissible because it corroborated the officers' version of events. Such evidence is admissible where the officers stated that they believed the suspect was intoxicated or under the influence of drugs. T.D.W. v. Riverside Cnty., 2010 WL 1006618, at *3 (C.D. Cal. Mar. 11, 2010) (finding evidence of decedent's intoxication admissible where deputy alleged he suspected the decedent was on drugs).

Here, the Defendant Officers stated that they believed the Decedent might be under the influence of drugs prior to their use of force. Evidence that the Decedent was, in fact, under the

10

influence of methamphetamine is admissible to corroborate the Defendant Officers' version of events.

The evidence is also admissible for purposes of the defense theory of the case that the Decedent died as a result of methamphetamine-induced Excited Delirium Syndrome. Lass, 2010 WL 11561183, at *5.

**8. The Decedent's History Of Substance Abuse**

Defendants' expert, Dr. Stacey Hail, has provided an expert report that explains the basis for her conclusion that the Decedent died as a result of methamphetamine-induced Excited Delirium Syndrome.

Specifically, Defendants' expert explains that Decedent's history of drug abuse was a major factor contributing to his Excited Delirium Syndrome.

Such evidence is highly probative and admissible for the Defendants' theory of cause of death in this case. Lass, 2010 WL 11561183, at *5.

Plaintiff does not oppose admission of the Decedent's history of drug abuse.

**9. The Decedent's History Of Mental Illness**

Defendants' expert explains that Decedent's history of mental illness and use of mental illness medications contributed to the Decedent having Excited Delirium Syndrome.

Such evidence is highly probative and admissible for the Defendants' theory of cause of death in this case. Lass, 2010 WL 11561183, at *5.

Plaintiff does not oppose admission of the Decedent's history of mental illness and use of mental illness medications.

**10. The Decedent's Behavior In August 2014 Which Triggered A Call To Law Enforcement And Subsequent Hospitalization For Psychiatric Care**

Defendants seek to admit evidence of an August 2014 encounter the Decedent had with law enforcement officers. According to the Defendants, police were called to the August 2014 incident where the Decedent was behaving erratically. Defendants state that as a result of the incident the Decedent was hospitalized for psychiatric care.

As explained previously, the Decedent's history of mental illness is relevant and admissible to the Defendants' theory of the case and the expert's testimony regarding Excited Delirium Syndrome. Defendants explain that their expert relied on the August 2014 incident and refers to it as a "flicker" episode that is indicative of Excited Delirium Syndrome.

Defendants must make an offer of proof as to how they would prove the August 2014 incident if they seek to put it before the jury in order to allow the Court to weigh the probative value against any undue prejudice.

**II. DAMAGES EVIDENCE**

Neither Party sought to bifurcate the trial between liability and damages. (Pla.'s Final Pretrial Conf. Statement at p. 17, ECF No. 257; Def.'s Final Pretrial Conf. Statement at p. 21, ECF No. 258).

Plaintiff must first prevail on the excessive force claim and demonstrate that the Defendant Officers acted unreasonably and used excessive force. Only if causation is found can the jury award damages. Plaintiff then has the burden of proving damages by a preponderance of the evidence.

### **Section 1983 Does Not Address Damages: State Law Applies**

42 U.S.C. § 1983 does not "address directly the question of damages." Carey v. Piphus, 435 U.S. 247, 255 (1978). In survival actions, 42 U.S.C. § 1988(a) requires the application of state-law survival remedies in Section 1983 cases unless those remedies are inconsistent with the Constitution and laws of the United States. Jefferson v. City of Tarrant, Ala., 522 U.S. 75, 79 (1997) (citing Robertson v. Wegmann, 436 U.S. 584, 588-90 (1978)); see Erickson v. Camarillo, 2017 WL 2335659, *4 (D. Ariz. May 30, 2017).

Hawaii's survival statute, Haw. Rev. Stat. § 663-7, allows the legal representative of the estate to bring a cause of action arising out of a wrongful act, neglect, or default and "any

13

damages recovered shall form part of the estate of the deceased."
Two types of damages are generally available pursuant to Hawaii's
survival remedies.

