# MINUTES

| | |
|---|---|
| CASE NUMBER: | CV NO. 15-00436 HG-KJM |
| CASE NAME: | Gulstan E. Silva, Jr. As personal representative of the Estate of Sheldon Paul Haleck v. Christopher Chung; Samantha Critchlow; and Stephen Kardash |
| ATTYS FOR PLAINTIFF: | Eric A. Seitz, Esquire<br>Della A. Belatti, Esquire<br>Gina May Szeto-Wong, Esquire |
| ATTYS FOR DEFENDANT: | Traci Rei G. Morita, Esquire<br>Mitsuko Takahashi, Esquire<br>Nicolette Winter, Esquire |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Gloria Bediamol |
| DATE: | 6/3/2019 | TIME: | 10:00am-11:30am |

COURT ACTION:  EP: STATUS CONFERENCE

Discussion held.

## I. **Punitive Damages**

Plaintiff's Oral Motion with respect to Punitive Damages is **DENIED**.

The Court will issue a written order.

## II. **Plaintiff's Rule 50(a) Motion For Judgment As A Matter Of Law**

A motion for judgment as a matter of law may be granted only if there is no legally sufficient basis for a reasonable jury to find for the moving party on their claim. Costa v. Desert Palace, Inc., 299 F.3d 838, 859 (9th Cir. 2002). The Court must draw all reasonable inferences in favor of the non-moving party and may not make credibility determinations or weigh the evidence. Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1217 (9th Cir. 2001).

The question of excessive force in this case turns on whether the officers' actions were objectively reasonable in

1

light of the facts and circumstances confronting them. Graham v. Conor, 490 U.S. 386, 397 (1989).

Plaintiff's counsel argued in his Rule 50(a) Motion that the Court should find in his favor as to liability based on the Ninth Circuit Court of Appeals' decision that was previously issued in this case.

Plaintiff misunderstands the Ninth Circuit Court of Appeals' decision. On July 10, 2018, the Ninth Circuit Court of Appeals issued an unpublished Memorandum decision. The appellate court never reviewed the question of the Defendants' liability for excessive force. Rather, the appellate court affirmed the district court's denial of qualified immunity and remanded for further proceedings. In its decision, the appeals court held that viewing the evidence in the light most favorable to the Plaintiff, there were factual issues as to whether the Defendant Officers were entitled to qualified immunity.

The appellate court was required to construe the record in the light most favorable to the Plaintiff in its decision on qualified immunity. An appellate court is unable to find facts. The appeals court specifically found that "there is a factual issue for the jury whether [Defendant Officers'] use of force violated both the Forth Amendment and clearly established law" which must be decided first before determining whether the Defendant Officers are entitled to qualified immunity. Silva v. Chung, 740 Fed. Appx. 883, 887 (9th Cir. 2018).

Plaintiff claims that there are no factual differences between the record at trial and the record before the Ninth Circuit Court of Appeals in its review of qualified immunity. Plaintiff is incorrect.

The following are some examples of evidence presented at trial and not present in the case at the time of summary judgment:

(1) There was no evidence from eyewitness bystanders concerning the severity of the traffic on King Street, and whether it posed a threat to the Officers, motorists, bystanders or the Decedent;

(2) There was no evidence from eyewitness bystanders as to the Decedent's appearance, behavior, and

2

       refusal to obey officers' commands;

(3) There was no evidence from eyewitness bystanders that the Decedent actively evaded the Defendant Officers;

(4) There was no evidence that a Honolulu City Bus passed through the street where the Defendant Officers were attempting to detain the Decedent;

(5) There was no evidence that cars were lined up behind the bus when the Defendant Officers were attempting to detain the Decedent;

(6) There was no evidence or expert opinion by Dr. Stacey Hail;

(7) There was no evidence that the day prior to the incident the Decedent was in multiple car accidents and received injuries and medical treatment as a result;

(8) There was no evidence that the Decedent had an extended history of substance abuse;

(9) There was no evidence of the Decedent's history of mental illness.

The Court finds that there are sufficient facts upon which a reasonable jury could find the Defendant Officers acted reasonably and did not use excessive force.

Plaintiff's Motion for Judgment as a Matter of Law (ECF No. 366) is **DENIED**.

### III. Defendants' Rule 50(a) Motion For Judgment As A Matter Of Law

Defendant's renewed Motion for Judgment as a Matter of Law (ECF No. 365) is **DEFERRED PENDING THE JURY VERDICT**.

### IV. Special Verdict Form

Discussion held as to the Court's proposed verdict form.

Defendants request a question regarding causation.

3

The Court to review the Defendants request and provide the Parties with a Proposed Special Verdict Form to review.

## V.  Jury Instructions

Discussion held as to the Court's proposed jury instructions.

Plaintiff made oral objections to Proposed Jury Instruction 12, 13, and 14.

Defendants made oral objections to Proposed Jury Instruction 12 and 13.

The Court declines to give an instruction concerning the possibility that the decedent was emotionally disturbed as requested by Plaintiff for Jury Instruction 13.  The instruction is confusing as to how the jury is to construe a possibility of emotional disturbance in a case alleging unreasonable force.

The Honolulu Police Department's Training Policies did not provide instruction to the officers in a situation in which the officers had no prior knowledge that a person is emotionally disturbed.  The evidence concerning the exigent circumstances and calculus of reasonableness in this case required the Defendant Officers to make split-second judgments.  See Kisela v. Hughes,138 S.Ct. 1148, 1157 (2018); Graham v. Connor, 490 U.S. 386, 396-97 (1989).  The Parties may raise in closing arguments the issue of the behavior and appearance of Mr. Haleck when the officers encountered him.

The Parties pass the Court's proposed jury instructions with oral objections made in Court on the record.

## VI.  Closing Arguments

Plaintiff and Defendants indicated they will take one hour to conduct closing arguments, including rebuttal arguments.

Plaintiff shall submit any visual aids he intends to use during closing before 3:00 p.m. today.

Further Jury Trial (Day 7) set for Tuesday, June 4,

2019 at 9:00 a.m. before the Honorable Helen Gillmor.

Submitted by: Rachel Sharpe, Courtroom Manager