ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GULSTAN E. SILVA, JR., as )   CIV. NO. 15-00436 HG-KJM
Personal Representative of )
the Estate of Sheldon Paul )
Haleck, )
 )
            Plaintiff, )
 )                    FILED IN THE
 )              UNITED STATES DISTRICT COURT
      vs. )                DISTRICT OF HAWAII
 )
CHRISTOPHER CHUNG; SAMANTHA )              JUN 06 2019
CRITCHLOW; AND STEPHEN )           at __2__ o'clock and __30__ min. __M
KARDASH, )                   SUE BEITIA, CLERK
 )
            Defendants. )
_____ )

JURY INSTRUCTIONS

     The Court's jury instructions in the numerical order as read

to the jury are attached hereto.

     DATED: June 4, 2019, Honolulu, Hawaii.



                              HELEN GILLMOR
                         United States District Judge

JURY INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case and you will shortly hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party.  This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

JURY INSTRUCTION NO. 3

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening and closing statements, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

JURY INSTRUCTION NO. 4

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

JURY INSTRUCTION NO. 5

During the course of a trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

JURY INSTRUCTION NO. 6

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

JURY INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory, candor, fairness, and intelligence;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes

different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

JURY INSTRUCTION NO. 9

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

JURY INSTRUCTION NO. 10

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that, at some other time, the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

JURY INSTRUCTION NO. 11

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

JURY INSTRUCTION NO. 12

Under the Fourth Amendment to the United States
Constitution, a person has the right to be free from an
unreasonable seizure of his person.   Plaintiff alleges that
Defendant Christopher Chung and/or Defendant Samantha Critchlow
and/or Defendant Stephen Kardash deprived Sheldon Paul Haleck
("the decedent") of his right under the Fourth Amendment to be
free from the use of excessive force.

In order to prevail on his Section 1983 claim against
Defendant Christopher Chung and/or Defendant Samantha Critchlow
and/or Defendant Stephen Kardash for violation of the decedent's
Fourth Amendment rights, plaintiff must prove each of the
following elements by a preponderance of the evidence:

1.   Defendant Christopher Chung and/or Defendant
     Samantha Critchlow and/or Defendant Stephen
     Kardash acted under color of law;

2.   Defendant Christopher Chung and/or Defendant
     Samantha Critchlow and/or Defendant Stephen
     Kardash seized the decedent's person;

3.   in seizing the decedent's person, Defendant
     Christopher Chung and/or Defendant Samantha
     Critchlow and/or Defendant Stephen Kardash acted
     intentionally; and,

4.   the seizure was unreasonable.

A person acts "intentionally" when the person acts with
a conscious objective to engage in particular conduct.
Therefore, the plaintiff must prove that a defendant officer

intended to an act that caused a seizure of the decedent's person.  Although the plaintiff does not need to prove that a defendant intended to violate the decedent's Fourth Amendment rights, it is not enough if the plaintiff only proves that the defendant acted negligently, accidentally, or inadvertently in conducting the seizure.

In order to be individually liable pursuant to Section 1983, an individual defendant must personally participate in the constitutional deprivation.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

The parties stipulate that the defendants acted under color of law in this case.

A defendant "seizes" a person when he restrains a person's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

JURY INSTRUCTION NO. 13

I will now discuss the fourth element, as to whether the seizure was unreasonable.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself, herself, or others.  In order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Defendant Christopher Chung and/or Defendant Samantha Critchlow and/or Defendant Stephen Kardash used excessive force when they performed acts to bring Sheldon Haleck into custody.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the Defendants Christopher Chung and/or Samantha Critchlow and/or Stephen Kardash who were at the scene, including:

(1) the nature of the crime or other circumstances known to a defendant officer at the time force was applied;

(2) whether the decedent posed an immediate threat to the safety of the defendant officers or to others;

(3) whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time a defendant officer had to determine the type and amount of force that appeared necessary, and any changing circumstances during that period;

(5) the type and amount of force used;

(6) the availability of alternative methods to take the decedent into custody or to subdue him;

(7) the number of lives at risk (motorists, pedestrians, police officers) and the Parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(8) whether it was practical for a defendant officer to give warning of the imminent use of force, and whether such warning was given;

(9) whether the decedent was compliant with the orders of the defendant officers.

JURY INSTRUCTION NO. 14

An officer is not required to use the least intrusive means when responding to a situation. The officer need only act within the range of reasonable conduct. The existence of an injury does not mean that a person's constitutional rights have been violated or that a police officer used excessive force.

Honolulu Police Department policies and training materials may be considered in the determination of whether a use of force is proper, however, such policies and/or training materials do not provide the constitutional standard. As stated, the constitutional standard is whether a use of force is objectively reasonable under the totality of the circumstances.

JURY INSTRUCTION NO. 15

The plaintiff has the burden of proving every essential element of his excessive force claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

Where more than one defendant is involved, as in this case, you should consider each defendant and the evidence pertaining to him or her, separately, as you would had each claim been tried before you separately; but in determining any fact in issue, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of plaintiff's excessive force claim, then the jury should find against the plaintiff on the excessive force claim.

JURY INSTRUCTION NO. 16

In order to establish that the acts of Defendant
Christopher Chung and/or Defendant Samantha Critchlow and/or
Defendant Stephen Kardash deprived the decedent of his particular
rights under the United States Constitution, the plaintiff must
prove by a preponderance of the evidence that Defendant
Christopher Chung and/or Defendant Samantha Critchlow and/or
Defendant Stephen Kardash's conduct was the cause of the
decedent's injuries.

To meet this causation requirement, the plaintiff must
establish both causation-in-fact and proximate causation.
Causation-in-fact requires proof that the decedent's injuries
would not have occurred but-for the acts of Defendant Christopher
Chung and/or Defendant Samantha Critchlow and/or Defendant
Stephen Kardash.  An act is a proximate cause of an injury if it
appears from the evidence that the injury was a reasonably
foreseeable consequence of the act.

JURY INSTRUCTION NO. 17

It is the duty of the Court to instruct you about the measure of compensatory damages.  By instructing you on compensatory damages, the Court does not mean to suggest for which party your verdict should be rendered.

The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by Defendant Christopher Chung and/or Defendant Samantha Critchlow and/or Defendant Stephen Kardash. You should consider the following:

1.   The nature and extent of the decedent's injuries;

2.   The loss of enjoyment of life by the decedent;

3.   The mental, physical, and emotional pain and suffering the decedent may have experienced;

4.   The reasonable value of necessary medical care, treatment, and services for the decedent;

5.   The reasonable value of wages, earnings, earning capacity, business opportunities, and employment opportunities lost to the decedent.

It is for you determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

JURY INSTRUCTION NO. 18


Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail in this case.

JURY INSTRUCTION NO. 19

Although there is more than one defendant in this suit, it does not follow from that fact alone that if one is liable all are liable.  Each defendant is entitled to a fair and separate consideration of that defendant's own defense and is not to be prejudiced by your decision as to the others.  All instructions given apply to the case against each defendant unless otherwise stated.

You will decide each defendant's case separately.

JURY INSTRUCTION NO. 20

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

JURY INSTRUCTION NO. 21

Some of you have taken notes during trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

JURY INSTRUCTION NO. 22

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

(Explain verdict form)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson.  The foreperson will then contact the Courtroom Manager via the telephone located in the hallway outside the jury room.  The Courtroom Manager will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.