IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GULSTAN E. SILVA, JR., as          )       Civil No. 15-00436 HG-KJM
Personal Representative of the     )
Estate of Sheldon Paul Haleck,     )
                                   )
            Plaintiff,             )
                                   )
        vs.                        )
                                   )
CHRISTOPHER CHUNG; SAMANTHA        )
CRITCHLOW; AND STEPHEN KARDASH,    )
                                   )
                                   )
            Defendants.            )
_____)

**ORDER ON PUNITIVE DAMAGES**

I.    **BACKGROUND**

      **A.    Defendants' Rule 50(a) Motion**

      On May 31, 2019, after all the evidence had been presented, the Defendants made an oral Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a).  The Defendants sought judgment as a matter of law in their favor on four issues:

      (1)   qualified immunity;

      (2)   liability for use of excessive force;

      (3)   causation; and,

      (4)   punitive damages.

      On the same date, the Defendants filed a written Motion in support of their oral Motion for Judgment As A Matter of Law.

1

(ECF No. 365).

### B.   Plaintiff's Rule 50(a) Motion

Also on May 31, 2019, Plaintiff made an oral Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a). Plaintiff sought a ruling that the Defendant Officers were liable for excessive force.  Plaintiff filed a written Memorandum in support of his oral motion.  (ECF No. 366).

Plaintiff also requested that the issue of punitive damages be put before the jury.

### C.   Court's June 3, 2019 Oral Rulings

At the hearing on June 3, 2019, the Court issued oral rulings on the Parties' Motions.

The Court **DENIED** the Plaintiffs' Rule 50(a) Motion.  The Court issued a Minute Order setting forth the basis for its denial of Plaintiff's Rule 50(a) Motion.  (ECF No. 367).

The Court **GRANTED** Defendants' Motion For Judgment As A Matter Of Law as to punitive damages thereby denying Plaintiff's request to put the issue of punitive damages before the jury.

The Court **DEFERRED RULING PENDING THE JURY VERDICT** on the remaining three portions of Defendants' Rule 50(a) Motion.

2

### D. Jury Verdict

On June 6, 2019, the jury returned a verdict in favor of the Defendants. (ECF No. 372). The jury found that the Defendants did not use excessive force in violation of the Fourth Amendment to the United States Constitution.

## II. DEFENDANTS' RULE 50(a) MOTION

### A. Fed. R. Civ. P. 50(a)

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides, as follows:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A)  resolve the issue against the party; and
>
> (B)  grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).

The standard for judgment as a matter of law mirrors that for granting summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000). The Court may not make credibility determinations or weigh evidence when ruling on a motion for judgment as a matter of law. Id. at 149. The Court must view the evidence in the light most favorable to the

nonmoving party and draw all reasonable inferences in that party's favor when evaluating a motion for judgment as a matter of law.  Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006).

A district court can grant a Rule 50(a) motion for judgment as a matter of law only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue. Krechman v. Cnty. of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013).

**B.   Defendants' Rule 50(a) Motion Is Moot Because The Jury Returned A Verdict In Their Favor**

The advisory committee's note (1991) to Fed. R. Civ. P. 50 explains that a jury verdict for the moving party moots any issue raised in a motion for judgment as a matter of law.

Courts have widely held that where the jury verdict is in favor of the moving party, the party's Rule 50(a) motion becomes moot.  Waters v. Howard Sommers Towing, Inc., 2014 WL 5846758, at *1 (C.D. Cal. Nov. 10, 2014) (finding that the jury returned a verdict in favor of the Defendant Officer Ochoa rendered his Rule 50(a) Motion moot); Sanders v. City of New York, 200 F.Supp.2d 404, 405 (S.D. N.Y. 2002) ("Upon the conclusion of their respective cases-in-chief, the parties cross-moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.  The City's motion for judgment as a matter of

law is now moot.  The jury returned verdicts in favor of the City on all claims.").

Here, the jury returned a verdict in favor of the Defendants.  The Defendants' Rule 50(a) Motion For Judgment As A Matter Of Law (ECF No. 365) is **MOOT**.

## III. THE WRITTEN BASIS FOR THE COURT'S ORAL RULING AT THE CLOSE OF EVIDENCE GRANTING DEFENDANTS' RULE 50(a) MOTION AS TO PUNITIVE DAMAGES ONLY

A defendant is entitled to judgment as a matter of law on the issue of punitive damages if the evidence and its inferences considered as a whole, and viewed in the light most favorable to the plaintiff, can only reasonably support a defense verdict on the question of punitive damages.  Ward v. City of San Jose, 967 F.2d 280, 286 (9th Cir. 1991).

