IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GULSTAN E. SILVA, JR., as the Personal Representative of the Estate of Sheldon Paul Haleck, | ) ) ) ) | CIVIL NO. 15-00436 HG-KJM |
| | ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S ITEMIZED BILL OF COSTS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CHRISTOPHER CHUNG; SAMANTHA CRITCHLOW; AND STEPHEN KARDASH, | ) ) ) | |
| Defendants. | ) ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA
CRITCHLOW, AND STEPHEN KARDASH'S ITEMIZED BILL OF COSTS**

On July 3, 2019, Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash (collectively, "Defendants") filed their Itemized Bill of Costs ("Bill of Costs"). ECF No. 379. On July 10, 2019, Plaintiff Gulstan E. Silva, Jr., as the Personal Representative of the Estate of Sheldon Paul Haleck ("Plaintiff") filed his Objections to Defendants' Bill of Costs ("Objection"). ECF No. 389. On July 17, 2019, Defendants filed their Reply. ECF No. 391.

The Court elected to decide the Bill of Costs without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After carefully considering the Bill of Costs,

the parties' memoranda, and the record established in this
action, the Court FINDS AND RECOMMENDS that the district court
GRANT IN PART AND DENY IN PART Defendants' Bill of Costs as set
forth below.

BACKGROUND

This case arises out of an incident involving Defendants
and Sheldon Paul Haleck ("Mr. Haleck") on March 16, 2015.
Plaintiff and Mr. Haleck's relatives filed the Second Amended
Complaint on March 10, 2017.  ECF No. 189.  The Second Amended
Complaint alleged that Defendants, Honolulu police officers,
seized Mr. Haleck and used excessive force when they arrested
him for disorderly conduct.  The Second Amended Complaint
alleged that Defendants used pepper spray and a Taser multiple
times against Mr. Haleck, who died following his arrest.  The
Second Amended Complaint alleged constitutional violations and
state law claims against Defendants, the City and County of
Honolulu, and former Honolulu police chief Louis Kealoha.

On June 28, 2017, the district court issued an order
regarding the parties' various motions for summary judgment
("June 28, 2017 Order").  ECF No. 224.  Pursuant to the June 28,
2017 Order, the district court granted summary judgment as to
all claims in the Second Amended Complaint, except Plaintiff's
42 U.S.C. § 1983 claim against Defendants in their individual
capacities for excessive force.  *See id.* at 63-66.  The parties

2

appealed, and the Ninth Circuit affirmed the district court's
June 28, 2017 Order.  ECF Nos. 240-44.

After a seven-day trial and two days of deliberations, a
jury returned a verdict in favor of Defendants as to Plaintiff's
excessive force claim.  Thus, on June 19, 2019, the district
court entered judgment in favor of Defendants.  ECF No. 378.  On
July 3, 2019, Defendants timely filed their Bill of Costs,
seeking an award of costs for $28,392.96.  *See* ECF No. 379 at 8.
The Bill of Costs includes a supporting declaration from
Defendants' counsel, Traci Morita, Esquire ("Morita
Declaration").  ECF No. 379-3.

DISCUSSION

Defendants request $28,392.96 in costs pursuant to Rule
54(d)(1) of the Federal Rules of Civil Procedure.  *See* ECF
No. 379-1.  Rule 54(d)(1) states that, "[u]nless a federal
statute, these rules, or a court order provides otherwise,
costs—other than attorney's fees—should be allowed to the
prevailing party."  "Thus, Rule 54(d) creates a presumption in
favor of awarding costs to prevailing parties, and it is
incumbent upon the losing party to demonstrate why the costs
should not be awarded."  *Stanley v. Univ. of S. Cal.*, 178 F.3d
1069, 1079 (9th Cir. 1999).

"The presumption itself provides all the reason a court
needs for awarding costs, and when a district court states no

3

reason for awarding costs, [the appellate court] will assume it acted based on that presumption." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  "To overcome this presumption, the losing party must 'establish a reason to deny costs.'"  *Seven Signatures Gen. Partnership v. Irongate Azrep BW LLC*, 871 F. Supp. 2d 1040, 1047 (D. Haw. 2012) (quoting *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006)).

