IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GULSTAN E. SILVA, JR., as Personal Representative of the Estate of Sheldon Paul Haleck,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHRISTOPHER CHUNG; SAMANTHA CRITCHLOW; AND STEPHEN KARDASH,<br><br>    Defendants. | Civil No. 15-00436 HG-KJM |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S ITEMIZED BILL OF COSTS (ECF No. 392)**

**and**

**OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 393)**

On June 6, 2019, following a seven-day trial, the jury returned a verdict in favor of Defendants Christopher Chung, Samantha Critchlow, and Stephen Kardash.  (ECF No. 372).

On July 3, 2019, Defendants filed their Itemized Bill of Costs.  (ECF No. 379).

On July 10, 2019, Plaintiff Gulstan E. Silva, Jr., as Personal Representative of the Estate of Sheldon Paul Haleck filed Objections to the Defendants' Bill of Costs.  (ECF No. 389).

On July 17, 2019, Defendants filed their Reply.  (ECF No.

391).

On August 7, 2019, the Magistrate Judge issued FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S ITEMIZED BILL OF COSTS. (ECF No. 392).

On August 9, 2019, Plaintiff filed PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S ITEMIZED BILL OF COSTS. (ECF No. 393).

On August 23, 2019, Defendants filed DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S ITEMIZED BILL OF COSTS. (ECF No. 395).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

**STANDARD OF REVIEW**

28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit a findings and recommendation to the district court judge. Any party may object to a magistrate judge's findings and recommendation, pursuant to District of Hawaii Local Rule 74.2.

The district court judge shall make a de novo determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

## **ANALYSIS**

Plaintiff objects to the Magistrate Judge's Findings and Recommendation (ECF No. 393), recommending the District Court grant Defendants' costs in the amount of $18,236.86.

Plaintiff's Objections are raised in the Declaration of Plaintiff's counsel. (Declaration of Eric A. Seitz ("Seitz Decl."), attached to Pla.'s Objections, ECF No. 393-1).

Plaintiff makes the following objections to the Findings and Recommendation:

(1) Plaintiff argues that he cannot pay any costs because Plaintiff Gulstan E. Silva, Jr. sued the Defendants in his capacity as the Personal Representative for the Estate of Sheldon Paul Haleck. Plaintiff claims the Estate has no assets and does not have the capacity to pay any judgment or to reimburse any party for its costs (Seitz Decl. at ¶¶ 3-6, ECF No. 393-1);

(2) Plaintiff argues that the Defendants are not entitled to costs because they were represented by Corporation Counsel for the City and County of Honolulu and the City and County of Honolulu was not a defendant at trial (id. at ¶¶ 7-9);

(3) Plaintiff objects to Defendants' copying and printing costs on the basis that Defendants did not establish

that the costs were associated with trial, and not the prior interlocutory appeal (id. at ¶ 10);

(4) Plaintiff argues that any amount for costs should be offset or credited for "approximately $35,000 in fees and $5,000 in printing and other costs associated with the interlocutory appeal in which the plaintiff prevailed" (id. at ¶ 11); and,

(5) Plaintiff argues that the Findings and Recommendation should be denied pending the outcome of the appeal (id. at ¶ 12).

Defendants assert that a "declaration of counsel is an improper format for setting forth legal arguments and/or opinions." (Reply at p. 4, ECF No. 395) (citing Siriphone v. Acceptance Indem. Ins. Co., 2009 WL 2611278, *2 (S.D. Cal. Aug. 24, 2009) (explaining that "a party's counsel's declaration is not an appropriate vehicle for arguing the party's position.")).

The Court agrees. The Court, however, will evaluate the arguments set forth in counsel's declaration.

## I. Alleged Inability To Pay

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to the prevailing party. Ass'n of Mex-Am. Educators v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000). District courts have discretion to refuse or to reduce an award of costs, but it must specify reasons for its refusal to award costs. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014).

A plaintiff's limited financial resources may be an

4

appropriate reason for denying or decreasing an award of costs. Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016). Taxing costs is inappropriate where the award would render a party indigent, considering evidence presented by the party concerning its ability to pay and overall financial resources. Escriba, 743 F.3d at 1248; Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079-80 (9th Cir. 1999).

The Magistrate Judge specifically considered Plaintiff's financial status and determined that awarding costs was appropriate in this case. The Magistrate Judge explained that the "burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." (Findings and Recommendation at p. 19, ECF No. 392) (citing Rossi v. City of Chicago, 790 F.3d 729 (7th Cir. 2015) and Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006)).