<u>First</u>, damages for future earnings are available. Haw. Rev.
Stat. § 663-8. "[T]he legal representative of the deceased
person may recover where applicable under section 663-7 the
future earnings of the decedent in excess of the probable cost of
the decedent's own maintenance and the provision the decedent
would have made for the decedent's actual or probable family and
dependents during the period of time the decedent would have
likely lived but for the accident." <u>Id.</u>

<u>Second</u>, noneconomic damages, also known as hedonic damages,
on behalf of the deceased are available. Haw. Rev. Stat. § 663-
8.5; <u>Castro v. Melchor</u>, 414 P.3d 53, 64 (Haw. 2018). Such
damages are defined as follows:

> (a) Noneconomic damages which are recoverable in
> tort actions include damages for pain and
> suffering, mental anguish, disfigurement,
> loss of enjoyment of life, loss of
> consortium, and all other nonpecuniary losses
> or claims.
>
> (b) Pain and suffering is one type of noneconomic
> damage and means the actual physical pain and
> suffering that is the proximate result of a
> physical injury sustained by a person.

Haw. Rev. Stat. § 663-8.5.

Plaintiff seeks damages for the following:

(1) the injuries sustained by the Decedent that were caused
by the Defendant Officers' alleged use of excessive

14

>    force;
>
> (2) the pain and suffering the Decedent felt for the injuries caused by the Defendant Officers' alleged use of excessive force; and,
>
> (3) the Decedent's death that Plaintiff claims was caused by the Defendants Officers' alleged use of excessive force.

The Decedent's life expectancy and enjoyment of life are necessary factors in determining damages for Plaintiff's Section 1983 claim.

The trier of fact is allowed to consider a wide range of factors in making its life expectancy calculations, including the plaintiff's health, habits, lifestyle, occupation, and activities. Cotton v. City of Eureka, Cal., 2010 WL 5154945, at *7 (N.D. Cal. Dec. 14, 2010); see Hawaii Civil Jury Instruction 8.7 ("life expectancy of plaintiff [] may be considered by you in determining the amount of damages, if any, which he [] should receive for permanent injuries and future expenses and losses").

**11. History Of Substance Abuse And Mental Illness As To Damages**

Defendants are able to inquire with witnesses about the Decedent's quality of life, including his history of drug abuse and mental illness for purposes of damages.

The Decedent's history of drug abuse and mental health treatment are relevant to the issue of life expectancy, occupation, and enjoyment of life. Castro, 2015 WL 4694070, at

15

\*7; Quarles v. Cusumano, Civ. No. 05-00630 KSC, 2007 WL 4699062, \*2 (D. Haw. June 8, 2007) (admitting evidence of the plaintiff's prior drug use in a Section 1983 trial as to damages).

**12. The Decedent's Marriage**

Plaintiff has withdrawn any request for a damages award in relation to the Decedent's marriage to Jessica Haleck.

## CONCLUSION

Plaintiff's Motion in Limine No. 5 to Bar All Evidence of Sheldon Haleck's Prior Crimes, Misconduct, Wrongs Or Acts, And Any Acts Of Jessica Haleck Not Relevant To The Events Of March 16, 2015 (ECF No. 286) is **GRANTED, IN PART, AND DENIED, IN PART.**

Defendants' Motion in Limine No. 3 To Admit Evidence Of Prior Drug Use And Drug Use On The Day Of The Incident (ECF No. 273) is **GRANTED.**

Defendants' Motion in Limine No. 4 To Admit Evidence Of Haleck's Accidents And Injuries Sustained One Day Prior To The Incident (ECF No. 274) is **GRANTED, IN PART, AND DENIED, IN PART.**
//
//
//
//

IT IS SO ORDERED.

Dated: May 29, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Gulstan E. Silva, Jr. as Personal Representative of the Estate of Sheldon Haleck v. Christopher Chung; Samathan Critchlow; and Stephen Kardash, Civil No. 15-00436 HG-KJM; **ORDER #3 ON MOTIONS IN LIMINE**

17