Here, the jury returned a verdict in favor of the Defendants.  The issue of punitive damages is rendered moot by the jury's verdict.  Defendants were not found liable and Plaintiff was not awarded any damages by the jury, and therefore punitive damages are not available as a matter of law.  Jackson v. Lombardi, 2010 WL 3834012, *3 (N.D. Cal. Sept. 28, 2010) (explaining that, "It is axiomatic that there can be no punitive damages where compensatory damages have not been awarded," citing Deland v. Old Republic Life Ins. Co., 758 F.2d 1331, 1339 n.4 (9th Cir. 1985)) (internal quotation marks and brackets omitted).

Even though the issue of punitive damages is moot, the Court will briefly address the basis for the Court's oral ruling granting Defendants' Motion for Judgment As A Matter Of Law as to punitive damages.

**A.    Standard For Awarding Punitive Damages**

A jury may award punitive damages pursuant to 42 U.S.C. § 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.  Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005).

The United States Supreme Court has explained that malicious, wanton, or oppressive acts or omissions are necessary predicates for punitive damages pursuant to Section 1983.  Smith v. Wade, 461 U.S. 30, 56 (1983).  The jury may also be permitted to assess punitive damages in an action under Section 1983 when the defendant's conduct involves reckless or callous indifference to the federally protected rights of others.  Id.

When the plaintiff's theory for awarding punitive damages is based upon an alleged act of oppression and there is a foundation in the evidence for an instruction on this theory, the district court must give such an instruction.  Dang, 422 F.3d at 810-11.

**B.    There Is No Evidence To Support A Finding of Punitive Damages**

There is no evidence presented during the trial that would allow a reasonable jury to award punitive damages in this case.

**<u>Officers' Testimony</u>**

There is no testimony by any eyewitnesses to support Plaintiff's theory of the case.  Defendant Officers Chung, Critchlow, and Kardash testified.  The Officers' testimony is not a basis to find an evil motive or intent when they attempted to detain the Decedent on March 16, 2015.  Nor does their testimony support a finding that they acted with a reckless or callous indifference to the constitutional rights of the Decedent.

**<u>Eyewitness Testimony</u>**

Eyewitnesses Sandy Apana and Chad Kumagai testified as to the incident on March 16, 2015.  Their testimony does not support a finding that the Defendants acted with any reckless or callous indifference to the constitutional rights of the Decedent or that the Officers were driven by evil motive or intent.

**<u>Use Of Pepper Spray</u>**

There is no testimony that the Defendants' use of pepper spray had any effect on the Decedent.  The Decedent continued to

evade the Defendant Officers and continued to refuse to obey their commands despite the use of pepper spray.

## Use Of Taser

Taser expert Dr. Mark Kroll testified that the Decedent could have received a maximum of one second of shock from the Taser.  Dr. Kroll testified that the Taser did not cause any incapacitation of the Decedent.

The Taser videos show that the Taser did not cause any neuromuscular incapacitation of the Decedent.  The Decedent continued to freely move around after the deployments of the Taser.  The Decedent's muscles did not seize up as a result of the use of the Taser.

## Medical Expert Testimony

There is no medical testimony that the use of the Taser caused the Decedent's death.  Dr. Christopher Happy, the pathologist who conducted the autopsy, testified that the Taser did not play any part in the Decedent's death.

Medical expert Dr. Stacey Hail testified that the Taser did not play any part in the Decedent's death.

Dr. Irminne Van Dyken, a treating physician at Queen's Medical Center on the night of the incident, testified that she removed two Taser probes from the Decedent at the emergency room.

She testified that she had no basis to know how the probes got in the Decedent's back.  She stated that she did not know if the Taser was used, if it worked, or if it caused the Decedent to be incapacitated.  She was not called as an expert in this case and did not provide an opinion as to cause of death.

**Police Practices**

Police practices expert, Richard Lichten, testified in support of Plaintiff's theory of the case.  Mr. Lichten's testimony was limited to the issues of police practices and excessive force and did not address any malicious, oppressive, or reckless conduct that would allow the jury to award punitive damages.

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

Construed in the light most favorable to the Plaintiff, there is no evidence to provide a reasonable jury with a basis to find that the Defendant Officers acted wantonly, oppressively, maliciously, or with reckless disregard to the Decedent's rights. <u>Doi v. Aoki</u>, Civ. No. 10-00639 LEK-RLP, 2012 WL 3100179, *24 (D. Haw. July 27, 2012); <u>Ward</u>, 967 F.2d at 286 (finding judgment as a matter of law on punitive damages in an excessive force case was appropriate where there was "absolutely no evidence" to support an award of punitive damages).

IT IS SO ORDERED.

Dated: June 19, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

<u>Gulstan E. Silva, Jr. as Personal Representative of the Estate of Sheldon Haleck v. Christopher Chung; Samantha Critchlow; and Stephen Kardash</u>, Civil No. 15-00436 HG-KJM; **ORDER ON PUNITIVE DAMAGES**                    10