I.    Defendants' Bill of Costs

While courts have discretion to award costs pursuant to Rule 54(d), "courts may only tax those costs defined in 28 U.S.C. § 1920." *Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (other citations omitted) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176 (9th Cir. 1990) (providing that § 1920 enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d))).  Section 1920 enumerates costs taxable to the prevailing party:

> (1)    Fees of the clerk and marshal;
>
> (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)    Fees and disbursements for printing and witnesses;
>
> (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)   Docket fees under section 1923 of this
          title;

    (6)   Compensation of court appointed experts,
          compensation of interpreters, and salaries,
          fees, expenses, and costs of special
          interpretation services under section 1828
          of this title.

28 U.S.C. § 1920.

Defendants' Bill of Costs seeks to recover costs for transcripts, witness fees, copying and printing costs, and fees of the clerk. The Court addresses Defendants' specific requests and Plaintiff's objection to each request in turn.

A.   Transcript Costs

Section 1920(2) allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  Defendants seek $21,731.90 for transcript costs.  This amount consists of (1) $7,819.00 for oral deposition transcripts, (2) $7,012.33 for written records transcripts, and (3) $6,900.57 for court proceeding transcripts.

1.   Oral Deposition Transcripts

Local Rule 54.2 limits an award for transcript costs to the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case . . . ."  LR54.2(f)(2).  In addition, Local Rule 54.2 provides that "[a] deposition need not be introduced in evidence

5

or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery." *Id.* Defendants request $7,819.00 for costs associated with obtaining twelve oral deposition transcripts and copies thereof. *See* ECF No. 379 at 2; ECF No. 379-4. The Morita Declaration states that "[a]t the time the depositions were taken, it was reasonably expected that the transcripts would be used for trial preparation and they were utilized for trial preparation." ECF No. 379-3 at ¶ 3.

Although Plaintiff does not specifically object to this request, the Court finds that some of the requested items are not recoverable costs. Specifically, in addition to transcript costs, Defendants seek the following for Richard Lichten's deposition: (1) $70.00 for two Exhibit CDs ($35.00 each); (2) $70.00 for two Exhibit flashdrives ($35.00 each); (3) $280.00 for a conference room; and (4) $14.00 for parking. *See* ECF No. 379-4 at 13. Regarding the Exhibit CDs and flashdrives, the Court finds that Defendants are only entitled to reimbursement for one copy of each. *See* LR54.2(f)(2). In addition, the Court finds that the costs for a conference room and parking for Mr. Lichten's deposition are not recoverable as

transcript costs.  The Court thus recommends that the district court reduce Defendants' award by $364.00.[1]

Based on the foregoing, the Court recommends that the district court award Defendants $7,455.00 for oral deposition transcript costs.

### 2.    Written Records Transcripts

Defendants request $7,012.33 for costs incurred to obtain copies of written records transcripts.  *See* ECF No. 379 at 3-4; ECF No. 379-5.  The Morita Declaration states that Defendants' counsel "reasonably expected that the records requested would be used for trial preparation and they were used for trial preparation."  ECF No. 379-3 at ¶ 4.

Plaintiff objects to $4,061.35 for seven out of the eighteen transcripts for which Defendants seek reimbursement. *See* ECF No. 389-1 at 7 (citing ECF No. 379-5 at 2, 3, 5, 7, 9-13, 16, 19).  Plaintiff objects to Defendants' request on the ground that the written records related to these transcripts "were non-Queen's Medical records that represented Mr. Haleck's medical treatment and history with substance abuse and mental illness prior to the police encounter at issue in this case[.]"

---

[1]  This amount consists of the following items associated with Mr. Lichten's deposition transcript invoice:  (1) $35.00 for one Exhibit CD; (2) $35.00 for one Exhibit flashdrive; (3) $280.00 for a conference room; and (4) $14.00 for parking.  *See* ECF No. 379-4 at 13.

ECF No. 389-1 at 7-8.  Plaintiff argues that the written records
were the "basis of Plaintiff's motion *in limine* no. 5 . . . ,
and Plaintiff ultimately agreed to acknowledge at trial in the
form of an admission that Mr. Haleck had a history of drug
abuse, mental illness, and used mental illness medications."
*Id.* at 8 (citing ECF No. 361 at 11-12).  Plaintiff thus contends
that the documents "were not essential to Defendants' defense."
*Id.*

   Whether the documents were essential to Defendants' case at
trial, however, is not relevant to the Court's inquiry.  As set
forth above, transcript costs for a deposition are recoverable
"so long as, at the time it was taken, it could reasonably be
expected that the deposition would be used for trial
preparation, rather than mere discovery."  LR54.2(f)(2).
Defendants' Reply asserts that the records "were used for trial
preparation, were extremely probative as to the issue of
damages, and . . . the parties ultimately agreed, mid-trial, to
a stipulation that was eventually read to the jury."  ECF
No. 391 at 10.