In evaluating an objecting party's alleged inability to pay, courts review evidence including financial records, pay stubs, employment history, liens, loans, credit card debt, and other records to evaluate whether the objector has established a basis to rebut the presumption in favor of award costs. Draper, 836 F.3d at 1089. Requiring evidence by the objecting party is necessary because it allows for a proper and complete assessment

5

of the party's financial condition and avoids gamesmanship by providing incomplete or one-sided information.  Comprehensive analysis is required because "[r]eversing the presumption in favor of costs for every person or entity with debts would create an exception that would swallow the rule."  Rewind v. W. Union, LLC, 2017 WL 1025184, *5 (D. Or. Mar. 16, 2017).

The Magistrate Judge considered Plaintiff's general statement that the Estate lacked resources, but explained that Plaintiff "submits no evidence, by way of declaration or otherwise" to support his claim of indigence.  (Findings and Recommendation at p. 20, ECF No. 392).  Plaintiff's bare assertion of indigence in the Declaration of his attorney is insufficient to establish financial hardship for purposes of taxation of costs.  Dixon v. State of Haw. Dep't of Educ., Civ. No. 16-00110 DKW-KJM, 2018 WL 3371589, at *5 (D. Haw. June 20, 2018), *adopted by* 2018 WL 3370518 (D. Haw. July 10, 2018).

Defendants assert that Plaintiff's position that the Estate is unable to pay is contradicted by Plaintiff's testimony during his deposition.  Defendants submitted the transcript from the February 8, 2017 Deposition of Gulstan E. Silva, Jr., which provides as follows:

> Defs.' Counsel:   What happened with the remaining $60,000 of life insurance proceeds?
>
> Plaintiff:   **There is a balance still held in the insurance company account for possible litigation expenses with this**

>                          **litigation.**
>
> Def.'s Counsel:    So some of the expenses for this
>                    litigation may be paid out of the
>                    $60,000 held by the insurance company?
>
> Plaintiff:         **Yes.**

(Deposition of Plaintiff Gulstan E. Silva, Jr. at p. 23, attached as Ex. A to Defs.' Response, ECF No. 395-2) (emphasis added).

Plaintiff has utterly failed to address the evidence that the Estate has a balance still being held for litigation costs. Plaintiff has not provided any additional evidence to the District Court in his Objections to rebut the presumption that Defendants are entitled to costs.

Plaintiff's Objection based on alleged inability to pay is **OVERRULED**.

## II. Defendants' Representation By Corporation Counsel

Plaintiff objects to the Magistrate Judge's Findings and Recommendation, claiming that the costs Defendants seek were expended by the City and County of Honolulu. (Seitz Decl. at ¶¶ 7-8, ECF No. 393-1). Plaintiff argues that costs cannot be provided to the City and County of Honolulu because it was not a party. (Id.)

Plaintiff is correct that the City and County of Honolulu was not a party at trial. The Defendant Officers, however, are

the prevailing party for purposes of Fed. R. Civ. P. 54(d) and are entitled to their costs as provided by the Federal Rules of Civil Procedure. The source of the funds used for the initial payment of costs is irrelevant when awarding taxable costs to the prevailing party. Haldeman v. Golden, Civ. No. 05-00810 DAE-KSC, 2010 WL 2176089, *2 (D. Haw. May 28, 2010) (citing Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 638 (11th Cir. 1991)).

The fact that the Defendant Officers were represented by Corporation Counsel does not alter their status as prevailing parties or prevent them from recovering their costs. See Coloyan v. Badua, 256 Fed. Appx. 958, 959 (9th Cir. 2007) (upholding award of costs to defendant police officers William Badua, Jeffrey Omai, and Spencer Anderson as the prevailing party, who were represented by Corporation Counsel for the City and County of Honolulu).

Plaintiff's Objection based on Defendants' representation by Corporation Counsel is **OVERRULED**.

**III. Copying And Printing Costs**

The Magistrate Judge explained that printing and copying costs are taxable pursuant to 28 U.S.C. § 1920(3), (4), and awarded some of Defendants' copying and printing costs. (Findings and Recommendation at pp. 12-15, ECF No. 392).

Plaintiff objects to the copying and printing costs awarded

8

on the basis that "the City and County of Honolulu [has not] made any representations or provided assurances that the copying and printing costs for which it now seeks reimbursement are separate from and were not associated with the interlocutory appeal on which Mr. Silva prevailed and for which he is entitled to receive his costs and fees as the prevailing party."  (Seitz Decl. at ¶ 10, ECF No. 393-1).

Plaintiff's objection is wholly without merit.