   Based on Defendants' assertion that the relevance of the
subject records remained an ongoing issue until mid-trial, and
Plaintiff's acknowledgement thereof, the Court finds that
Defendants reasonably expected that the depositions would be
used for trial preparation.  Accordingly, the Court recommends

that the district court award Defendants $7,012.33 in costs for
written records transcripts.

### 3.    Court Proceeding Transcripts

Defendants request $6,900.57 for costs of court proceeding
transcripts.  Of this amount, Defendants request $103.19 for a
hearing transcript.  Plaintiff objects to this request,
contending that it is unclear from the Bill of Costs to which
proceeding the transcript pertains.  Contrary to Plaintiff's
contention, however, Defendants submitted an invoice that
indicates that the transcript is of the June 14, 2017 hearing on
Defendant Louis M. Kealoha's Motion for Summary Judgment (ECF
No. 193), Plaintiffs' Amended Motion for Partial Summary
Judgment (ECF No. 195), Defendant City and County of Honolulu's
Amended Motion for Summary Judgment (ECF No. 199), Defendants
Christopher Chung, Samantha Critchlow, and Stephen Kardash's
Amended Motion for Summary Judgment (ECF No. 200) ("June 14,
2017 Hearing").  *See* ECF No. 379-6 at 2; ECF No. 223.

Defendants do not explain why the June 14, 2017 Hearing
transcript was necessary for use in the case.  After carefully
reviewing the record in this case, however, the Court notes that
the motions and argument heard at the June 14, 2017 Hearing
subsequently formed the basis of the parties' appeal to the
Ninth Circuit regarding the June 28, 2017 Order.  The Court thus
finds the June 14, 2017 Hearing transcript was necessarily

obtained for use in the case and Defendants are entitled to
recovery of $103.19 for costs thereof.

Defendants also request $6,797.38 for trial transcripts,
which the Morita Declaration asserts "were used during trial."
*See* ECF No. 379-6 at 3-11; ECF No. 379-3 at ¶ 5.  Plaintiff
objects to $5,424.65 of this request on the ground that
Defendants did not receive the subject transcripts until after
trial and thus, were not used during trial or necessarily
obtained for use in the case.[2]  ECF No. 389-1 at 6-7 (citing ECF
No. 379-6 at 5-11).  Defendants do not dispute this contention
in their Reply.  Indeed, the submitted invoices reflect that the
subject transcripts were not available until on or after June 4,
2019, the day of closing arguments.  Moreover, Defendants did
not order several of the subject transcripts until on or after
June 4, 2019.  *See* ECF No. 379-6 at 8-11.

The Court finds that Defendants fail to demonstrate why it
was necessary to order such transcripts.  The Court thus
recommends that the district court reduce Defendants request for
$6,797.38 by $5,424.65 and award Defendants $1,372.73 in costs
for trial transcripts.  Accordingly, the Court recommends that

---

[2]  This amount includes $302.46 for the transcript of a status
conference before the district court on June 3, 2019, the day
before the parties delivered their closing arguments, at which
the parties discussed trial matters.  *See* ECF No. 379-6 at 7;
ECF No. 367.

the district court award Defendants $1,475.92 for court
proceeding transcripts, which includes the cost of the June 14,
2017 Hearing transcript.[3]

In sum, the Court recommends that the district court award
Defendants $15,943.25 for transcript costs.[4]

B.   Witness Fees

Witness fees are taxable pursuant to § 1920(3).  Local Rule
54.2(f)(3) further specifies that "[p]er diem, subsistence, and
mileage payments for witnesses are allowable to the extent
reasonably necessary and provided for by 28 U.S.C. § 1821."
Section 1821 limits recovery of witness fees to $40.00 per day
and reasonable travel expenses "at the most economical rate
reasonably available" on a common carrier.  28 U.S.C. § 1821(b),
(c)(1); see also Clausen v. M/V New Carissa, 339 F.3d 1049, 1064
(9th Cir. 2003) (stating that witness fees are taxable costs
under § 1920(3), but are limited to forty dollars per day under
28 U.S.C. § 1821(b)).

Defendants request reimbursement for witness fees as
follows:  (1) $65.00 for Sandy Apana; (2) $45.00 for Chad
Kumagai; and (3) $53.00 for Verdell Haleck.  See ECF No. 379 at

---

[3]  $1,372.73 + $103.19 = $1,475.92

[4]  This amount consists of:  (1) $7,455.00 for oral deposition
transcripts; (2) $7,012.33 for written records transcripts; and
(3) $1,475.92 for court proceeding transcripts.

8; ECF No. 379-1 at 2.  Other than stating the amounts requested

for each witness, Defendants provide no information regarding

this request.  Neither the Bill of Costs nor the Morita

Declaration specify the dates on or the events for which such

costs were allegedly incurred.  Moreover, Defendants do not

provide evidence that they actually incurred these costs.  The

Court thus finds that Defendants are not entitled to recovery

for witness fees.  *See Kauhako v. State Bd. Of Educ. Dep't of

Educ.*, Civil No. 13-00567 DKW-KJM, 2016 WL 6806372, at *11 (D.

Haw. Oct. 28, 2016), *adopted by* 2016 WL 6803072 (D. Haw. Nov.

16, 2016) (finding and recommending the denial of the

plaintiff's request for witness fees because the plaintiff did

not provide documentation showing that she actually paid the

witnesses for their attendance at trial).

C.   Printing and Copying Costs

Printing and copying costs are taxable under § 1920.  *See*

28 U.S.C. § 1920(3), (4).  Local Rule 54.2(f) provides, in

relevant part:  "The costs of copies necessarily obtained for

use in the case is taxable provided the party seeking recovery

submits an affidavit describing the documents copied, the number

of pages copied, the cost per page, and the use of or intended

purpose for the items copied."  LR54.2(f)(4).

1.   Outside Printing and Copying

Defendants request $4,386.96 for outside printing and
copying costs incurred through Professional Image as follows:
(1) $4,021.94 for Invoice No. 640592; (2) $182.51 for Invoice
No. Q-649404; and (3) $182.51 for Invoice No. Q649418.[5]  *See* ECF
No. 379 at 5; ECF No. 379-7 at 3-5.  Plaintiff objects to
$4,204.45 of this amount, items (1) and (3), arguing that
Defendants' submissions do not sufficiently indicate for what
these costs were incurred, among other things.  *See* ECF No. 389-
1 at 7.  The Court agrees.

The Morita Declaration contains a general statement that
Defendants used the subject documents "in discovery matters and
for trial preparation."  ECF No. 379-3 at ¶ 6.  Defendants do
not, however, describe the documents scanned and printed by
Professional Image, as required by Local Rule 54.2(f)(4).  Nor
do Defendants provide any additional information regarding this
request in their Reply.  The Court thus finds that Defendants
fail to provide sufficient information to establish that such
copies were necessarily obtained for use in the case.

---

[5]  Defendants' Bill of Costs requests $4,422.96 for outside
copying costs.  Of this amount, $36.00 pertains to costs for
copies of jury cards, which the Court addresses separately in
detail.  Thus, the Court revises Defendants' request for outside
copying costs to $4,386.96.

Accordingly, the Court recommends that the district court deny Defendants' request for $4,204.45 for items (1) and (3) above.

Regarding item (2), Plaintiff appears to concede that this is a recoverable cost for a demonstrative aid Defendants used at trial. *See* ECF No. 389-1 at 7. Given the lack of objection from Plaintiff, the Court recommends that the district court award Defendant $182.51 for item (2), Professional Image Invoice No. Q-649404.

### 2. In-house Printing and Copying

Defendants also request $2,075.10 for in-house printing and copying costs, which consists of 13,834 pages printed/copied at the rate of $0.15 per page. *See* ECF No. 379 at 5-8. Plaintiff does not object to this request. After carefully reviewing the Bill of Costs, and given the lack of objection from Plaintiff, the Court finds that the prints/copies were necessarily obtained for use in the case and that Defendants' request is reasonable. *See* LR54.2(f)(4) ("[T]he practice of this court is to allow taxation of copies at $.15 per page . . . ."). The Court thus recommends that the district court award Defendants $2,075.10 for in-house printing and copying costs.

14

Based on the foregoing, the Court recommends that the district court award Defendants $2,257.61 for printing and copying costs.[6]

D.   Fees of the Clerk

Defendants seek reimbursement for $36.00 incurred for copies of jury cards.  *See* ECF No. 379 at 5.  Such costs are recoverable under § 1920(1) as a fee paid to the Clerk of Court. *See Tucker v. Perez*, Civil No. 09-00376 SOM-KSC, 2011 WL 1467779, at *4 (D. Haw. Mar. 28, 2011), *adopted by* 2011 WL 1467776 (D. Haw. Apr. 15, 2011) (citation omitted) (finding that § 1920(1) applies to a request for costs incurred for copies of jury cards).  Plaintiff objects to this request on the grounds that "it is not clear from either Defendants' counsel's declaration or the invoices themselves what these costs are for and/or whether these costs should be apportioned among other Defendant parties that were previously part of this case."  ECF No. 389-1 at 7.

Contrary to Plaintiff's assertion, however, the receipt Defendants submit in support of this request reflects that Defendants' counsel paid the Clerk's Office $36.00 for jury cards.  *See* ECF No. 379-7 at 3.  In addition, Plaintiff does not

---

[6]  This amount consists of:  (1) $182.51 for outside printing and copying costs; and (2) $2,075.10 for in-house printing and copying costs.

15

cite to any legal authority supporting his contention that whether Defendants' incurred costs should be apportioned among other defendants no longer parties to this case is relevant to the Court's consideration of the Bill of Costs.  The Court thus finds that Plaintiff's objections lack merit and Defendants are entitled to recover their costs paid to the Clerk for the jury cards.  Accordingly, the Court recommends that the district court award Defendants $36.00 for this cost.

II.  Plaintiff's Arguments Against an Award of Costs

      Notwithstanding the foregoing presumption of awarding a prevailing party its costs, the Ninth Circuit has previously recognized the following as appropriate reasons to deny costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties [collectively, the 'Escriba factors']." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citation omitted).  Plaintiff argues that all five Escriba factors are present in this case and weigh against awarding Defendants their costs.  See ECF No. 389-1 at 4.  The Court addresses each of the Escriba factors below.

16

A.    Substantial Public Importance

Plaintiff alleged that Defendants, Honolulu police officers, violated Mr. Haleck's constitutional rights by subjecting him to excessive force and causing his death. Although Mr. Haleck was the only civilian involved in the March 16, 2015 incident, the use of excessive force by police officers in general is an issue of substantial public importance.  The Court thus finds that this factor weighs in favor of denying costs.

B.    Closeness and Difficulty of the Issues

Plaintiff's Objection contends that "the issues in this case were both close and difficult[,]" and Plaintiff's claims "clearly had merit," given that Plaintiff's claims survived Defendants' motions for summary judgment and an interlocutory appeal to the Ninth Circuit.  *Id.* at 5.  Plaintiff also contends that "the issues were evidently difficult for the members of the jury to resolve to the extent that their verdict was not immediate and jury deliberations took two full days."  *Id.* Plaintiff cites to nothing in the record to support these contentions, which the Court finds vague and conclusory.

While many of the factual and legal issues in this case remained disputed through trial, the Court is not persuaded that the issues were so close and difficult to warrant denying Defendants their costs.

17

C.   Chilling Effect on Future Similar Actions

Plaintiff argues that awarding Defendants costs in this case will result in a "chilling effect" on future similar civil rights actions. *See* ECF No. 389-1 at 5.  "The Ninth Circuit Court of Appeals has recognized that the imposition of high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." *Marugame v. Johnson*, Civ. No. 11-00710 LEK-BMK, 2015 WL 456549, at *4 (D. Haw. Feb. 2, 2015) (citing *Stanley*, 178 F.3d at 1080).

After carefully considering Plaintiff's arguments, the Court finds that imposition of costs will not have a chilling effect on future litigants asserting excessive force claims because the costs accumulated in this case – as adjusted herein – after nearly four years of litigation and a jury trial, are not unreasonably high. *See Marugame*, 2015 WL 456549, at *4 (concluding that an award of $17,988.15 in favor of the defendants "after three years of unsuccessful litigation" was not unreasonably high so as to result in a chilling effect on future Title VII actions); *Haldeman v. Golden*, Civ. No. 05-00810 DAE-KSC, 2010 WL 2176089, at *1, 4 (D. Haw. May 28, 2010) (taxing costs in the amount of $22,235.08 against the plaintiffs after they unsuccessfully litigated their case for nearly four and a half years); *cf. Ass'n of Mexican-Am. Educators v. State of Cali.*, 231 F.3d 572, 593 (9th Cir. 2000) (finding that

18

$216,443.67 in costs is "extraordinarily high" and may discourage potential civil rights plaintiffs). "Exposure to and liability for a defendant's costs is a risk assumed by plaintiffs in litigation." *Tsun v. WDI Int'l, Inc.*, Civil No. 12-00051 LEK-KSC, 2013 WL 1901195, at *3 (D. Haw. Apr. 19, 2013), *adopted by* 2013 WL 1901322 (D. Haw. May 6, 2013). The Court thus finds that Plaintiff has not established that an award of costs in this case would chill future excessive force litigants.

D.   Limited Financial Resources

"Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." *Escriba*, 743 F.3d at 1248 (internal quotation marks omitted); *Stanley*, 178 F.3d at 1079 ("Indigency is a factor that the district court may properly consider in deciding whether to award costs."). "The burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." *Rossi v. City of Chicago*, 790 F.3d 729 (7th Cir. 2015) (citing *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)). In other words, to establish financial hardship that justifies denying a prevailing party its statutorily authorized costs, the objecting party must provide substantial documentation of his or her true

19

inability to pay.  *See Chapman v. Al Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000); *see also Tsun*, 2013 WL 1901195, at *3 ("The Court will not deprive Defendant of its entitlement to statutorily authorized costs as the prevailing party merely because Plaintiff asserts an unsupported claim of 'poverty[.]'").

The Objection asserts that Mr. Haleck's Estate "has no assets to satisfy any award of costs . . . except for the proceeds of a life insurance policy for whom the sole beneficiary is Mr. Haleck's now five-year old son."  ECF No. 389-1 at 6.  Plaintiff, however, submits no evidence, by way of declaration or otherwise, to support this assertion.  The Court thus finds that, without more, the Objection's bare assertion does not constitute substantial documentation of Plaintiff's (or Mr. Haleck's Estate's) financial hardship for purposes of the Bill of Costs.  *See Dixon v. State of Haw., Dep't of Educ.*, CIVIL NO. 16-00110 DKW-KJM, 2018 WL 3371589, at *5 (D. Haw. June 20, 2018), *adopted by* 2018 WL 3370518 (D. Haw. July 10, 2018) (finding that the plaintiff's bare assertion that her income had declined dramatically was insufficient to establish financial hardship for purposes of the defendant's bill of costs).

E.   Economic Disparity Between the Parties

The Objection contends that there is a "monumental gulf of disparity between Plaintiff's wealth and the financier of

20

Defendants' litigation costs in this matter, the City and County
of Honolulu." ECF No. 389-1 at 6. In response, Defendants
argue that "economic disparity alone is insufficient to deny
costs." ECF No. 391 at 10 (citation omitted). The Court
agrees. Even assuming a substantial economic disparity exists
between a private party and a city corporation, this factor
alone is insufficient to deny Defendants' Bill of Costs in this
case. *See Dixon*, 2018 WL 3371589, at *6 (finding that the
economic disparity between the plaintiff, a private citizen, and
the defendant, a state agency, was insufficient to deny costs).

     After carefully considering the *Escriba* factors and the
parties arguments thereto, the Court finds that although the
issues in this case were of substantial public importance, they
were not particularly close or difficult. The Court thus finds
that the *Escriba* factors, weighed together and separately, do
not constitute a sufficient basis to deny Defendants an award of
costs. The Court thus recommends that the district court award
Defendants costs as set forth herein.

                              CONCLUSION

     Based on the foregoing, the Court FINDS AND RECOMMENDS that
the district court GRANT IN PART AND DENY IN PART Defendants'
Bill of Costs. Specifically, the Court RECOMMENDS that the
district court tax costs in favor of Defendants as follows:

                                   21

| (A) Transcript Costs | $15,943.25[7] |
|---|---|
| (B) Printing and Copying Costs | $2,257.61[8] |
| (C) Fees of the Clerk | $36.00[9] |

---

**TOTAL**                                          **$18,236.86[10]**

The Court RECOMMENDS that the district court deny Defendants'
request for costs in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 7, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

*Gulstan E. Silva, Jr., as Personal Representative of the Estate
of Sheldon Paul Haleck v. Christopher Chung; Samantha Critchlow;
Stephen Kardash*, Civ. No. 15-00436 HG-KJM; **FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS
CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S
ITEMIZED BILL OF COSTS**

---

[7]  This amount consists of:  (1) $7,455.00 for oral deposition
transcripts; (2) $7,012.33 for written records transcripts; and
(3) $1,475.92 for court proceeding transcripts.

[8]  This amount consists of:  (1) $182.51 for outside printing and
copying costs; and (2) $2,075.10 for in-house printing and
copying costs.

[9]   This amount is for $36.00 paid to the Clerk's Office for
copies of jury cards.

[10]  This amount includes applicable GET to the extent Defendants
requested GET in the Bill of Costs.