First, the Magistrate Judge largely recommended denying Defendants' requests for costs.  Defendants do not object to that finding in the Findings and Recommendation.

Defendants requested $4,204.45 for outside copying costs. (Findings and Recommendation at p. 13, ECF No. 392).  The Magistrate Judge recommended denying the request due to lack of specificity in indicating the purposes for these copies and why they were incurred.  (Id. at pp. 13-14).

Second, Defendants requested $182.51 for printing costs for a demonstrative aid used at trial.  (Id. at p. 13).  The Magistrate Judge recommended granting the $182.51 for the demonstrative aid.  (Id. at p. 14).  There is no basis to Plaintiff's objection as to printing the demonstrative aid, as it is clearly related to trial.

Third, Defendants requested $2,075.10 for in-house printing and copying costs.  (Id. at p. 14).  Plaintiff did not object to

9

the request and the Magistrate Judge "carefully review[ed]" Defendants' Bill of Costs and found the costs taxable. (Id.) The in-house copying costs were all related to trial preparation including Trial Exhibits, witness lists, final pretrial statements, motions in limine, jury instructions, verdict forms, and trial briefs. (Defs.' Itemized Bill of Costs at pp. 5-8, ECF No. 379). Plaintiff's objection is wholly without merit.

Plaintiff's Objection to copying and printing costs is **OVERRULED**.

## IV. Plaintiff's Procedurally Defective And Untimely Request For Interlocutory Appeal Costs

Plaintiff requests "that the Court offset and credit Mr. Silva for approximately $35,000 in fees and $5,000 in printing and other costs associated with the interlocutory appeal in which the plaintiff prevailed." (Seitz Decl. at ¶ 11, ECF No. 393-1).

On July 10, 2018, the Ninth Circuit Court of Appeals issued its Memorandum Opinion. (ECF No. 241).

On September 18, 2018, the Ninth Circuit Court of Appeals issued its Mandate. (ECF No. 244).

Plaintiff did not file an Itemized and Verified Bill of Costs with the Ninth Circuit Court of Appeals Circuit Clerk within 14 days of the entry of judgment as required pursuant to Federal Rule of Appellate Procedure 39(d)(1).

The Ninth Circuit Court of Appeals has explained that claims

for costs should be filed properly after entry of judgment by the appellate court and that "Rule 39(d) sets forth a 14-day time limit in plain terms and its definite time limit must be scrupulously observed by litigants." Mollura v. Miller, 621 F.2d 334, 336 (9th Cir. 1980) (per curiam); Ninth Circuit Rule 39-1.4 ("Untimely cost bills will be denied unless a motion showing good cause is filed with the bill.").

Plaintiff's request for costs on his interlocutory appeal before this Court is improper and untimely pursuant to Fed. R. App. P. 39 and Ninth Circuit Rule 39-1.4. Hahn v. Waddington, 2017 WL 6756781, *1 (W.D. Wash. Aug. 30, 2017) (denying plaintiff's request in the district court for costs on his appeal, explaining that plaintiff was required to file a bill of costs with the Ninth Circuit Clerk of Court, not the district court, and recognizing that the appellate court denied his request for costs as untimely because his bill of costs was filed more than 14 days after the Ninth Circuit issued its memorandum disposing of the issues raised on appeal).

Plaintiff's Objection based on the interlocutory appeal is **OVERRULED**.

V.   **Stay On Appeal**

Plaintiff argues that the Findings and Recommendation should be denied pending appeal. Plaintiff presented no authority for

11

his argument that the taxation of costs should be denied because of his intent to file an appeal.

The Court declines to grant a stay of the Findings and Recommendation pending appeal. Ogden ex rel. Estate of Ogden v. Cty. of Maui, Civ. No. 06-00113 JMS-LK, 2008 WL 4527970 *2, at *9 (affirming the recommendation to deny a stay of taxation of costs pending appeal where plaintiff presented no basis for the stay aside from a pending appeal).

Plaintiff's Objection based on his intent to appeal is **OVERRULED**.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.2, the "FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS CHRISTOPHER CHUNG, SAMANTHA CRITCHLOW, AND STEPHEN KARDASH'S ITEMIZED BILL OF COSTS" (ECF No. 392) is **ADOPTED AS THE OPINION AND ORDER OF THIS COURT**.

//
//
//
//
//
//
//

The Objections do not contain any information that requires a change in the Findings and Recommendation of the Magistrate Judge.

Plaintiff's Objections to the Magistrate Judge's Findings and Recommendation (ECF No. 393) are **DENIED**.

IT IS SO ORDERED.

DATED: February 5, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge